ABRAHAM, FRUCHTER
   & TWERSKY, LLP
IAN D. BERG   (Bar No. 263586)
12526 High Bluff Drive, Suite 300
San Diego, CA 92130
Tel:   (858) 792-3448
Fax:   (858) 792-3449
*iberg@aftlaw.com*

*Counsel for Puerto Rico TRS
and Proposed Lead Counsel*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY BROWN, Individually and On Behalf of All Others Similarly Situated,<br><br>                       Plaintiffs,<br><br>   v.<br><br>CHINA INTEGRATED ENERGY, INC., GAO XINCHENG, ALBERT C. PU, and LI GAIHONG,<br><br>                       Defendants. | Case No. CV 11-02559-MMM<br><br>NOTICE OF MOTION, MOTION, AND MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF PUERTO RICO TRS FOR APPOINTMENT AS LEAD PLAINTIFF; AND APPROVAL OF ITS SELECTION OF LEAD COUNSEL<br><br>Date:     August 29, 2011<br>Time:    10:00 a.m.<br>Courtroom: 780 Roybal<br>Judge:   Margaret M. Morrow |

MOTION & MEMO. FOR APPOINTMENT AS LEAD PLAINTIFF
Case No. 11-02559-MMM

# NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that Puerto Rico Teachers Retirement System ("Puerto Rico TRS") will hereby move, on August 29, 2011, at 10:00 a.m., in Courtroom 780 of the Roybal United States Courthouse, 255 East Temple Street, Los Angeles, California 90012, for an order: (1) appointing Puerto Rico TRS as Lead Plaintiff pursuant to the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, *et seq.*; and (2) approving its selection of Abraham, Fruchter & Twersky, LLP ("Abraham, Fruchter & Twersky") as Lead Counsel.

This Motion is made on the grounds that Puerto Rico TRS timely filed this Motion, and is the "most adequate plaintiff" by virtue of possessing the largest financial interest of all purchasers of China Integrated Energy, Inc. ("China Integrated") securities during the period between March 31, 2010 and April 21, 2011, inclusive (the purported "Class Period," as alleged). Puerto Rico TRS also meets the requirements of Rule 23 of the Federal Rules of Civil Procedure because its claims are typical of the claims of other purchasers of China Integrated securities, and Puerto Rico TRS will fairly and adequately represent the interests of the other purchasers of China Integrated securities.

Further, Puerto Rico TRS has selected and retained Abraham, Fruchter & Twersky, an experienced and leading securities class action law firm that has been appointed sole or co-lead counsel in numerous complex securities class actions. Puerto Rico TRS thus seeks this Court's approval of its selection of Abraham, Fruchter & Twersky as Lead Counsel pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v).

# **TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES ................................................................................... ii

I.  PRELIMINARY STATEMENT ................................................................... 1

II. STATEMENT OF FACTS ............................................................................ 2

III. ARGUMENT ................................................................................................. 3

    A.  Puerto Rico TRS Should Be Appointed Lead Plaintiff ........................................................................................... 4

        1.  Puerto Rico TRS Has The Largest Financial Interest In The Relief Sought ................................................................................... 4

        2.  Puerto Rico TRS Otherwise Satisfies The Requirements Of Rule 23 .................................................... 4

    B.  The Court Should Approve Puerto Rico TRS's Selection Of Lead Counsel ......................................................... 6

IV. CONCLUSION ............................................................................................. 7

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*In re Cavanaugh*,
   306 F.3d 726 (9th Cir. 2002) ..................................................................................4

*Ferrari v. Gisch*,
   225 F.R.D. 599 (C.D. Cal. 2004)............................................................................4

*In re Fuqi Int.'l Sec. Litig.*,
   No. 10-cv-2515-DAB (S.D.N.Y.) ...........................................................................6

*Hanon v. Dataproducts Corp.*,
   976 F.2d 497, 508 (9th Cir. 1992) .........................................................................5

