Laurence M. Rosen, Esq. (SBN 219683)
THE ROSEN LAW FIRM, P.A.
333 South Grand Avenue, 25th Floor
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

[Proposed] Lead Counsel for Plaintiffs

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

| | |
|---|---|
| LARRY BROWN, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,<br><br>Plaintiff,<br><br>vs.<br><br>CHINA INTEGRATED ENERGY, INC., GAO XINCHENG, ALBERT C. PU, LI GAIHONG<br><br>Defendants. | No.  2:11-cv-2559 MMM (PLAx)<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF THE BERKHOUTS TO CONSOLIDATE RELATED ACTIONS, FOR APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF CHOICE OF COUNSEL**<br><br>CLASS ACTION<br><br>JUDGE: Margaret M. Morrow<br><br>Hearing Date: August 29, 2011<br>Time:  10:00<br>CTRM:  780 (Roybal) |

1

Memorandum of Points and Authorities ISO Motion of the Berkhouts to Consolidate Related Actions,
for Appointment as Lead Plaintiff, and Approval of Choice of Counsel – No. 2:11-cv-2559 MMM (PLAx)

| | |
|---|---|
| JACOB LEVY, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED, <br><br> Plaintiff, <br> vs. <br><br> CHINA INTEGRATED ENERGY, INC., XINCHENG GAO, ALBERT C. PU, GAIHONG LI <br><br> Defendants. | No. 2:11-cv-2717 MMM (PLAx) <br><br><br> <u>CLASS ACTION</u> |
| NOEL X NEGRONI, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED, <br><br> Plaintiff, <br> vs. <br><br> CHINA INTEGRATED ENERGY, INC., GAO XINCHENG, ALBERT C. PU, LI GAIHONG <br><br> Defendants. | No. 2:11-cv-3675 GW (PJWx) <br><br><br> <u>CLASS ACTION</u> |
| AARON GRUNFELD, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED, <br><br> Plaintiff, <br> vs. <br><br> CHINA INTEGRATED ENERGY, INC., GAO XINCHENG, ALBERT C. PU, LI GAIHONG <br><br> Defendants. | No. 2:11-cv-4093 JAK (SHx) <br><br><br> <u>CLASS ACTION</u> |

2

## MEMORANDUM OF POINTS AND AUTHORITIES

Brothers Bert Berkhout and Willem Berkhout (collectively, "Movant" or the "Berkhouts") respectfully submit this memorandum in support of their motion for an Order, pursuant to Section 21D of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"):

(1) consolidating the above-captioned related actions;

(2) appointing the Berkhouts as Lead Plaintiff for all persons other than Defendants who purchased the securities of China Integrated Energy, Inc. (the "Company" or "China Integrated") between March 31, 2010 and April 21, 2011, inclusive (the "Class Period"), to recover damages caused by Defendants' violations of the federal securities laws (the "Class"); and

(3) appointing the Rosen Law Firm, P.A. as Lead Counsel for the Class.

## I.      PERTINENT BACKGROUND

On March 25, 2011, The Rosen Law Firm, P.A. commenced this action against Defendants[1] for claims under Sections 10(b) and 20(a) of the Exchange Act.  On that same day, The Rosen Law Firm, P.A. issued a PSLRA early notice advising potential class members of, among other things, the claims alleged in this case and the 60 day deadline for class members to move this Court to be appointed as lead plaintiff.   A copy of the early notice is attached as Exhibit 1 to the Declaration of Laurence M. Rosen filed herewith ("Rosen Decl." or "Rosen Declaration").

Following the filing of the instant action, which was the first-filed action in this matter, three more related action were filed in this District: (1) *John Levy v.*

---

[1] "Defendants" refers to, collectively: China Integrated Energy, Inc., Gao Xincheng, Albert C. Pu, and Li Gaihong.

*China Integrated Energy, Inc., et al.*, 2:11-cv-2717 MMM (PLAx); (2) *Noel X Negroni v. China Integrated Energy, Inc., et al.*, 2:11-cv-3675 GW (PJWx); and (3) *Aaron Grunfeld v. China Integrated Energy, Inc., et al.*, No. 2:11-cv-4093 JAK (SHx). On May 6, 2011, plaintiff Larry Brown filed an Amended Complaint, which expanded the end of the class period from March 16, 2011 to April 21, 2011. Nevertheless, the related actions allege the same or similar claims, class period, and nucleus of operative facts as this action.

