# `GERAGOS & GERAGOS

A PROFESSIONAL CORPORATION
LAWYERS
644 South Figueroa Street
Los Angeles, California 90017-3411
Telephone (213) 625-3900
Facsimile (213) 625-1600

MARK J. GERAGOS (SBN 108325)
SHELLEY KAUFMAN  (SBN 100696)
TAMAR G. ARMINAK (SBN 238677)

*Attorneys for Plaintiffs BRISTOL
INVESTMENT FUND, LTD. and
WILLIAM CORVRIENDT*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY BROWN, Individually and on Behalf of All Others Similarly Situated, | Case No.  2:11-CV-02559-MMM-PLA |
| Plaintiffs, | "ECF" Case |
| vs. | |
| CHINA INTEGRATED ENERGY, INC., GAO XINCHENG, ALBERT C. PU, and LI GAIHONG. | |
| Defendants. | |



| | |
|---|---|
| JACOB LEVY, Individually and on Behalf of All Others Similarly Situated,<br><br>　　　　Plaintiffs,<br><br>　　vs.<br><br>CHINA INTEGRATED ENERGY, et al.<br><br>　　　　Defendants. | Case No. 2:11-CV-02717-JSL-CW<br><br>"ECF" Case |

| | |
|---|---|
| NOEL X. NEGRONI, Individually and on Behalf of All Others Similarly Situated,<br><br>　　　　Plaintiffs,<br><br>　　vs.<br><br>CHINA INTEGRATED ENERGY, et al.<br><br>　　　　Defendants. | Case No. 2:11-CV-03675-GW-PJW<br><br>"ECF" Case |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



| | |
|---|---|
| AARON GRUNFIELD, Individually and on Behalf of All Others Similarly Situated, | ) ) ) ) **Case No. 2:11-CV-04093-JAK-SHP** |
| Plaintiffs, | ) ) ) "ECF" Case |
| vs. | ) ) |
| CHINA INTEGRATED ENERGY, INC., et al. | ) ) ) |
| Defendants. | ) ) ) ) |

| | |
|---|---|
| BRISTOL INVESTMENT FUND. LTD. And WILLIAM CORTVRIENDT, Individually and on Behalf of All Others Similarly Situated, | ) ) ) ) ) ) "ECF" Case **Case No.** |
| Plaintiffs, | ) ) ) |
| vs. | ) ) |
| CHINA INTEGRATED ENERGY, INC., et al., | ) ) ) ) |
| Defendants. | ) ) ) ) |

## MOTION OF THE BRISTOL GROUP TO CONSOLIDATE RELATED ACTIONS; TO BE APPOINTED LEAD PLAINTIFF; AND TO APPROVE PROPOSED LEAD PLAINTIFF'S CHOICE OF COUNSEL AND MEMORANDUM OF LAW IN SUPPORT

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ............................................................................1

PROCEDURAL BACKGROUND ......................................................................3

STATEMENT OF FACTS .................................................................................4

ARGUMENT .....................................................................................................7

I.   THE COURT SHOULD CONSOLIDATE THE RELATED
     ACTIONS ..............................................................................................7

II.  THE BRISTOL GROUP SHOULD BE APPOINTED LEAD
     PLAINTIFF ...........................................................................................8

     A. The Procedural Requirements Pursuant to the PSLRA ...............8

     B. The Bristol Group Is "The Most Adequate Plaintiff" ................10

          1. The Bristol Group Has Complied With the PLSRA and
             Should Be Appointed Co-Lead Plaintiff ..............................10

          2. The Bristol Group Has the Largest Financial Interest .........11

          3. The Bristol Group Satisfies the Requirements of Rule 23 .......14

          i.  The Bristol Group's Claims Are Typical of the Claims of All
              the Class Members ............................................................15

          ii. The Bristol Group Will Adequately Represent the Class ..........17

III. THE COURT SHOULD APPROVE THE BRISTOL
     GROUP'S CHOICE OF CO-LEAD COUNSEL………… .....................18

CONCLUSION……………………………………………………........................20

# TABLE OF AUTHORITIES

**Cases**

*Daniels v. City of N.Y.*, 198 F.R.D. 409 (S.D.N.Y. 2001) ..........................................16

