1  LIONEL Z. GLANCY (#134180)
   MICHAEL GOLDBERG (#188669)
2  GLANCY BINKOW & GOLDBERG LLP
   1801 Avenue of the Stars, Suite 311
3  Los Angeles, California 90067
   Telephone:   (310) 201-9150
4  Facsimile:   (310) 201-9160
   info@glancylaw.com
5
6  *Attorneys for Movant Waterford Township*
   *Police and Fire Retirement System*
7  *[Additional Counsel on Signature Page]*

8              UNITED STATES DISTRICT COURT

9             CENTRAL DISTRICT OF CALIFORNIA

10

11 | LARRY BROWN, Individually and on | No. CV 11-02559 MMM (PLAx)
   | Behalf of All Others Similarly Situated, |
12 | | CLASS ACTION
   | Plaintiff, |
13 | | **MEMORANDUM OF POINTS**
   | | **AND AUTHORITIES IN**
14 | v. | **SUPPORT OF MOTION OF**
   | | **WATERFORD TOWNSHIP**
15 | CHINA INTEGRATED ENERGY, INC., | **POLICE AND FIRE**
   | GAO XINCHENG, ALBERT C. PU and | **RETIREMENT SYSTEM FOR**
16 | LI GAIHONG, | **CONSOLIDATION OF**
   | | **RELATED ACTIONS,**
17 | Defendants. | **APPOINTMENT AS LEAD**
   | | **PLAINTIFF AND APPROVAL**
18 | Defendants. | **OF CO-LEAD COUNSEL**

19                            Date: August 29, 2011
                             Time: 10:00 a.m.
20                           Courtroom: 780
                             Honorable Margaret M. Morrow
21
   *[Captions Continue on Following Page]*
22

23

24

25

26                                        ORIGINAL

27

28

| | |
|---|---|
| JACOB LEVY, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>CHINA INTEGRATED ENERGY, INC., XINCHENG GAO, ALBERT C. PU and GAIHONG LI,<br><br>Defendants. | No. CV 11-02717 MMM (PLAx) |
| NOEL X. NEGRONI, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>CHINA INTEGRATED ENERGY, INC., GAO XINCHENG, ALBERT C. PU AND LI GAIHONG,<br><br>Defendants. | No. 11-cv-03675-GW-PJW |
| AARON GRUNFELD, on Behalf of Himself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>CHINA INTEGRATED ENERGY, INC., XINCHENG GAO , ALBERT C. PU AND GAIHONG LI,<br><br>Defendants. | No.11-cv-04093-JAK-SH |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## MEMORANDUM OF POINTS AND AUTHORITIES

Lead plaintiff movant Waterford Township Police and Fire Retirement System ("Movant" or "Waterford") respectfully submits this memorandum of points and authorities in support of its motion for consolidation of related actions, appointment as lead plaintiff and approval of Movants' selection of co-lead counsel.

## I.   FACTUAL BACKGROUND

This is a securities fraud class action on behalf of purchasers of China Integrated Energy, Inc. ("China Integrated Energy" or the "Company") securities between March 31, 2010 and April 20, 2011, inclusive (the "Class Period")[1], seeking to pursue remedies under the Securities Exchange Act of 1934 (the "Exchange Act").

China Integrated Energy operates as an integrated energy company in China, engaging in the wholesale distribution of various finished oil and heavy oil products – including gasoline, diesel and naphtha – to retail service station distributors and directly to end users through the Company's retail gas stations.

Plaintiffs allege that throughout the Class Period the Defendants made false and misleading statements and/or failed to disclose material adverse facts about the Company's business, prospects, and operations. Specifically, during the Class Period Defendants misrepresented and/or failed to disclose that: (1) the Company misrepresented the nature and extent of its business relationships; (2), as a result, the Company's financial results were overstated during the Class Period; and (3), as a result of the foregoing, the Company's statements concerning its business, prospects

---

[1] The *Brown, Levy* and *Negroni* complaints allege class periods beginning March 31, 2010 and ending March 16, 2011. The most recent complaint filed, *Grunfeld v. China Integrated Energy, Inc., et al.*, No.11-cv-04093-JAK-SH (filed May 12, 2011), ends the class period April 20, 2011. *See Miller v. Dyadic Intern., Inc.*, 2008 WL 2465286, at **3-4 (S.D. Fla. April 18, 2008) ("the longest, most inclusive class period is appropriate at this stage in the litigation because it encompasses more potential class members.'") (citation omitted).