*Richardson v. TVIA, Inc.*,
   2007 U.S. Dist. LEXIS 28406 (N.D. Cal. Apr. 16, 2007)..................................4, 5

*Schwartz v. Harp*,
   108 F.R.D. 279 (C.D. Cal. 1985)............................................................................5

*Staton v. Boeing Co.*,
   327 F.3d 938 (9th Cir. 2003). .................................................................................5

*Tanne v. Autobytel, Inc.*,
   226 F.R.D. 659 (C.D. Cal. 2005)........................................................................4, 5

**STATUTES, RULES & REGULATIONS**

15 U.S.C. § 78(J)(B) ......................................................................................................1

15 U.S.C. § 78u-4(a), et. seq............................................................................... *passim*

17 C.F.R. § 240.10b-5....................................................................................................1

Fed. R. Civ. P. 23 .................................................................................................. *passim*

# MEMORANDUM OF POINTS AND AUTHORITIES

Puerto Rico Teachers Retirement System ("Puerto Rico TRS") respectfully submits this memorandum in support of its motion: (1) to be appointed as Lead Plaintiff, pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"); and (2) for approval of its selection of the law firm of Abraham, Fruchter & Twersky, LLP ("Abraham, Fruchter & Twersky") as Lead Counsel for the class.

## I.    PRELIMINARY STATEMENT

Currently pending in this District is the above-captioned securities class action (the "Action"), brought on behalf of all persons who purchased securities of China Integrated Energy, Inc. ("China Integrated," or the "Company") between March 31, 2010 and April 21, 2011, inclusive (the "Class Period"). The Action alleges violations of Section 10(b) of the Exchange Act as amended by the PSLRA, 15 U.S.C. § 78(J)(B), and Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5, against China Integrated and certain of its executive officers. The Action was initially filed on March 25, 2011, by shareholder Larry Brown, with an amended complaint enlarging the Class Period filed on May 6, 2011. On March 25, 2011, Mr. Brown published notice of the pendency of the Action to investors, which provided a deadline to seek Lead Plaintiff status by May 24, 2011.[1]

Pursuant to the PSLRA, this Court must appoint the "most adequate plaintiff" to serve as Lead Plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(i). In that regard, the Court is required to determine which movant has the "largest financial interest" in the relief sought by the class in this litigation and also makes a *prima facie* showing that it is an adequate class representative under Rule 23 of the Federal

---

[1] A copy of the notice issued by Mr. Brown is attached as Exhibit A to the Declaration of Ian D. Berg in Support of the Motion of Puerto Rico TRS for Appointment as Lead Plaintiff; And Approval of Its Selection of Lead Counsel (herein, the "Berg Decl.").

Rules of Civil Procedure.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).  For the reasons set forth below, Puerto Rico TRS believes that it is the "most adequate plaintiff" by virtue of its significant financial interest in China Integrated securities.[2]  Puerto Rico TRS further satisfies the relevant requirements of Rule 23 of the Federal Rules of Civil Procedure as its claims are typical of the other members of the proposed class, and it will fairly and adequately represent the class.

In this regard, Puerto Rico TRS is a sophisticated institutional investor with experience serving as a lead plaintiff on behalf of a class of investors.  Moreover, Puerto Rico TRS has selected and retained Abraham, Fruchter & Twersky, a law firm with substantial experience in prosecuting securities class actions, to serve as Lead Counsel for the class.  Accordingly, Puerto Rico TRS respectfully requests that the Court appoint it as Lead Plaintiff and otherwise grant its motion.

II.     STATEMENT OF FACTS[3]

China Integrated, based in Xi'an City, China, is an integrated energy company serving China and operating in three business segments:  the wholesale distribution of finished oil and heavy oil products, the production and sale of biodiesel, and the operation of retail gas stations.  The Company is headquartered in Delaware and its stock trades on the New York Stock Exchange.