In summary, the related complaints allege that China Integrated, a Delaware corporation headquartered in the People's Republic of China, and certain of its officers and directors violated the Exchange Act in connection with the Company's issuance of materially false and misleading statements about the Company's true financial condition and the nature of its business relationships; and the issuance of materially false and misleading financial statements in its periodic reports filed with the Securities Exchange Commission ("SEC").

More specifically: The related complaints allege that throughout the Class Period, China Integrated failed to disclose that it had made payments amounting to $35 million to entities in which the first born son of the Company's CEO held a controlling interest. Furthermore, on March 16, 2011, the analyst firm Sinclair Upton Research issued a report alleging that China Integrated concealed a host of transactions between the Company and its officers and directors that had the effect of funneling cash to these officers and directors. In addition, citing Chinese SAIC filings, the report stated that China Integrated overstated its revenues, financial performance, business prospects, and financial condition to investors.

The allegations against China Integrated shocked the market. From March 16 to April 21, 2011, when the Company's stock was eventually halted, China Integrated's stock price fell from $5.95/share to $1.84/share, on extraordinary volume – a decline of almost 70 percent. As a result, both plaintiff and the Class

4

Memorandum of Points and Authorities ISO Motion of the Berkhouts to Consolidate Related Actions,
for Appointment as Lead Plaintiff, and Approval of Choice of Counsel – No. 2:11-cv-2559 MMM (PLAx)

1   have been damaged.  Because of the trading halt, China Integrated stock is illiquid
2   and is essentially worthless.

3                                        **ARGUMENT**

4   **II.    THE RELATED ACTIONS SHOULD BE CONSOLIDATED**

5          Consolidation of related cases is proper where, as here, the actions involve
6   common questions of law and fact such that consolidation would prevent
7   unnecessary cost or delay in adjudication. When actions involving a common
8   question of law or fact are pending before the court, it may order a joint hearing or
9   trial of any or all of the matters in issue in the actions; it may order all the actions
10  consolidated; and it may make such orders concerning proceedings therein as may
11  tend to avoid unnecessary costs or delay.   Fed. R. Civ. P. 42(a); *see also*
12  *Richardson v. TVIA*, 2007 WL 112344, at *2 (N.D. Cal. Apr. 16, 2007).

13         The PSLRA contemplates consolidation where "more than one action on
14  behalf of a class asserting substantially the same claim or claims arising under this
15  chapter has been filed." 15 U.S.C. 78u-4(a)(3)(A)(ii).  As such, the PSLRA does
16  not displace the traditional legal standards for consolidation under Fed. R. Civ. P.
17  42(a).

18         Each of the above-captioned related actions has been filed in this District
19  alleging similar factual and legal grounds to support allegations of violations of
20  Sections 10(b) and 20(a) of the Exchange Act by the Defendants arising from the
21  public dissemination of false and misleading information to investors.
22  Accordingly, the above-captioned cases should be consolidated pursuant to Fed.
23  R. Civ. P. 42(a) for all purposes.

24  **III.   MOVANT SHOULD BE APPOINTED LEAD PLAINTIFF**

25         The PSLRA sets forth procedures for the selection of Lead Plaintiff in class
26  actions brought under the Exchange Act.   15 U.S.C. § 78u-4(a)(3)(B).   The
27  PSLRA directs courts to consider any motion to serve as Lead Plaintiff filed by
28  class members in response to a published notice of class action by the later of (i)

                                             5

60 days after the date of publication, or (ii) as soon as practicable after the Court decides any pending motion to consolidate.  15 U.S.C. § 78u-4(a)(3)(B)(i) and (ii).

The PSLRA provides a "rebuttable presumption" that the most "adequate plaintiff" to serve as Lead Plaintiff is the "person or group of persons" that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *Richardson*, 2007 WL 1129344, at * 2; (citing *In re Cavanaugh*, 306 F.3d 726, 729-30 (9th Cir. 2002)).