*Ferrari v. Impath*, No. 03-cv-5667, 2004 U.S. Dist. LEXIS 13898 (S.D.N.Y. July 15, 2004)..........................................16

*Garber v. Randell*, 477 F.2d 711 (2d Cir. 1973) ........................................................8

*Greebel v. FTP Software, Inc.*, 939 F. Supp. 57 (D. Mass. 1996) ..........................................................................................9

*In re Authentidate Holding Corp.*, 2006 WL 2034644 (S.D. N.Y. July 14, 2006) ..........................................................17

*In re Barclays Bank PLC Sec. Litig.*, 2011 WL 31548 (S.D. N.Y. June 5, 2011) ............................................................17

*In re Cavanaugh*, 306 F.3d 726 (9th Cir. 2002) ...............................................10, 11

*In re Olsten Corp. Securities Litigation*, 3 F.Supp.2d 286 (E.D.N.Y. 1998)..........................................................................8

*In re Oxford Health Plans, Inc., Sec. Litig.*, 182 F.R.D. 42 (S.D.N.Y. 1998)................................................10, 15, 17

*Lax v. First Merchs. Acceptance Corp.*, No. 97-cv-2715, 1997 U.S. Dist. LEXIS 11866 (N.D. Ill. August 6, 1997) ......................................................................................9

*Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. LaBranche & Co.*, No. 02-cv-8264, 2004 U.S. Dist. LEXIS 9571 (S.D.N.Y. May 27, 2004) ..............................................10

*Primavera Familienstiftung v. Askin*, 173 F.R.D. 115 (S.D.N.Y. 1997)..........................................................................7

*Rossini v. Ogilvy & Mather, Inc.*, 798 F.2d 590 (2d Cir. 1986) ..........................................................................................16

*Sczensy Trust v. DiCamillo*, 223 F.R.D. 319 (S.D.N.Y. 2004) ..........................................................................................15

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*Sofran v. Labranche & Co.*, 220 F.R.D. 398 (S.D.N.Y. 2004) ...........................................................................10, 11

*Walker v. Deutsche Bank, AG*, 2005 U.S. Dist. LEXIS 19776 (S.D.N.Y. Sept. 6, 2005)...........................................7

*Weinberg v. Atlas Air Worldwide Holdings, Inc.*, 216 F.R.D. 248 (S.D.N.Y. 2003) ...........................................15

*Weltz v. Lee*, 199 F.R.D. 129 (S.D.N.Y. 2001)...............................................8

*Wilder v. Bernstein*, 499 F. Supp. 980 (S.D.N.Y. 1980) .........................................16

# PRELIMINARY STATEMENT

Plaintiffs Bristol Investment Fund, Ltd. ("Bristol Investment") and William Cortvriendt ("Cortvriendt") (collectively the "Bristol Group" or "Movant") hereby move to consolidate all related securities class actions filed against Defendant China Integrated Energy, Inc.[1] ("China Integrated Energy" or the "Company") and other defendants; to be appointed Lead Plaintiff in this action pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B) and Section 27(a)(3)(B) of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. § 77z-1(a)(3)(B), as amended by Section 101(a) of the Private Securities Litigation Reform Act of 1995 ("PLSRA"); and for approval of its selection of the law firms of Federman & Sherwood as Lead Counsel and Geragos & Geragos as Liaison Counsel.

The Bristol Group fully understands its duties and responsibilities to the Class, and is willing and able to oversee the vigorous prosecution of this action. As described in the Investor Certifications attached as Exhibits 1(A) and 1(B) to

---

[1] Multiple securities class actions have been filed in the U.S. District Court for the Central District of California and include the following cases:  *Larry Brown v. China Integrated Energy, Inc., et al.*, 11-02559 (filed March 25, 2011); *Jacob Levy v. China Integrated Energy, Inc., et al.,* 11-02717 (filed March 31, 2011); *Noel X. Negroni v. China Integrated Energy, Inc. et al.,* 11-03675 (filed April 28, 2011); *Aaron Grunfeld v. China Integrated Energy, Inc., et al.,* 11-04093 (filed May 12, 2011), *Bristol Investment Fund, Ltd. and William Cortvriendt v. China Integrated Energy, Inc., et al.,* _____ (to be filed manually on May 25, 2011).