No. CV 11-02559 MMM (PLAx)
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF WATERFORD TOWNSHIP POLICE AND
FIRE RETIREMENT SYSTEM FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF COUNSEL

1

1   and operations were materially false and misleading at all relevant times.

2   On March 16, 2011, analyst firm Sinclair Upton Research issued a report

3   alleging that China Integrated Energy concealed numerous transactions between the

4   Company and its officers and directors that had the effect of funneling cash to these

5   officers and directors.  In addition, citing Chinese State Administration for Industry

6   and Commerce (SAIC) filings, the report stated that China Integrated Energy

7   misrepresented its financial performance, business prospects, and financial condition

8   to investors, and claimed that the Company's CEO, defendant Xincheng Gao, had

9   been funneling money to corporations owned by his son, Gao Bo.

10   Following this news, the Company's shares declined $0.95 per share, or more

11   than 15%, to close on March 16, 2011, at $5.00 per share, on unusually heavy trading

12   volume.  The next day, March 17, 2011, the Company's stock price declined a further

13   24.6% , to close at $3.77 per share, again on heavy trading volume.

14   On April 20, 2011, the NASDAQ announced that trading in China Integrated

15   Energy's stock had been halted pending receipt of "additional information requested"

16   from the Company, and that trading would remain halted until the Company has fully

17   satisfied NASDAQ's request for additional information.

18   **II.   PROCEDURAL HISTORY**

19   Plaintiff Larry Brown ("Brown") commenced the instant action on March 25,

20   2011, and on that day counsel for Brown published a notice of the pendency of

21   plaintiff's case on *Business Wire*. *See* Declaration of Michael Goldberg In Support

22   of Motion of Waterford Township Police and Fire Retirement System For

23   Consolidation of Related Actions, Appointment As Lead Plaintiff and Approval of

24   Co-Lead Counsel (the "Goldberg Declaration"), submitted herewith. In addition to

25   the Brown complaint, three related actions subsequently were filed in this District

26   (collectively the "Related Actions"), and each of the Related Actions is reflected

27   above in the caption of this document.

28

No. CV 11-02559 MMM (PLAx)
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF WATERFORD TOWNSHIP POLICE AND
FIRE RETIREMENT SYSTEM FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF COUNSEL

2

1   Movant brings the instant motion pursuant to plaintiff Brown's published

2   notice of pendency, and files this motion prior to expiration of the 60-day period

3   from publication of the March 25, 2011 notice.

4   **III.   ARGUMENT**

5   **A.  The Related Actions Should Be Consolidated**

6   Consolidation pursuant to Federal Rule of Civil Procedure Rule 42(a) is

7   proper when actions involve common questions of law and fact. *See Johnson v.*

8   *Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990). The Court has broad discretion

9   under this Rule to consolidate cases pending within its District. *Id.*

10   The actions pending before this Court present similar factual and legal issues,

11   as they all involve the same subject matter, and present the same legal issues. Each

12   alleges violations of federal securities laws, and is based on the same wrongful

13   course of conduct.   Each names the Company and certain of its officers as

14   defendants. Because the actions arise from the same facts and circumstances and

15   involve the same subject matter, the same discovery and similar class certification

16   issues will be relevant to all Related Actions. Accordingly, consolidation under Rule

17   42(a) is appropriate.

18   **B.    Waterford Should Be Appointed Lead Plaintiff**

19   Section 21D(a)(3)(B) of the PSLRA provides the procedure for selecting lead

20   plaintiff in class actions brought under the Exchange Act. The PSLRA directs courts

21   to consider any motion to serve as lead plaintiff filed by class members in response

22   to a published notice of class action by the later of (i) 60 days after the date of

23   publication of the notice, or (ii) as soon as practicable after the Court decides any

24   pending motion to consolidate. 15 U.S.C. §78u-4(a)(3)(B). The PSLRA provides

25   a "rebuttable presumption" that the "most adequate plaintiff" to serve as lead

26   plaintiff is the person or group of persons that:

27   (aa)   has either filed the complaint or made a motion in response to a

28

No. CV 11-02559 MMM (PLAx)
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF WATERFORD TOWNSHIP POLICE AND
FIRE RETIREMENT SYSTEM FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF COUNSEL

3

notice. . . ;

(bb)   in the determination of the Court, has the largest financial interest in the relief sought by the class; and

(cc)   otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii). *See In re Cavanaugh*, 306 F.3d 726, 730 (9th Cir. 2002)

As set forth herein, Waterford satisfies all three of these criteria, and thus is entitled to the presumption that it is the "most adequate plaintiff" for the Class.