On March 13, 2010, The Company issued its financial results for 2009.  Under the heading, "Related Party Transactions," the Company failed to disclose payments amounting to $35 million dollars made by the Company to entities owned and controlled by Gao Bo, the son of China Integrated chief executive officer ("CEO") Gao Xincheng.  The Company's subsequent financial statements filed with the U.S. Securities and Exchange Commission ("SEC") related to the

---

[2] A copy of the Certification of Puerto Rico TRS is attached to the Berg Decl. at Exh. B.

[3] As set forth and alleged in the First Amended Complaint in the above captioned Action.

first, second and third quarters of 2010 also failed to disclose the related party transactions and related payments.

On March 16, 2011, a purported research firm using the name "Sinclair Upton Research" published a report alleging that China Integrated concealed a number of related party transactions that had the effect of funneling Company cash and assets to its officers and directors, including transactions between the Company's CEO and his son Gao Bo. In addition, the Sinclair Upton Research report cited inconsistencies between financial reports and results filed with the China State Administration for Industry and Commerce ("SAIC") and those filed with the SEC. Following the Sinclair Upton Report, the price per share of China Integrated stock fell over 37%, to close at $3.77 on March 27, 2011, on unusually heavy trading volume.

On March 22, 2011, the Company issued a press release confirming certain related party transactions as revealed in the Sinclair Upton Research report. On this news, the price per share of China Integrated fell 10%, to close at $3.83 per share on March 23, 2011, on heavy trading volume. Subsequently, the Company announced that it retained a prominent law firm and public accounting firm to conduct an internal investigation. On April 21, 2011, trading in the Company's stock was halted at $1.84 per share, pending the investigation and request for information by the NASDAQ exchange.

III. ARGUMENT

The PSLRA permits any member of the class to move for appointment as Lead Plaintiff within 60 days of the publication of notice that the first action asserting substantially the same claims has been filed. *See* 15 U.S.C. § 78u-4(a)(3)(A). Puerto Rico TRS satisfies this deadline by making this motion.

### A. Puerto Rico TRS Should Be Appointed Lead Plaintiff

Puerto Rico TRS respectfully submits that it should be appointed Lead Plaintiff because it is the movant "most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B). The PSLRA establishes a presumption that the "most adequate plaintiff" is the movant that "has the largest financial interest in the relief sought by the class" and "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." *Id.*; *see also In re Cavanaugh*, 306 F.3d 726, 730 (9th Cir. 2002); *Tanne v. Autobytel, Inc.*, 226 F.R.D. 659 (C.D. Cal. 2005).

#### 1. Puerto Rico TRS Has The Largest Financial Interest In The Relief Sought

Puerto Rico TRS should be appointed Lead Plaintiff because it has the largest financial interest in the relief sought. 15 U.S.C. § 78u-4(a)(3)(B)(iii); *Cavanaugh*, 306 F.3d at 730; *see also* Berg Decl. at Exh. C. To the best of Puerto Rico TRS's knowledge, there are no other applicants who have sought, or are seeking, appointment as Lead Plaintiff that have a larger financial interest arising from the purchase China Integrated securities during the alleged Class Period. Accordingly, Puerto Rico TRS believes that it has the largest financial interest of any qualified movant seeking appointment as Lead Plaintiff.

#### 2. Puerto Rico TRS Otherwise Satisfies The Requirements Of Rule 23

In addition to possessing the largest financial interest in the outcome of the litigation, Puerto Rico TRS also satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. On a motion to serve as Lead Plaintiff, the movant must only make a preliminary showing that it satisfies the typicality and adequacy requirements of Federal Rule of Civil Procedure 23. *See Ferrari v. Gisch*, 225 F.R.D. 599, 606 (C.D. Cal. 2004) (citation omitted); *Richardson v.*