As set forth below, Movant satisfies the above criteria, has the largest financial interest of any movant in this litigation, and is therefore the most adequate plaintiff and should be appointed as Lead Plaintiff.

**A. Movant Is Willing to Serve as Class Representative**

The Berkhouts have made a timely motion in response to a PSLRA early notice.  *See* Rosen Decl., Ex. 1.  Additionally, as set forth in the PSLRA certifications of the Berkhouts filed concurrently herewith, each of the Berkhout brothers attests that he has reviewed the complaint, adopts the allegations therein, and is willing to serve as a representative of the class. *See* Rosen Decl. Ex. 2. Accordingly, the Berkhouts satisfy the first requirement to serve as Lead Plaintiff for the class.

**B. Movant Has the Largest Financial Interest in the Action**

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group … that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii); *Cavanaugh*, 306 F.3d at 730.  While the PSLRA does not specify

6

Memorandum of Points and Authorities ISO Motion of the Berkhouts to Consolidate Related Actions, for Appointment as Lead Plaintiff, and Approval of Choice of Counsel – No. 2:11-cv-2559 MMM (PLAx)

precisely how to calculate the "largest financial interest", the movant's approximate losses in the subject securities is the best measure. *Richardson*, 2007 WL 1129344 at * 4 (citing cases). The financial interest of the Berkhouts is set forth below.

Bert Berkhout purchased 48,831 shares of China Integrated common stock during the Class Period at a cost of $277,649.28; retained all of those 48,831 shares; and thereby suffered losses of $187,800.24.[2] Willem Berkhout purchased 26,968 shares of China Integrated stock during the Class Period at a cost of $161,396.80; retained all of those 26,968 shares; and thereby suffered losses of $111,775.68. In total, the Berkhouts have $299,575.92 in losses. Moreover, at the current illiquid price of zero for held shares, the Berkhouts have suffered $439,046.08 in losses. *See* Rosen Decl., Ex. 3 (Berkhouts' Loss Chart).

With $299,575.92 in total losses, and $439,046.08 in total losses at the illiquid price, Movant is not aware of any other movant that has suffered greater losses in China Integrated stock during the Class Period. Accordingly, the Berkhouts satisfy the largest financial interest requirement to be appointed as Lead Plaintiff for the class.

## C.   The Movant Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure

The PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). Federal Rule of Civil Procedure Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

---

[2] In determining losses for held shares, Movant uses the price at which China Integrated's common stock was halted on April 21, 2011: $1.84 per share.

(1) the class is so numerous that joinder of all members is impracticable,

(2) there are questions of law or fact common to the class,

(3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and

(4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

In making its determination that a movant satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification – a *prima facie* showing that the Movant satisfies the requirements of Rule 23 is sufficient.  *Cavanaugh*, 306 F.3d at 730-31.  At the lead plaintiff stage, "[t]he typicality and adequacy requirements of Rule 23 are the main focus…" and "[e]xamination of the remaining requirements [of Rule 23] are deferred until the lead plaintiff moves for class certification."  *Richardson*, 2007 WL 1129344, at * 4 (citing *Cavanaugh*, 306 F.3d at 730)).

The Berkhouts fulfill all of the pertinent requirements of Rule 23.  The Berkhouts share substantially similar questions of law and fact with the members of the class, and their claims are typical of the members of the class.  The Berkhouts and all members of the class allege that Defendants violated the Exchange Act by publicly disseminating false and misleading financial statements about China Integrated and its business.  The Berkhouts, as did all of the members of the class, purchased Company stock at prices artificially inflated due to Defendants' misrepresentations and omissions, and were damaged thereby.  These shared claims also satisfy the requirement that the claims of the representative parties be typical of the claims of the class.

8

Memorandum of Points and Authorities ISO Motion of the Berkhouts to Consolidate Related Actions,
for Appointment as Lead Plaintiff, and Approval of Choice of Counsel – No. 2:11-cv-2559 MMM (PLAx)

Thus, the close alignment of interests between Movant and other class members, as well as the Berkhouts desire to prosecute this action on behalf of the class, provides ample reason to appoint the Berkhouts as Lead Plaintiff.