the Declaration of Mark J. Geragos in Support of the Motion of the Bristol Group to Consolidate All Similar Actions, To Be Appointed Lead Plaintiff, and To Approve Proposed Lead Plaintiff's Choice of Counsel ("Geragos Decl."), Bristol Investment has suffered losses of $50,640.04[2] as a result of its purchases of China Integrated Energy securities during the period of March 31, 2010 through April 20, 2011, inclusive, (the "Class Period") and pursuant and/or traceable to the Registration Statement and Prospectus issued in connection with China Integrated Energy's Secondary Offering completed during the period on or about December 30, 2010 through January 7, 2011 ("Secondary Offering").   Exhibit 1(C) to Geragos Decl.  Cortvriendt suffered losses of $17,837.50, from his class period open market purchases of China Integrated Energy securities.[3]   Exhibit 1(D) to Geragos Decl.  To the best of its knowledge, the Bristol Group has sustained the largest loss (aggregated losses of $68,477.54) of any investor seeking to be appointed Lead Plaintiff.

In addition to evidencing the largest financial interest in the outcome of this litigation, the Bristol Group's Certifications demonstrate its members' intent to serve as Lead Plaintiff in this litigation, including their cognizance of the duties of

---

[2] This figure is based on Bristol Investment's losses pursuant to Sections 11 and 12 of the Securities Act.

[3] This figure is based on Cortvriendt's losses pursuant to Section 10(b) of the Exchange Act.

serving in that role.  Exhibit 1(A) and 1(B) to Geragos Decl.  Moreover, the Bristol Group satisfies both the applicable requirements of the PSLRA and Rule 23 of the Federal Rules of Civil Procedure ("Rule 23") and is presumptively the "most adequate plaintiff."

Accordingly, the Court should (1) consolidate all related actions concerning the subject matters of this action pursuant to Fed. R. Civ. P. 42(a); (2) appoint Bristol Group as Lead Plaintiff in this action; and (3) approve the Bristol Group's selection of the law firms of Federman & Sherwood as Lead Counsel and Geragos & Geragos as Liaison Counsel.

## PROCEDURAL BACKGROUND

The first lawsuit against defendants, *Larry Brown v. China Integrated Energy, Inc., et al.,* 11-02559, was filed on behalf of plaintiff Larry Brown, in the United States District Court for the Central District of California on March 25, 2011.   Pursuant to 15 U.S.C. § 78u-4(a)(3)(A)(i) and 15 U.S.C. § 77z-1(a)(3)(A)(i), on March 25, 2011, the first notice that a class action had been initiated against Defendants was published on *Business Wire*, a widely-circulated national business-oriented wire service, advising members of the proposed Class of their right to move the Court to serve as Lead Plaintiff no later than May 24, 2011.

Bristol Investment and Cortvriendt are Class Members (*see* Geragos Decl. at Exhibits 1(A) and 1(B)) who filed a complaint and timely filed this motion within the 60 day period following publication of the March 25, 2011 notice.

# STATEMENT OF FACTS[4]

China Integrated Energy is a Chinese based company that engages in the wholesale distribution of various finished oil and heavy oil products, including gasoline, diesel and naphtha, to retail services stations distributors and directly to end users through the Company's retail gas stations.

Various press releases and SEC filings, including the Company's Registration Statement and the Prospectuses in connection with the Secondary Offering, misrepresented the financial strength of the Company and failed to disclose that the Company's CEO had been funneling money to corporations owned by his son Gao Bo.  The true facts concerning the Company's financial condition was material to a reasonable investor's decision to purchase units of the Company's stock. Defendants made materially false and misleading statements throughout the Class Period.