### 1.   Waterford Is Making A Motion In Response To A Published Notice

On March 25, 2011, plaintiff Larry Brown ("Brown") filed a class action complaint alleging violations of federal securities laws against China Integrated Energy and certain of the Company's executive officers, and on that day, pursuant to §21D(a)(3)(A)(i) of the PSLRA, counsel for Brown published a notice of pendency of plaintiff's case on *Business Wire* – a widely circulated national business-oriented wire service[2] – announcing that a securities class action had been filed against defendants herein, and advising purchasers of China Integrated Energy securities that they had 60 days from the publication of the March 25, 2011 Notice to file a motion to be appointed as lead plaintiff.

Movant files the instant motion pursuant to plaintiff Larry Brown's published notice of pendency, and submits herewith Movant's sworn certification attesting that it is willing to serve as representative of the Class and willing to provide testimony at deposition and trial, if necessary. *See* Goldberg Declaration, Exhibit B. Movant therefore satisfies the requirement of either filing a complaint or making a motion in response to a published notice.

---

[2] *See Yousefi v. Lockheed Martin Corp.*, 70 F. Supp. 2d 1061, 1067 (C.D. Cal. 1999).

No. CV 11-02559 MMM (PLAx)
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF WATERFORD TOWNSHIP POLICE AND FIRE RETIREMENT SYSTEM FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF COUNSEL

4

**2.     Waterford Has The Largest Financial Interest In This Action**

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. §78u-4(a)(3)(B)(iii). *In re Cavanaugh*, 306 F.3d at 730.

Here, Movant purchased 12,375 shares of China Integrated Energy stock during the Class Period and, as a result, has suffered financial losses of $23,744.26. *See* Goldberg Declaration, Exhibit C. To the best of its knowledge, Movant believes it has the largest financial interest in this case among Class members who filed timely applications for appointment as lead plaintiff, and accordingly is presumed to be the "most adequate plaintiff." *See In re Cavanaugh*, 306 F.3d at 730.

**3.     Waterford Satisfies The Requirements Of
Rule 23 Of The Federal Rules Of Civil Procedure**

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, a lead plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interest of the class.

Fed. R. Civ. P. 23(a).

In making its determination that a lead plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification. A *prima facie* showing that a PSLRA movant satisfies the requirements of Rule 23 is sufficient. *In re Cavanaugh*, 306 F.3d at 731. Courts thus limit their inquiry to the typicality and adequacy prongs of Rule 23(a), and defer

No. CV 11-02559 MMM (PLAx)
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF WATERFORD TOWNSHIP POLICE AND
FIRE RETIREMENT SYSTEM FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF COUNSEL

5

1   examination of the remaining requirements until class certification. *See Gluck v.*

2   *CellStar Corp.*, 976 F. Supp. 542, 546 (N.D.Tex. 1997).

3            **a.     Movant's Claims Are Typical**

4        The Rule 23(a) typicality requirement is satisfied when a plaintiff's claims

5   arise from the same event, practice or course of conduct that gives rise to the other

6   class members' claims, and plaintiff's claims are based on the same legal theory. *See*

7   *Takeda v. Turbodyne Techs., Inc.*, 67 F. Supp. 2d. 1129, 1137 (C.D. Cal.

8   1999)(Morrow, J.).  Here, Movant's claims are typical of the claims asserted by

9   Class.  Movant, like all members of the Class, alleges that defendants violated

10  federal securities laws by publicly disseminating false and misleading statements

11  concerning China Integrated Energy's business, operations and financial prospects.

12  Movant, like all members of the Class, purchased China Integrated Energy securities

13  at prices artificially inflated by defendants' misrepresentations and omissions, and

14  was damaged thereby. Thus, Movant's interests are closely aligned with other Class

15  members' and, therefore, Movant's interests are typical of the other members of the

16  Class. *Id.*

17           **b.     Movant Is An Adequate Representative**

18       The adequacy of representation requirement of Rule 23 is satisfied where it

19  is established that a representative party "will fairly and adequately protect the

20  interest of the class."  Accordingly:

21          The Ninth Circuit has held that representation is "adequate" when counsel for the class is qualified and competent, the representative's

22          interests are not antagonistic to the interests of absent class members, and it is unlikely that the action is collusive.

23  

24  *Takeda,* 67 F. Supp. 2d at 1137 (citation omitted). The class representative must also

    have "a sufficient interest in the outcome of the case to ensure vigorous advocacy."