MOTION & MEMO. FOR APPOINTMENT AS LEAD PLAINTIFF                                          -4-
Case No. 11-02559-MMM

A. Puerto Rico TRS Should Be Appointed Lead Plaintiff

Puerto Rico TRS respectfully submits that it should be appointed Lead Plaintiff because it is the movant "most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B). The PSLRA establishes a presumption that the "most adequate plaintiff" is the movant that "has the largest financial interest in the relief sought by the class" and "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." *Id.*; *see also In re Cavanaugh*, 306 F.3d 726, 730 (9th Cir. 2002); *Tanne v. Autobytel, Inc.*, 226 F.R.D. 659 (C.D. Cal. 2005).

1. Puerto Rico TRS Has The Largest Financial Interest In The Relief Sought

Puerto Rico TRS should be appointed Lead Plaintiff because it has the largest financial interest in the relief sought. 15 U.S.C. § 78u-4(a)(3)(B)(iii); *Cavanaugh*, 306 F.3d at 730; *see also* Berg Decl. at Exh. C. To the best of Puerto Rico TRS's knowledge, there are no other applicants who have sought, or are seeking, appointment as Lead Plaintiff that have a larger financial interest arising from the purchase China Integrated securities during the alleged Class Period. Accordingly, Puerto Rico TRS believes that it has the largest financial interest of any qualified movant seeking appointment as Lead Plaintiff.

2. Puerto Rico TRS Otherwise Satisfies The Requirements Of Rule 23

In addition to possessing the largest financial interest in the outcome of the litigation, Puerto Rico TRS also satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. On a motion to serve as Lead Plaintiff, the movant must only make a preliminary showing that it satisfies the typicality and adequacy requirements of Federal Rule of Civil Procedure 23. *See Ferrari v. Gisch*, 225 F.R.D. 599, 606 (C.D. Cal. 2004) (citation omitted); *Richardson v.*

*TVIA, Inc.*, No. 06-07307, 2007 U.S. Dist. LEXIS 28406, *15 (N.D. Cal. Apr. 16, 2007), *citing Cavanaugh*, 306 F.3d at 730; *Autobytel*, 226 F.R.D. at 666 ("A wide ranging analysis is not appropriate to determine whether the movant has made a prima facie showing that he satisfies the requirements of Rule 23, and should be left for consideration on a motion for class certification.") (internal quotations and citation omitted).  Here, Puerto Rico TRS unquestionably satisfies both requirements.

Puerto Rico TRS's claims are typical of the claims of other purchasers of China Integrated securities.  Generally, the test of typicality "is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct."  *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992), *citing Schwartz v. Harp*, 108 F.R.D. 279, 282 (C.D. Cal. 1985).  Puerto Rico TRS's claims in this action arise from the very same course of conduct as the claims of the other members of the class – *i.e.*, the artificial inflation caused by defendants' false and misleading statements and consequent market correction of the price of China Integrated's publicly traded securities in response to the corrective disclosures.  *See Autobytel*, 226 F.R.D. at 667.

Puerto Rico TRS likewise satisfies the adequacy requirement of Rule 23.  Under Rule 23(a)(4), the representative parties must fairly and adequately protect the interests of the class.  This requirement is met if "there are no conflicts between the representative and class interests and the representative's attorneys are qualified, experienced, and generally able to conduct the litigation."  *Richardson*, 2007 U.S. Dist. LEXIS 28406, at *16 (citing Fed. R. Civ. P. 23(a)(4); *Staton v. Boeing Co.*, 327 F.3d 938, 957 (9th Cir. 2003)).  Puerto Rico TRS easily satisfies the elements of the adequacy requirement.  Puerto Rico TRS's interests are perfectly aligned with those of the other members of the class and are not

antagonistic in any way. *See Autobytel*, 226 F.R.D. at 667. There are, furthermore, no facts suggesting that any actual or potential conflict of interest or other antagonism exists between Puerto Rico TRS and other class members. Puerto Rico TRS submitted a Certification, affirming its understanding of the duties owed to class members through their respective commitments to oversee the prosecution of this class action. *See* Berg Decl. at Exh. B. Through its Certification, Puerto Rico TRS accepts the fiduciary obligations it will assume if appointed Lead Plaintiff in this action. *Id.* Further, Puerto Rico TRS is a sophisticated institution with experience serving as lead plaintiff on behalf of a class of investors. *See In re Fuqi International, Inc. Sec. Litig.*, No. 10-cv-2515-DAB (S.D.N.Y.).