**D.   The Movant Will Fairly and Adequately Represent the Interests of the Class and Is Not Subject to Unique Defenses**

The presumption in favor of appointing the Berkhouts as Lead Plaintiff may be rebutted only upon proof "by a purported member of the plaintiffs' class" that the presumptively most adequate plaintiff:

(aa)   will not fairly and adequately protect the interest of the class; or

(bb)   is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

Movant's ability and desire to fairly and adequately represent the class has been discussed in Section C, above.  The Berkhouts are not aware of any unique defenses that Defendants could raise against them that would render them inadequate to represent the Class.   Accordingly, the Court should appoint the Movant as Lead Plaintiff for the Class.

**IV.   MOVANT'S SELECTION OF COUNSEL SHOULD BE APPROVED**

The PSLRA vests authority in the Lead Plaintiff to select and retain lead counsel, subject to the approval of the Court.  15 U.S.C. § 78u-4(a)(3)(B)(v).  The Court should only interfere with the Lead Plaintiff's selection when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

The Berkhouts have selected The Rosen Law Firm, P.A. as Lead Counsel. The Rosen Law Firm, P.A. filed the first of these related actions and has been actively researching the class' and Movants' claims – reviewing publicly available financial and other documents and gathering information in support of the claims

9

Memorandum of Points and Authorities ISO Motion of the Berkhouts to Consolidate Related Actions, for Appointment as Lead Plaintiff, and Approval of Choice of Counsel – No. 2:11-cv-2559 MMM (PLAx)

against the Defendants.  Furthermore, the Rosen Law Firm, P.A. is experienced in the area of securities litigation and class actions, having been appointed as lead counsel in securities class actions in this District and in numerous courts throughout the nation.  The firm has prosecuted securities fraud class actions and other complex litigation and has obtained substantial recoveries on behalf of investors. The resume of the Rosen Law Firm, P.A. is attached as Exhibit 4 to the Rosen Declaration.

As a result of the firm's experience in litigation involving issues similar to those raised in this action, Movant's counsel has the skill and knowledge that will enable the firm to prosecute this action effectively and expeditiously.  Thus, the Court may be assured that by approving the Berkhouts' selection of Lead Counsel, the members of the class will receive the best legal representation available.

## V.    CONCLUSION

For the foregoing reasons, Movant respectfully requests that the Court issue an Order: (1) consolidating the above captioned related actions; (2) appointing the Berkhouts as Lead Plaintiff of the class; (3) approving The Rosen Law Firm, P.A. as Lead Counsel; and (4) granting such other relief as the Court may deem to be just and proper.

Dated:   May 24, 2011                    Respectfully submitted,

THE ROSEN LAW FIRM, P.A.

/s/ Laurence Rosen, Esq.
Laurence M. Rosen, Esq. (SBN 219683)
THE ROSEN LAW FIRM, P.A.
333 South Grand Avenue, 25th Floor
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

10

Memorandum of Points and Authorities ISO Motion of the Berkhouts to Consolidate Related Actions, for Appointment as Lead Plaintiff, and Approval of Choice of Counsel – No. 2:11-cv-2559 MMM (PLAx)

1

[Proposed] Lead Counsel for Plaintiff

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**CERTIFICATE OF SERVICE**

I, Laurence M. Rosen, hereby declare under penalty of perjury as follows:

I am the managing attorney of the Rosen Law Firm, P.A., with offices at 333 South Grand Avenue, 25th Floor, Los Angeles, CA 90071.  I am over the age of eighteen.

On May 24, 2011, I electronically filed the following **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF THE BERKHOUTS TO CONSOLIDATE RELATED ACTIONS, FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF CHOICE OF COUNSEL** with the Clerk of the Court using the CM/ECF system which sent notification of such filing to counsel of record.

Executed on May 24, 2011

/s/ Laurence Rosen
Laurence M. Rosen

Memorandum of Points and Authorities ISO Motion of the Berkhouts to Consolidate Related Actions, for Appointment as Lead Plaintiff, and Approval of Choice of Counsel – No. 2:11-cv-2559 MMM (PLAx)