The Class Period begins on March 31, 2010 when China Integrated Energy filed with the SEC its annual report for the year ending 2009 on Form 10-K.  On May 5, 2010, China Integrated Energy filed a shelf Registration Statement with the SEC on Form S-3 (the "Registration Statement").  The Registration Statement was declared effective by the SEC on May 19, 2010.  Supplemental Prospectuses in

---

[4] These facts were derived from the allegations contained in the similar class actions.

connection with the Registration Statement and Secondary Offering were filed on December 30, 2010 and January 5, 2011. These and other SEC reports filed, and statements made, by the Defendants during the Class Period contained materially false and misleading statements.

The Company sold more than $30 million in securities in the Secondary Offering pursuant to the Registration Statement and Supplemental Prospectuses. Bristol Investment purchased China Integrated Energy securities pursuant to the Registration Statement and Supplemental Prospectus. Cortvriendt purchased China Integrated Energy securities in the open market.

The true facts began to slowly be revealed beginning shortly after the Secondary Offering with a series of partial corrective disclosures. Then, on March 16, 2011, analyst firm Sinclair Upton Research issued a report alleging that China Integrated Energy concealed a host of related party transactions between the Company and its officers and directors that had the effect of funneling cash to these officers and directors. In addition, citing Chinese State Administration for Industry and Commerce (SAIC) filings, the report stated that China Integrated Energy misrepresented its financial performance, business prospects, and financial condition to investors. Indeed, the report suggested that the financial results of all three segments of the Company were overstated or even fictitious. On this news, the price of China Integrated Energy stock fell precipitously.

The Class Period closes on April 20, 2011.  After the close of the market on that day NASDAQ announced that trading in China Integrated Energy stock had been halted pending the Company's full satisfaction of NASDAQ's request for additional information. On April 27, 2011, the Company's independent auditor, KPMG, resigned citing to its inability to rely on managements' representations regarding the Company's financial results.  Multiple reports have alleged that China Integrated Energy's financial results issued during the Class Period were substantially overstated or were wholly fictitious.  The Company's press releases and SEC filings, including the Registration Statement, Prospectus and Prospectus Supplements, failed to reveal the Company's true financial posture and failed to disclose that sizable portions of the Company's funds were being channeled to corporations owned by the CEO's son.

As a result of the March 16, 2011 disclosures and subsequent resignations, China Integrated Energy's common shares declined 37% to close at $3.77 per share on March 17, 2011, and plunged further to close at $1.84 on April 20, 2011—the Company's last day of trading.  Defendants' materially false and misleading statements during the Class Period resulted in the Bristol Group and other members of the Class purchasing the Company's common stock at artificially inflated prices, thus causing damages to Bristol Investments, Cortvriendt and the members of the Class.

//

# ARGUMENT

## I.   THE COURT SHOULD CONSOLIDATE THE RELATED ACTIONS

Consolidation pursuant to Rule 42(a) is proper and routinely granted in actions such as this, where there are common questions of law and fact.[5]  *See Walker v. Deutsche Bank, AG*, 2005 U.S. Dist. LEXIS 19776, *6 (S.D.N.Y. Sept. 6, 2005).[6]  Courts have recognized that securities class actions, in particular, are ideally suited for consolidation pursuant to Rule 42(a) because their unification expedites pretrial proceedings, reduces case duplication, avoids contacting of the parties and witnesses for inquiries in multiple proceedings, and minimizes the expenditure of time and money by all persons concerned.  *See, e.g.*, *Primavera Familienstiftung v. Askin*, 173 F.R.D. 115, 129 (S.D.N.Y. 1997).  Indeed, "[i]n

---

[5] Here, the *Brown, Levy, Negroni, and Grunfeld* cases plead only violations of the Exchange Act.  The *Bristol* case pleads violations of both the Securities Act and the Exchange Act.  If additional securities cases are subsequently filed alleging the same course of conduct and similar or identical claims against the same or similar defendants, consolidation would be proper.  *See* Rule 42(a).