25  

26  *Id.* Movant has demonstrated its adequacy as lead plaintiff by evincing a strong

    desire to prosecute this action on behalf of the Class.  Movant has communicated

27  

28  

No. CV 11-02559 MMM (PLAx)
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF WATERFORD TOWNSHIP POLICE AND
FIRE RETIREMENT SYSTEM FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF COUNSEL

6

with competent, experienced counsel concerning this case, and has made this motion to be appointed lead plaintiff. Movant also sustained significant financial losses from its investments in China Integrated Energy securities and is, therefore, extremely motivated to pursue the claims in this action. *See* Goldberg Declaration, Exhibit C. Moreover, "no evidence exists to suggest that [Movant is] antagonistic to other members of the class or their attorneys, thereby meeting the adequacy of representation requirement." *Yousefi*, 70 F. Supp. 2d at 1071.

### 4.    Waterford Is Presumptively The "Most Adequate Plaintiff"

The presumption in favor of appointing Movant as lead plaintiff may be rebutted only upon proof "by a purported member of the plaintiffs' class" that the presumptively most adequate plaintiff:

(aa)   will not fairly and adequately protect the interest of the class; or

(bb)   is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78 u-4(a)(3)(b)(iii)(I). The presumption that Movant herein is the most adequate plaintiff is not, therefore, subject to rebuttal. Movant has suffered substantial financial losses – in excess of $23,000 – and believes it has the largest financial interest in this case of any timely lead plaintiff movant. The ability of Movant to fairly and adequately represent the Class is discussed above. Movant is not aware of any unique defenses defendants could raise against it that would render Movant inadequate to represent the Class. Moreover, because it is a sophisticated institutional investor, Waterford is capable of managing this litigation efficiently, effectively and in the best interests of the class. *See In re Critical Path, Inc. Secs. Litig.*,156 F.Supp.2d 1102, 1112-13 ("Congress has endeavored to ensure that the lead plaintiff will be, as in this case, an institutional investor skilled in the practice of the securities industry, capable of overseeing the conduct of the litigation"); *see also Takeda* 67 F. Supp. 2d. At 1135-36.

No. CV 11-02559 MMM (PLAx)
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF WATERFORD TOWNSHIP POLICE AND
FIRE RETIREMENT SYSTEM FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF COUNSEL

7

1   Accordingly, Waterford is presumptively the "most adequate plaintiff" and

2   should be appointed lead plaintiff for the Class. *In re Cavanaugh* 306 F.3d at 730

3   ("If the plaintiff with the largest financial stake in the controversy provides

4   information that satisfies these requirements, he becomes the presumptively most

5   adequate plaintiff").

6   **C.    The Court Should Approve Lead Plaintiff's Choice of Counsel**

7   The PSLRA vests authority in the lead plaintiff to select and retain counsel,

8   subject only to approval of the Court. *See* §21D(a)(3)(B)(v) of the Exchange Act.

9   Thus, the Court should not disturb the lead plaintiff's choice of counsel unless

10   necessary to protect the interest of the plaintiff class.    15 U.S.C. §78u-

11   4(a)(3)(B)(iii)(II)(aa); *see also In re Cavanaugh,* 306 F.3d at 733.  In the present

12   case, Movant has retained Glancy Binkow & Goldberg LLP and The Miller Law

13   Firm, P.C. to pursue this litigation on Movant's behalf, and will retain these law

14   firms as plaintiff's co-lead counsel, in the event Movant is appointed lead plaintiff.

15   Glancy Binkow & Goldberg LLP and The Miller Law Firm, P.C. possess extensive

16   experience in the area of securities litigation and have successfully prosecuted

17   numerous securities fraud class actions on behalf of injured investors, as reflected

18   by the firms' résumés attached to the Goldberg Declaration as Exhibits D and E.

19   Thus, the Court may be assured that, by granting Movant's motion, the Class will

20   receive the highest caliber of legal representation.

21   **IV.    CONCLUSION**

22   For the foregoing reasons, Waterford respectfully asks the Court to grant its

23   motion and enter an Order (a) consolidating the above-captioned Related Actions,

24   (b) appointing Waterford Township Police and Fire Retirement System as lead

25   plaintiff, (c) approving its selection of Glancy Binkow & Goldberg LLP and The

26   Miller Law Firm, P.C. as co-lead counsel for the Class, and granting such other relief

27   as the Court may deem just and proper.