Finally, Puerto Rico TRS has demonstrated its adequacy through the selection of Abraham, Fruchter & Twersky to represent the class. As discussed more fully below, Abraham, Fruchter & Twersky is highly qualified and experienced in the area of securities class action litigation and has repeatedly demonstrated an ability to conduct complex securities class action litigation effectively.

### B.  The Court Should Approve Puerto Rico TRS's Selection Of Lead Counsel

The Court should approve Puerto Rico TRS's choice of the law firm of Abraham, Fruchter & Twersky to serve as Lead Counsel. Pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v), a movant shall, subject to Court approval, select and retain counsel to represent the class they seek to represent. Puerto Rico TRS has selected and retained the law firm of Abraham, Fruchter & Twersky.

Abraham, Fruchter & Twersky is among the preeminent securities class action law firms, with the skill and knowledge that will enable it to prosecute this action effectively and expeditiously. *See* Berg Decl. at Exh. D (Abraham, Fruchter & Twersky Firm Biography). Abraham, Fruchter & Twersky has successfully

prosecuted numerous securities fraud class actions and obtained excellent results on behalf of defrauded investors around the country. *Id.* Abraham Fruchter & Twersky is currently serving as the court-appointed lead counsel in a number of securities class actions, including, *inter alia*, *Perlmutter v. Intuitive Surgical, Inc.*, No. 5:10-cv-03451-LHK (N.D. Cal.); *Police Pension Fund of Peoria v. Capella Education Company*, No. 0:10-cv-04474-SRN-SER (D. Minn.), *Silverstrand Investments v. Amag Pharmaceuticals, Inc.*, No. 1:10-10470-NMG (D. Mass.) and *In re Fuqi Int.'l Inc. Sec. Litig.*, No. 10-cv-2515-DAB (S.D.N.Y.)

Accordingly, the Court should approve the Puerto Rico TRS Group's selection of Abraham, Fruchter & Twersky as Lead Counsel for the class.

IV. CONCLUSION

As set forth above, Puerto Rico TRS is the "most adequate plaintiff." Puerto Rico TRS has the "largest financial interest" arising out of the purchase of China Integrated securities. Puerto Rico TRS further satisfies the relevant requirements of Rule 23 of the Federal Rules of Civil Procedure as an adequate class representative with claims typical of the other purchasers of China Integrated securities. Accordingly, Puerto Rico TRS respectfully requests that the Court: (1) appoint Puerto Rico TRS as Lead Plaintiff; and (2) approve its selection of Abraham, Fruchter & Twersky to serve as Lead Counsel.

Dated: May 24, 2011

Respectfully submitted,

ABRAHAM, FRUCHTER & TWERSKY, LLP

*/s/ Ian D. Berg*
IAN D. BERG

IAN D. BERG (Bar No. 263586)
12526 High Bluff Drive, Suite 300
San Diego, CA 92130
Tel: (858) 792-3448
Fax: (858) 792-3449
*iberg@aftlaw.com*

- And -

MITCHELL M.Z. TWERSKY
ATARA HIRSCH
One Penn Plaza, Suite 2805
New York, NY 10119
Tel:   (212) 279-5050
Fax:   (212) 279-3655
*mtwersky@aftlaw.com*
*ahirsch@aftlaw.com*

*Counsel for Puerto Rico TRS and Proposed Lead Counsel*