[6] Rule 42(a) of the Federal Rules of Civil Procedure allows this Court to order consolidation of separate actions:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all of the matters in issue in the actions; it may order all of the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs of delay.

securities actions where the complaints are based on the same 'public statements and reports,' consolidation is appropriate if there are common questions of law and fact" and the parties will not be prejudiced. *Garber v. Randell*, 477 F.2d 711, 714 (2d Cir. 1973); *Weltz v. Lee*, 199 F.R.D. 129, 131 (S.D.N.Y. 2001). Consolidating shareholder class actions streamlines and simplifies pre-trial and discovery proceedings, including motions, class action issues, clerical and administrative duties, and generally reduces the confusion and delay that results from prosecuting related actions separately before two or more judges. *Id*. *See also In re Olsten Corp. Securities Litigation*, 3 F.Supp.2d 286 (E.D.N.Y. 1998).

Accordingly, this Court should enter an Order that consolidates any related cases with the instant action.

## II.   THE BRISTOL GROUP SHOULD BE APPOINTED LEAD PLAINTIFF

### A.   The Procedural Requirements Pursuant to the PSLRA

The PSLRA sets forth a detailed procedure for the selection of a Lead Plaintiff to oversee securities class actions brought pursuant to the Federal Rules of Civil Procedure. *See* 15 U.S.C. § 78u-4(a)(3) and 15 U.S.C. § 77z-1(a)(3).

First, the plaintiff who files the initial action must, within 20 days of filing the action, publish a notice to the Class informing Class Members of their right to file a motion for appointment as Lead Plaintiff. 15 U.S.C. § 78u-4(a)(3)(A)(i) and 15 U.S.C. § 77z-1(a)(3)(A)(i). Plaintiff in the first-filed action published a notice

on *Business Wire* on March 25, 2011. *See* Geragos Decl. Exhibit 1(E).[7] This notice indicated that applications for appointment as Lead Plaintiff were to be made no later than May 24, 2011. Within 60 days after publication of the required notice, any member or members of the proposed Class may apply to the Court to be appointed as Lead Plaintiff. 15 U.S.C. § 78u-4(a)(3)(A) and (B) and 15 U.S.C. § 77z-1(a)(3)(A) and (B).

Next, according to the PSLRA, within 90 days after publication of the initial notice of pendency of the action, the Court shall appoint as Lead Plaintiff the movant that the Court determines to be the most capable of adequately representing the interests of Class Members. 15 U.S.C. § 78u-4(a)(3)(B)(i) and 15 U.S.C. § 77z-1(a)(3)(B)(i). In determining who is the "most adequate plaintiff," the acts provide that:

> [T]he court shall adopt a presumption that the most adequate plaintiff
> in any private action arising under this title is the person or group of
> persons that—

//

---

[7] *Business Wire* is a suitable vehicle for meeting the statutory requirement that notice be published "in a widely circulated national business-oriented publication or wire service." *See Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. LaBranche & Co.*, No. 02-cv-8264, 2004 U.S. Dist. LEXIS 9571, at *20 (S.D.N.Y. May 27, 2004); *Greebel v. FTP Software, Inc.*, 939 F. Supp. 57, 62-64 (D. Mass. 1996); *Lax v. First Merchs. Acceptance Corp.*, No. 97-cv-2715, 1997 U.S. Dist. LEXIS 11866, at *2 (N.D. Ill. August 6, 1997).

(aa)   has either filed the complaint or made a motion in

response to a notice…

(bb)   in the determination of the court, has the largest financial

interest in the relief sought by the class; and

(cc)   otherwise satisfies the requirements of Rule 23 of the

Federal Rules of Civil Procedure [pertaining to class

actions].

15 U.S.C. § 78u-4(a)(3)(B)(iii) and 15 U.S.C. § 77z-1(a)(3)(B)(iii).  *See In re*

*Oxford Health Plans, Inc., Sec. Litig.*, 182 F.R.D. 42, 43-44 (S.D.N.Y. 1998);

*Sofran v. Labranche & Co.*, 220 F.R.D. 398, 401 (S.D.N.Y. 2004).

The moving class member or group of class members with the largest

financial stake in the litigation, and who otherwise satisfies the requirements of

Fed. R. Civ. P. 23(a), is the presumptive lead plaintiff. *In re Cavanaugh*, 306 F.3d

726, 729-730 (9th Cir. 2002); *Pirelli Armstrong Tire Corp. Retiree Medical Benefit*

*Trust v. LeBranche & Co., Inc.,* 229 F.R.D. 395, 402 (S.D.N.Y. 2004). As

discussed below, Movant satisfies each of the criteria set forth above.