28

No. CV 11-02559 MMM (PLAx)
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF WATERFORD TOWNSHIP POLICE AND
FIRE RETIREMENT SYSTEM FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF COUNSEL

1    Dated: May 24, 2011                 GLANCY BINKOW & GOLDBERG LLP

2
                                         By:_____
3                                        Lionel Z. Glancy
                                         Michael Goldberg
4                                        1801 Avenue of the Stars, Suite 311
                                         Los Angeles, California 90067
5                                        Tel: (310) 201-9150
                                         Fax: (310) 201-9160
6                                        Email: info@glancylaw.com
7

8                                        THE MILLER LAW FIRM, P.C.
                                         E. Powell Miller
9                                        950 West University Drive, Suite 300
                                         Rochester, Michigan 48307
10                                       Tel.: (248) 841-2200
                                         Fax:: (248) 652-2852
11

12                                       *Proposed Co-Lead Counsel*

13
                                         VANOVERBEKE MICHAUD
14                                           & TIMMONY, P.C.
                                         Thomas C. Michaud
15                                       79 Alfred Street
                                         Detroit, Michigan 48201
16                                       Tel.: (313) 578-1200
                                         Fax: (313) 578-1201
17

18                                       *Attorneys for Movants*

19

20

21

22

23

24

25

26

27
                                         No. CV 11-02559 MMM (PLAx)
28   MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF WATERFORD TOWNSHIP POLICE AND
     FIRE RETIREMENT SYSTEM FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF COUNSEL

                                                                                                    9

# PROOF OF SERVICE VIA MAIL

I, the undersigned, say:

I am a citizen of the United States and am employed in the office of a member of the Bar of this Court. I am over the age of 18 and not a party to the within action. My business address is 1801 Avenue of the Stars, Suite 311, Los Angeles, California 90067.

On May 24, 2011, I caused to be served the following documents:

1.  **NOTICE OF MOTION AND MOTION OF WATERFORD TOWNSHIP POLICE AND FIRE RETIREMENT SYSTEM FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF CO-LEAD COUNSEL**

2.  **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF WATERFORD TOWNSHIP POLICE AND FIRE RETIREMENT SYSTEM FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF CO-LEAD COUNSEL**

3.  **DECLARATION OF MICHAEL GOLDBERG IN SUPPORT OF MOTION OF WATERFORD TOWNSHIP POLICE AND FIRE RETIREMENT SYSTEM FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF CO-LEAD COUNSEL**

4.  **[PROPOSED] ORDER GRANTING MOTION OF WATERFORD TOWNSHIP POLICE AND FIRE RETIREMENT SYSTEM FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF CO-LEAD COUNSEL**

on the parties as listed on the attached Service List.

**By Mail**: By placing true and correct copies thereof in individual sealed envelopes, with postage thereon fully prepaid, which I deposited with my employer for collection and mailing by the United States Postal Service. I am readily familiar with my employer's practice for the collection and processing of correspondence for mailing with the United States Postal Service. In the ordinary course of business, this correspondence would be deposited by my employer with the United States Postal Service that same day.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on May 24, 2011, at Los Angeles, California.

Tia Reiss

*Brown v. China Integrated Energy, Inc., et al.*
No. CV 11-02559 MMM (PLAx)

## SERVICE LIST

Laurence M. Rosen
The Rosen Law Firm PA
333 South Grand Avenue 25th Floor
Los Angeles, CA 90071
213-785-2610

Bridget V. Hamill
Murray, Frank & Sailer LLP
275 Madison Avenue, Suite 801
New York, New York 10016
(212) 682-1818

Justin B. Farar
Kaplan Fox and Kilsheimer LLP
1801 Century Park East Suite 1095
Los Angeles, CA 90067
310-785-0800

Laurence D. King
Linda M. Fong
Kaplan Fox & Kilsheimer LLP
350 Sansome Street Suite 400
San Francisco, CA 94104
415-772-4700

Howard G. Smith
Law Offices of Howard G. Smith
3070 Bristol Pike, Suite 112
Bensalem, PA 19020
(215) 638-4848

China Integrated Energy, Inc.
c/o National Registered Agents, Inc.
160 Greentree Drive, Suite 101
Dover, DE 19904
302-674-4089

Gao Xincheng
c/o National Registered Agents, Inc.
160 Greentree Drive, Suite 101
Dover, DE 19904
302-674-4089

Albert C. Pu
c/o National Registered Agents, Inc.
160 Greentree Drive, Suite 101
Dover, DE 19904
302-674-4089

Li Gaihong
c/o National Registered Agents, Inc.
160 Greentree Drive, Suite 101
Dover, DE 19904
302-674-4089