## B. The Bristol Group Is "The Most Adequate Plaintiff"

### 1.   The Bristol Group Has Complied With the PLSRA and Should Be Appointed Co-Lead Plaintiff

The Bristol Group moves this Court to be appointed Lead Plaintiff and has

timely filed the instant motion to be appointed Lead Plaintiff within the 60-day

time period requirement.  The plaintiff in the first-filed action published notice on

*Business Wire*, a national business-oriented wire service, on March 25, 2011. Accordingly, the Bristol Group meets the requirement of 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa) and 15 U.S.C. § 77z-1(a)(3)(B)(iii)(aa), and has filed its motion by May 24, 2011.

### 2.   The Bristol Group Has the Largest Financial Interest

Pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(iii) and 15 U.S.C. § 77z-1(a)(3)(B)(iii), the Court shall appoint as Lead Plaintiff the plaintiff or plaintiffs who have the largest financial interest in the relief sought by the action.   *See Sofran*, 220 F.R.D. at 401.   "[T]he district court must consider the losses allegedly suffered by the various plaintiffs before selecting as the 'presumptively most adequate plaintiff' – and hence the presumptive lead plaintiff - - the one who has the largest financial interest in the relief sought by the class' . . ." *In re Cavanaugh*, 306 F.3d at 729-30.   "In so doing, the court may select accounting methods that are both rational and consistent." *Id.* at 730, n.4.

Section 11(a) of the Securities Act provides that a suit may be brought to recover plaintiff's damages as shall represent:

> the difference between the amount paid for the security (not exceeding the price at which the security was offered to the public) and (1) the value thereof as of the time such suit was brought, or (2) the price at which such security shall have been disposed of in the market before suit, or (3) the price at which

such security shall have been disposed of after suit but before judgment if such damages shall be less than the damages representing the difference between the amount paid for the security (not exceeding the price at which the security was offered to the public) and the value thereof as of the time such suit was brought.

15 U.S.C. §77k(e).

A person that violates Section 12(a)(2) of the Securities Act "shall be liable, subject to subsection (b), to the person purchasing such security from him, who may sue either at law or in equity in any court of competent jurisdiction, to recover the consideration paid for such security with interest thereon, less the amount of any income received thereon, upon the tender of such security, or for damages if he no longer owns the security."

All of Bristol Investment's purchases of China Integrated Energy securities were made during the Class Period and pursuant to the Company's May 19, 2011 Registration Statement and accompanying Prospectus and Prospectus supplement. Under the above methodologies for determining damages with respect to Section 11 and 12(a)(2) claims Bristol Investment has suffered losses of $50,640.04. *See* Geragos Decl. at Exhibits 1(A) and 1(C).

With respect to Section 10(b) claims, Section 21D(e)(1) of the PSLRA provides that when a plaintiff seeks to establish damages by reference to the market price of a security, the award of damages shall not exceed:

> the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated to the market.

15 U.S.C. §78u-4(e)(1).

If a plaintiff sells or repurchases his securities prior to the expiration of the 90-day period, his losses are measured as follows:

> the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the security and the mean trading price of the security during the period beginning immediately after dissemination of information correcting the misstatement or omission and ending on the date on which the plaintiff sells or repurchases the security.

15 U.S.C. § 78u-4(e)(2).

Cortvriendt purchased China Integrated Energy securities in the open market during Class Period and continues to hold such shares.    Under the above methodology for determining Section 10(b) damages Cortvriendt has suffered losses of $17,830.50. *See* Exhibits 1(B) and 1(D) to the Geragos Decl.

As demonstrated herein, the Bristol Group, with losses in the amount of $68,477.54 (with losses of $50,640.04 by Bristol Investment alone) has the largest known financial interest in the relief sought by the Class.    *See* Geragos Decl. Exhibits 1(A) - 1(D).

### 3. The Bristol Group Satisfies the Requirements of Rule 23

According to 15 U.S.C. § 78u-4(a)(3)(B) and 15 U.S.C. § 77z-1(a)(3)(B), in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure."  Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable;  (2) there are questions of law or fact common to the class;  (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties

will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

Of the four prerequisites to class certification, only two—typicality and adequacy—directly address the personal characteristics of the class representative. Consequently, in deciding a motion to serve as Lead Plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the Lead Plaintiff moves for class certification. *See Oxford Health*, 182 F.R.D. at 49 (holding that typicality and adequacy are the only relevant prerequisites to lead plaintiff selection under the PSLRA); *see also, Sczensy Trust v. DiCamillo*, 223 F.R.D. 319, 323-24 (S.D.N.Y. 2004); *Weinberg v. Atlas Air Worldwide Holdings, Inc.*, 216 F.R.D. 248, 252 (S.D.N.Y. 2003). As detailed below, the Bristol Group satisfies both the typicality and adequacy requirements of Rule 23, thereby justifying its appointment as Lead Plaintiff. The Bristol Group has claims that are typical of those of other Class Members and can adequately serve as Lead Plaintiff.

### i.      The Bristol Group's Claims Are Typical of the Claims of All the Class Members

Under Rule 23(a)(3), typicality exists where "the claims...of the representative parties" are "typical of the claims...of the class." The typicality requirement of Rule 23(a)(3) is satisfied when the representative plaintiff's claims

arise from the same event or course of conduct that gives rise to claims of other Class Members, and when the claims are based on the same legal theory.  *See Rossini v. Ogilvy & Mather, Inc.*, 798 F.2d 590, 598 (2d Cir. 1986).   The requirement that the proposed class representatives' claims be typical of the claims of the Class does not mean, however, that the claims must be identical.  *See Daniels v. City of N.Y.*, 198 F.R.D. 409, 418 (S.D.N.Y. 2001) (citing *Wilder v. Bernstein*, 499 F. Supp. 980, 922 (S.D.N.Y. 1980)); *see also, Ferrari v. Impath*, No. 03-cv-5667, 2004 U.S. Dist. LEXIS 13898, at *18 (S.D.N.Y. July 15, 2004).

In this case, the typicality requirement is met because the Bristol Group's claims are identical, non-competing and non-conflicting with the claims of the other Class Members.  The Bristol Group's members and all of the Class Members purchased China Integrated Energy securities during the Class Period and/or pursuant and/or traceable to the Secondary Offering, when the prices were artificially inflated as a result of the Defendants' misrepresentations and omissions, and thus, both the Bristol Group and the Class Members suffered damages as a result of these purchases.

Moreover, Bristol Investment Group filed a complaint alleging both Section 11 and 12(a)(2) Securities Act claims. Each of the other complaints alleged only claims under the Exchange Act.  Because Bristol Investment purchased China Integrated Energy shares directly pursuant to the Registration Statement and Supplemental Prospectus it has standing to assert Sections 11 and 12(a)(2) claims

arising from the false or misleading Registration Statement and Prospectus; it appears that the other named plaintiffs do not. *See, e.g., In re Barclays Bank PLC Sec. Litig.*, 2011 WL 31548 at *5 (S.D. N.Y. June 5, 2011); *In re Authentidate Holding Corp.*, 2006 WL 2034644 at *7 (S.D. N.Y. July 14, 2006).

The Bristol Group's claims and injuries "arise from the same conduct from which the other class members' claims and injuries arise." *Oxford Health*, 182 F.R.D. at 50. Moreover, the Bristol Group is not subject to any unique or special defenses. Thus, the Bristol Group meets the typicality requirement of Fed. R. Civ. P. Rule 23, because its claims are typical of the claims of the other Class Members.

### ii. The Bristol Group Will Adequately Represent the Class

Under Rule 23(a)(4), the representative party must "fairly and adequately protect the interests of the class." The PSLRA directs the Court to limit its inquiry regarding the adequacy of the plaintiff to: (1) whether there are any conflicts between the interests of the plaintiff and the members of the Class; (2) whether the plaintiff is an adequate representative of the Class; (3) whether the interests of the plaintiff are clearly aligned with the members of the putative Class; and (4) whether there is evidence of any antagonism between their respective interests. 15 U.S.C. § 78u-4(a)(3)(B) and 15 U.S.C. § 77z-1(a)(3)(B).

The Bristol Group's interests are clearly aligned with the members of the Class because its claims are identical to the claims of the Class. There is no evidence of antagonism between its interests and those of the proposed Class

Members.  Furthermore, the Bristol Group has a significant interest in prosecuting this action to a successful conclusion based upon the financial loss it incurred as a result of the wrongful conduct alleged herein.  Bristol Group will adequately and vigorously pursue the interests of the Class.  In addition, the Bristol Group has selected a law firm that is highly experienced in prosecuting securities class actions such as this one to represent it.

In sum, because of the Bristol Group's common interests with the Class Members, its clear motivation and ability to vigorously pursue this action, and its qualified counsel, the adequacy requirement of Fed. R. Civ. P. Rule 23(a) is met in this case.  Therefore, since the Bristol Group meets both the typicality and adequacy requirements of Fed. R. Civ. P. Rule 23(a), and has sustained the largest amount of losses at the hands of the Defendants, it is, in accordance with 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I) and 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I), presumptively the most adequate plaintiff to lead this action.

## III.   THE COURT SHOULD APPROVE THE BRISTOL GROUP'S CHOICE OF COUNSEL

The PSLRA vests authority in the Lead Plaintiff to select and retain counsel to represent the Class, subject to the Court's approval.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(v) and 15 U.S.C. § 77z-1(a)(3)(B)(v).  Thus, this Court should not disturb the Lead Plaintiff's choice of counsel unless necessary to "protect the

1    interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa) and 15 U.S.C. § 77z-

2    1(a)(3)(B)(iii)(II)(aa).

3         The Bristol Group has selected Federman & Sherwood to serve as Lead

4    Counsel and Geragos & Geragos to serve as Liaison Counsel.   Federman &

5    Sherwood and Geragos & Geragos are highly qualified counsel.   *See* Geragos

6

7    Decl. at Exhibits 1(F) and 1(G).  Federman & Sherwood has prosecuted numerous

8    complex securities actions.  *See* Geragos Decl. at Exhibit 1(F).  This Court may be

9    assured that in the event this motion is granted, the members of the Class will

10   receive the highest caliber of legal representation.

11

12   //

13

14   //

15

16   //

17

18   //

19

20   //

21

22   //

23

24   //

25

26   //

27

28   //

## CONCLUSION

For all of the foregoing reasons, the Bristol Group respectfully requests that this Court: (1) consolidate all related actions, (2) appoint the Bristol Group to serve as Lead Plaintiff in this action; (3) approve its selection of Lead Counsel and Liaison Counsel for the Class; and (4) grant such other and further relief as the Court may deem just and proper.

Dated: May 24, 2011                    Respectfully submitted,


                                       /s/_____

                                       Mark J. Geragos (SBN 108325)
                                       Shelley Kaufman (SBN 100696)
                                       Tamar G. Arminak (SBN 238677)
                                       GERAGOS & GERAGOS
                                       644 South Figueroa Street
                                       Los Angeles, California 90017-3411
                                       Telephone: (213) 625-3900
                                       Facsimile: (213) 625-1600

                                       William B. Federman, OBA #2853
                                       (*Pro Hac Vice to be filed*)
                                       FEDERMAN & SHERWOOD
                                       10205 North Pennsylvania Avenue
                                       Oklahoma City, Oklahoma 73120
                                       Telephone: (405) 235.1560
                                       Facsimile: (405) 239-2112


                                       *Counsel for Plaintiffs Bristol Investment Fund, Ltd. and William Cortvriendt and Proposed Lead Counsel for the Class*

- 20 -

1

## CERTIFICATE OF SERVICE

2

3

4     I hereby certify that this Memorandum was filed through the ECF system

5 and will be sent electronically to the registered participants as identified on the

6 Notice of Electronic Filing (NEF), and paper copies will be sent to those indicated

7 as non-registered participants on Tuesday, May 24, 2011.

8

9

10

11

12                                             /s/

13                                        Mark J. Geragos

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28