W. ALLAN EDMISTON (SBN 228246)
aedmiston@loeb.com
LOEB & LOEB LLP
10100 Santa Monica Blvd., Suite 2200
Los Angeles, CA 90067
Telephone: 310.282.2000
Facsimile: 310.282.2200

EUGENE R. LICKER (admitted *pro hac vice*)
elicker@loeb.com
LAURA M. VASEY (admitted *pro hac vice*)
lvasey@loeb.com
345 Park Avenue
New York, New York 10154-1895
Telephone: 212.407.4000
Facsimile: 212.407.4990

*Attorneys for Defendant*
*China Integrated Energy, Inc.*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| LARRY BROWN, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,<br><br>Plaintiff,<br><br>v.<br><br>CHINA INTEGRATED ENERGY, INC., et al.,<br><br>Defendants. | Case No.: 2:11-CV-02599-MMM-PLA<br><br>Assigned to Hon. Margaret M. Morrow<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT CHINA INTEGRATED ENERGY, INC.'S MOTION TO STAY DISCOVERY IN STATE COURT ACTIONS**<br><br>Date: April 2, 2012<br><br>Courtroom: 780<br><br>Time: 10:00 a.m. |

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION TO STAY DISCOVERY IN STATE COURT ACTIONS

# TABLE OF CONTENTS

**Page(s)**

PRELIMINARY STATEMENT ...................................................................................1

STATEMENT OF FACTS............................................................................................2

    This Action................................................................................................ 3-4

    The Delaware Section 220 Books and Records Action ............................ 4-6

    The Newton and Pick Shareholder Derivative Actions ............................ 6-7

ARGUMENT .................................................................................................................7

I.   THE STANDARDS APPLICABLE TO A SLUSA MOTION TO STAY..........................................................................................................7

    A.   The Federal Action is Subject to a Stay of Discovery. .........................7

    B.   SLUSA Stays of Discovery Are to be Liberally Granted. ....................8

    C.   The Factors Warranting Imposition of a SLUSA Stay. ........................9

II.  THE SLUSA STAY SHOULD BE IMPOSED HERE.................................9

    A.   There is a Risk that the Federal Plaintiffs Will Obtain the Discovery Sought in the State Court Actions. ............................. 10-11

    B.   There is Substantial Factual and Legal Overlap Between the State and Federal Actions. .......................................................... 12-13

    C.   State Court Discovery Would Impermissibly Burden CBEH....... 13-14

    D.   A Stay of Discovery is Necessary to Enforce this Court's Jurisdiction............................................................................... 14-16

CONCLUSION ...........................................................................................................16

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

i

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION TO STAY DISCOVERY IN STATE COURT ACTIONS

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*In re Adelphia Commc'ns Corp.*,
  283 B.R. 337 (Bankr. S.D.N.Y. 2003) .............................................................. 15

*In re Cardinal Health, Inc. Secs. Litig.*,
  365 F. Supp. 2d 866 (S.D. Ohio 2005) ........................................................ passim

*In re Carnegie Int'l Corp. Secs. Litig.*,
  107 F. Supp. 2d 681 (D. Md. 2000) .................................................................. 8

*In re Crompton Corp.*,
  03-CV-1293, 2005 U.S. Dist. LEXIS 23001
  (D. Conn. July 25, 2005) ............................................................................ passim

*In re Dot Hill Sys. Corp. Sec. Litig.*,
  594 F. Supp. 2d 1150 (S.D. Cal. 2008) ....................................................... passim

*In re DPL Inc. Secs. Litig.*,
  285 F. Supp. 2d 1053 (S.D. Ohio 2003) ........................................................ 8, 12

*Good v. De Lange*,
  No. 11cv2826 JAH (BGS), 2011 WL 6888649
  (S.D. Cal. Dec. 29, 2011) ................................................................................... 9

*Newby v. Enron Corp.*,
  338 F.3d 467 (5th Cir. 2003) ............................................................................ 13

*Schwartz v. TXU Corp.*,
  02-CV-2243, 2004 U.S. Dist. LEXIS 14782
  (N.D. Tex. July 30, 2004) .............................................................. 12, 13, 14, 15

**STATUTES**

8 Delaware Code § 220 ............................................................................................. 5

15 U.S.C. § 77z-1(b)(1) .................................................................................. 1, 8, 16

15 U.S.C.A. § 77z-1(b)(4) ..................................................................................... 1, 8

15 U.S.C. § 78u-4(b)(3)(B) .................................................................................... 1, 8

15 U.S.C.A. § 78u-4(b)(3)(D) ....................................................................... 1, 8, 14, 16

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

ii

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION TO STAY DISCOVERY IN STATE COURT ACTIONS

# TABLE OF AUTHORITIES (CONT'D)

**Page(s)**

**OTHER AUTHORITIES**

H.R. Rep. No. 105-640 (1998) ...................................................................................9

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

iii

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION TO STAY DISCOVERY IN STATE COURT ACTIONS

Defendant China Integrated Energy, Inc. ("CBEH" or the "Company") respectfully submits this memorandum of points and authorities, together with the Declaration of Laura M. Vasey dated January 25, 2012 ("Vasey Decl.") and the exhibits thereto, in support of its motion to stay discovery in actions pending in Delaware state court, pursuant to the Securities Litigation Uniform Standards Act and the Private Securities Litigation Reform Act of 1995.

## PRELIMINARY STATEMENT

CBEH intends to file a motion to dismiss this action, which seeks relief for alleged violations of the Securities Exchange Act of 1934 and the Securities Act of 1933. This intention triggers an automatic stay of discovery under the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), 15 U.S.C. § 78u-4(b)(3)(B) (Securities Exchange Act) and 15 U.S.C. § 77z-1(b)(1) (Securities Act). Three actions pending in the Delaware Court of Chancery threaten to circumvent that discovery stay. One is a shareholder demand for inspection of CBEH's books and records, in which a trial is imminent. If the plaintiff in that action prevails, the Company will be required to produce documents in short order. The other two actions are shareholder derivative suits, which have not yet proceeded past the pleadings stage. All three actions are based upon precisely the same factual and legal allegations as those asserted here.

Where a federal action is subject to a stay of discovery, this Court has the power to stay discovery in state court actions pursuant to the Securities Litigation Uniform Standards Act ("SLUSA"):

> Upon a proper showing, a court may stay discovery proceedings in any private action in a State court as necessary in aid of its jurisdiction, or to protect or effectuate its judgments, in an action subject to a stay of discovery pursuant to this subsection.

15 U.S.C.A. § 78u-4(b)(3)(D) (Securities Exchange Act); 15 U.S.C.A. § 77z-1(b)(4) (Securities Act). Thus, upon a proper showing, this Court has the authority to stay

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

1

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION TO STAY DISCOVERY IN STATE COURT ACTIONS

discovery in the three related state court actions.

The requisite showing is made where discovery in the state action would impose a burden on the defendants and where information provided through discovery in the state action could be obtained by plaintiffs in the federal action. The "relevant considerations include the risk of federal plaintiffs obtaining the state plaintiff's discovery, the extent of factual and legal overlap between the state and federal actions, and the burden of state-court discovery on defendants." *In re Dot Hill Sys. Corp. Sec. Litig.*, 594 F. Supp. 2d 1150, 1165 (S.D. Cal. 2008) (citing *In re Crompton Corp.*, 03-CV-1293, 2005 U.S. Dist. LEXIS 23001, at *11 (D. Conn. July 25, 2005)).

Here, the federal plaintiffs are likely, or perhaps certain, to obtain any discovery sought in the state court actions. There is complete factual and legal overlap between this action and each of the pending state actions. The burden of discovery in the state actions would be substantial and, in the shareholder derivative actions, potentially equal to the burden of full discovery in this action. Accordingly, CBEH submits that a proper showing is made for a stay of discovery in all three actions in the Delaware Court of Chancery.

## **STATEMENT OF FACTS**

CBEH is a Delaware corporation with operations in the People's Republic of China ("PRC"). CBEH is engaged in three business segments – the wholesale distribution of finished oil and heavy oil products, the production and sale of biodiesel, and the operation of retail gas stations. CBEH, like numerous other PRC-based public issuers, has been the subject of attacks by short sellers. Though the Company published thorough and thoughtful refutations of the short sellers' attacked, the Company's stock price plummeted and prompted four shareholder class action suits in this District and three shareholder actions in Delaware Chancery Court (the "State Court Actions"). All of these actions concern CBEH's disclosures

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

2

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION TO STAY DISCOVERY IN STATE COURT ACTIONS

in its filings with the Securities and Exchange Commission ("SEC"), and all arise out of the reports of short sellers.

**This Action**

Plaintiff Larry Brown filed the first of the securities class actions in this District on March 25, 2011, claiming that the Company and others allegedly made material misstatements in the Company's SEC filings in violation of Section 10(b) of the Exchange Act. Three other shareholder class actions followed. These actions have been consolidated under the above-captioned case, and lead plaintiff and lead counsel have been appointed.

On December 20, 2011, Lead Plaintiff Puerto Rico Teachers Retirement System and Plaintiff Bristol Investment Fund, Ltd. (collectively, "Plaintiffs" or the "Federal Plaintiffs") filed their Consolidated Class Action Complaint (the "Complaint" or "Consol. Compl.") in this action, naming as defendants CBEH, present or former officers or directors Xincheng Gao, Albert C. Pu, Gaihong Li, Larry Goldman, Wenbing Christopher Wang, and Junrong Guo, and the Company's auditor, Sherb & Co. *See* Consol. Compl. (Vasey Decl., Ex. A). Plaintiffs assert claims for alleged violations of Sections 10(b) and 20(a) of the Exchange Act and Sections 11 and 15 of the Securities Act, contending that the Company allegedly materially overstated its revenues and net income, and failed to disclose and improperly accounted for related-party transactions in its filings with the SEC.

Plaintiffs' allegations of overstated financial results are based principally upon: (1) alleged discrepancies between ***the Company's*** financial disclosures for fiscal year 2009 reported in its SEC filings, and the financial disclosures of ***Xi'an Baorun Industrial***, a PRC entity through which the Company operates and with which the Company has a contractual relationship, reported in its filings with China's State Administration for Industry and Commerce ("SAIC") (Consol. Compl. ¶¶ 52-68); and (2) video surveillance of CBEH biodiesel factories allegedly

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

3

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION TO STAY DISCOVERY IN STATE COURT ACTIONS

conducted at the direction of short-seller Alfred Little,[1] who contends its videos establish that the Company overstated its biodiesel production and sales. *Id.* ¶¶ 69-100. Plaintiffs also contend that the Company failed to disclose that Chairman Gao's son, Gao Bo, owned a majority interest in the Chongqing Tianrun biodiesel factory and the Shenmu gas station at the time those companies were acquired by CBEH.

Finally, as purported evidence of CBEH's alleged wrongdoing, Plaintiffs point to the resignation of KPMG, the Company's independent auditor (Consol. Compl. ¶¶ 156-157); the resignation of the Company's Chief Financial Officer, Albert Pu (*id.* ¶ 154); the resignation of director Larry Goldman (*id.* ¶ 152); the resignations of the attorneys and advisors engaged to conduct an independent investigation of the allegations made by the short sellers (*id.* ¶¶ 151, 153); and the Nasdaq's decision to halt trading in, and ultimately delist, the Company's shares. *Id.* ¶¶ 147-150.

**The Delaware Section 220 Books and Records Action**

On July 1, 2011, Judith Bjornson, a stockholder of CBEH, demanded to inspect the Company's books and records (the "Demand"). *See* July 1, 2011 Demand (Vasey Decl., Ex. B). The documents Bjornson seeks to inspect go to the heart of Plaintiffs' fraud allegations. Among other documents, Bjornson seeks to inspect the Company's books and records: (1) establishing the Company's cash and cash equivalents as of December 31, 2010; (2) the ownership and acquisition of the Chongqing Tianrun factory and the Shenmu gas station; (3) KPMG's resignation; and (4) Nasdaq's delisting of the Company's stock.

---

[1] Alfred Little is a pseudonym. It was recently disclosed that rather than being a natural person, "Alfred Little" is an entity that engages in publishing scathing negative "reports" about companies, while it engages in short selling to profit from the predictable decline in market value of the company's stock as the marketplace absorbs the effects of the "reports."

1  The Demand itself leaves no doubt that Bjornson's inquiry is based upon
2  precisely the same allegations as this Action. The Demand expressly states that
3  Bjornson is seeking inspection of the Company's books and records for purposes of,
4  among other things:

> (i) investigating possible mismanagement and breached of fiduciary duties by the directors and officers of the Company, including, but not limited to, mismanagement and breaches of fiduciary duties in connection with the Company's lack of oversight and **possible participation in fraudulent conduct involving, but not limited to, the Company's revenues and net income and certain related party transactions;**

10 Demand at p. 3 (Vasey Decl., Ex. B). Even more telling, the Demand provides:

> In light of, among other things, numerous media reports regarding **allegedly fraudulent conduct committed by the Company's officers and directors, involving the Company's revenues and net income;** the institution of a purported independent investigation into the alleged wrongdoing; **the resignations of Pillsbury Winthrop Shaw Pittman LLP, Deloitte Financial Advisory Services LLP and King and Wood**, all of whom were hired to assist in the independent investigation; **the resignation of director Larry Goldman; the resignation of the Company's Chief Financial Officer, Albert Pu; KPMG's resignation as the Company's independent auditor; and Nasdaq stock exchange's halting of trading in CBEH shares**.

19 Demand at 4 (Vasey Decl., Ex. B) (emphasis added).

20  On August 1, 2011, Bjornson filed a Verified Complaint pursuant to 8
21 Delaware Code § 220 (the "220 Action"), reiterating the grounds for her demand.
22 *See* Bjornson Compl. ¶¶ 3-5, attaching Demand as Exhibit A thereto (Vasey Decl.,
23 Ex. C). Specifically, Bjornson's Complaint (¶ 4) is based on the following factual
24 allegations:

25  (1) "numerous media reports" alleged "fraudulent conduct" and "undisclosed
26 related-party transactions, potentially fictitious reports of revenues and net income,
27 and doubts regarding the veracity of CBEH's public disclosures;"
28

(2) the "institution of an internal investigation;"

(3) outside director Larry Goldman's resignation from the board;

(4) the "legal and accounting advisors hired to assist in the internal investigation" resigned "due to management's obstructionist conduct;"

(5) the Company's independent auditor resigned and the Company announced that shareholders should not rely on previous audit reports;

(6) NASDAQ halted traded in, and subsequently delisted, the Company's stock "due to, *inter alia*, management's interference with the internal investigation;" and

(7) the Company's Chief Financial Officer resigned.

CBEH filed its Answer to the Complaint on August 31, 2011. Pre-trial discovery has been completed. Trial in the Bjornson action will proceed on January 30, 2012. If Bjornson prevails, the Company will be ordered to produce some or all of the documents that Bjornson seeks to inspect in short order.

**The Newton and Pick Shareholder Derivative Actions**

On June 30, 2011, plaintiff Terry Newton filed a derivative action against the Company and its officers and directors Xincheng Gao, Albert C. Pu, Gaihong Li, Larry Goldman, Christopher Wenbing Wang, Junrong Guo, Liren Wei, and Steven Markscheid, before the Delaware Chancery Court ("Newton Action"). *See* Verified Shareholder Derivative Complaint ("Newton Complaint") (Vasey Decl., Ex. D). One week later, on July 7, 2011, plaintiff Lukas I. Pick filed a second derivative action, also before the Delaware Chancery Court, against the Company and defendants Gao, Li, Guo, Pu, Goldman, and Wang, and adding defendant Gao's son Bo Gao ("Pick Action"). *See* Verified Shareholder Derivative Complaint ("Pick Complaint") (Vasey Decl., Ex. E).

The Newton and Pick Complaints contain similar allegations and raise nearly identical state claims for breach of fiduciary duty and unjust enrichment, although the Pick Complaint brings additional claims for corporate waste and aiding and

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

6

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION TO STAY DISCOVERY IN STATE COURT ACTIONS

1 abetting breach of fiduciary duty.  The essence of the allegations in the Newton and
2 Pick Actions is that the Company materially overstated its revenues and net income,
3 and failed to disclose and improperly accounted for related-party transactions in its
4 filings with the SEC.  *See* Newton Compl. ¶¶ 49-50; Pick Compl. ¶ 7.

5       Like Plaintiffs' Complaint in the instant action, Newton's and Pick's
6 allegations of overstated financial results are imported wholesale directly from the
7 short sellers' "reports."  The Newton and Pick Complaints each allege that the
8 Company failed to disclose that the Company failed to disclose that the Company's
9 acquisitions of the Chongqing Tianrun biodiesel factory and the Shenmu gas station
10 were related-party transactions benefiting Chairman Gao's son.  Newton Compl. ¶
11 36 (Vasey Decl., Ex. D); Pick Compl. ¶ 3 (Vasey Decl., Ex. E).  Both allege
12 discrepancies between ***the Company's*** financial disclosures for fiscal year 2009
13 reported in its SEC filings, and the financial disclosures of ***Xi'an Baorun Industrial***
14 to the SAIC.  Newton Compl. ¶ 34; Pick Compl. ¶ 7.  Both allege that short seller
15 Little's purported video surveillance of CBEH biodiesel factories establish that the
16 Company overstated its biodiesel production and sales.  Newton Compl. ¶ 37; Pick
17 Compl. ¶ 49.  Finally, both contend that the resignations of KPMG, Albert Pu, Larry
18 Goldman, Pillsbury Winthrop, King & Wood, and Deloitte, and the Company's
19 delisting, all establish their claims of misconduct by defendants.  Newton Compl. ¶¶
20 46-48; Pick Compl. ¶¶ 57-58.

21 <center>**ARGUMENT**</center>
22 **I.  THE STANDARDS APPLICABLE TO A SLUSA MOTION TO STAY.**
23     **A.  The Federal Action is Subject to a Stay of Discovery.**
24 Where a federal action is subject to a stay of discovery, this Court has the
25 power to stay discovery in state court actions pursuant to SLUSA: "Upon a proper
26 showing, a court may stay discovery proceedings in any private action in a State
27 court as necessary in aid of its jurisdiction, or to protect or effectuate its judgments,
28 in an action subject to a stay of discovery pursuant to this subsection."  15 U.S.C.A.

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

7

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION TO STAY DISCOVERY IN STATE COURT ACTIONS

§ 78u-4(b)(3)(D) (Securities Exchange Act); 15 U.S.C.A. § 77z-1(b)(4) (Securities Act).

Here, the Federal Plaintiffs assert claims for alleged violations of both the Securities Exchange Act and the Securities Act. Actions under these statutes are subject to stays of discovery pursuant to Section 78u-4(b)(3)(B) of the Exchange Act and Section 77z-1(b)(1) of the Securities Act. CBEH's intent to file a motion to dismiss the Complaint is sufficient to trigger the PSLRA's automatic stay of discovery in this action. *See In re DPL Inc., Secs. Litig.*, 247 F. Supp. 2d 946, 947 n.4 (S.D. Ohio 2003) (rejecting the argument that section 78u-4(b)(3)(D) only permitted the Court to prevent discovery in state court actions after the defendant has actually moved to dismiss); *In re Carnegie Int'l Corp. Secs. Litig.*, 107 F. Supp. 2d 676, 681 (D. Md. 2000) (finding that under the PSLRA, "[u]ntil the opportunity to test the sufficiency of the complaint has passed, the congressional intent is clear – no discovery should commence").

### B. SLUSA Stays of Discovery Are to be Liberally Granted.

The legislative history to SLUSA makes clear that its provisions are intended to be used liberally – not sparingly – to prevent the circumvention of a PSLRA stay of discovery like the one threatened here:

> Because circumvention of the stay of discovery of the [PSLRA] is a key abuse that [SLUSA] is designed to prevent, **the [House Commerce] Committee intends that courts use this provision liberally**, so that the preservation of State court jurisdiction of limited individual securities fraud claims does not become a loophole through which the trial bar can engage in discovery not subject to the stay of the [PSLRA].

H.R. Rep. No. 105-640, at 17-18 (1998) (quoted in *Dot Hill Sys. Corp. Secs. Litig.*, 594 F. Supp. 2d 1150, 1165 (S.D. Cal. 2008)) (emphasis added).

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

8

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION TO STAY DISCOVERY IN STATE COURT ACTIONS

Here, the plaintiffs in the State Court Actions seek to create such a loophole by invoking the purported jurisdiction of the Delaware Court of Chancery over actions for inspection of books and records of Delaware corporations, to engage in discovery in circumvention of the PSLRA stay of discovery in this action. CBEH respectfully submits that this Court should not allow this clear circumvention of the PSLRA and stay discovery in the State Court Actions.

### C. The Factors Warranting Imposition of a SLUSA Stay.

In determining whether to grant a stay of discovery under SLUSA, the district court may consider "the risk of federal plaintiffs obtaining the state plaintiffs' discovery, the extent of factual and legal overlap between the state and federal actions and the burden of state-court discovery on defendants." *In re Dot Hill Sys. Corp. Secs. Litig.,* 594 F. Supp. 2d 1150, 1165 (S.D. Cal. 2008) (quoted in *Good v. De Lange*, No. 11cv2826 JAH (BGS), 2011 WL 6888649, at *2 (S.D. Cal. Dec. 29, 2011). As explained in the *Good* decision, "[t]here are two general purposes behind the stay provisions of the SLUSA: (1) to prevent the imposition of any unreasonable burden on a defendant before disposition of a motion to dismiss; and (2) to avoid the situation where discovery at the state court level allows a federal plaintiff, who would not otherwise be able to meet the PSLRA's heightened pleading requirement, an opportunity to acquire information and resuscitate a complaint otherwise subject to dismissal." 2011 WL 6888649, at *2.

## II. THE SLUSA STAY SHOULD BE IMPOSED HERE.

As shown below, all of the factors warranting imposition of a SLUSA stay exist here: (1) there is a palpable risk that the Federal Plaintiffs will obtain the discovery sought in the State Court Actions; (2) there is a near identity of factual and legal allegations in this action and the State Court Actions; and (3) discovery in the State Court Actions will impermissibly burden CBEH. Absent a court-imposed stay, the stay of discovery mandated by the PSLRA in this action will be rendered meaningless.

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

9

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION TO STAY DISCOVERY IN STATE COURT ACTIONS

### A. There is a Risk that the Federal Plaintiffs Will Obtain the Discovery Sought in the State Court Actions.

The first of the factors set forth in *Dot Hill*, "the risk of federal plaintiffs obtaining the state plaintiff's discovery," is unacceptably high in this case. The SLUSA stay is intended "to avoid the situation in which discovery at the state court level allows a federal plaintiff, who would not otherwise be able to meet the PSLRA's heightened pleading requirement, an opportunity to acquire information and resuscitate a complaint otherwise subject to dismissal." *In re Cardinal Health, Inc. Secs. Litig.*, 365 F. Supp. 2d 866, 872 n.6 (S.D. Ohio 2005). Here, allowing discovery in the Bjornson 220 Action to proceed creates a near certainty that the Federal Plaintiffs will obtain discovery that will afford them an opportunity to re-plead and resuscitate a complaint that would otherwise be subject to dismissal. Allowing any of the State Court Actions to proceed with discovery creates an unacceptable risk that the Federal Plaintiffs will obtain discovery before this Court determines the sufficiency of the Amended Complaint.

Although the plaintiffs in the Bjornson 220 Action and the Derivative Actions do not appear to be involved in this action, the risk of the Federal Plaintiffs obtaining their discovery is sufficient for a stay to be granted. Federal courts have stayed discovery in state court derivative actions where the plaintiffs and their attorneys had no involvement in the federal actions and no apparent intent to circumvent a PSLRA stay of discovery. SLUSA "does not require a showing that the state plaintiff intended to circumvent the PSLRA." *Cardinal Health*, 365 F. Supp. 2d at 874.

In *Dot Hill*, the district court ordered a stay of discovery in a state court derivative action even though a protective order was in place, the state court plaintiffs were represented by different counsel, and they "would not necessarily intend to circumvent the PSLRA." 594 F. Supp. 2d at 1166-67. The district court found a risk that the federal plaintiffs would obtain discovery from the state

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

10

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION TO STAY DISCOVERY IN STATE COURT ACTIONS

1  plaintiffs merely because both were "members of the putative federal class." *Id.* at
2  1167. The district court thus concluded that the state plaintiffs' "receipt of
3  discovery would violate the PSLRA." *Id.* (citing *In re Crompton Corp.*, 2005 U.S.
4  Dist. LEXIS 23001, at *11). Here, the Federal Plaintiffs and Plaintiffs Bjornson,
5  Lucas, and Pick have similar interests. They are all allegedly shareholders of
6  CBEH, with Lucas and Pick asserting derivative claims, Bjornson claiming to
7  investigate potential derivative claims, and the Federal Plaintiffs asserting claims for
8  federal securities fraud on behalf of themselves and all CBEH shareholders. It is not
9  a coincidence that upon the publication of short seller reports and the
10 commencement of shareholder suits, suddenly there is a Section 220 action by a
11 shareholder from whom the Company has never heard before. Receipt of discovery
12 by any of these plaintiffs would violate the PSLRA.

13 In *Cardinal Health*, 365 F. Supp. 2d at 875 n.11, the plaintiff in a state court
14 derivative action argued that she had filed her action more than a year before the
15 first federal complaint and that there were no attorneys in common between the
16 federal and state actions. Moreover, the parties in the state court action had signed a
17 confidentiality agreement that would prevent the federal plaintiffs from obtaining
18 the state court discovery. The district court nonetheless granted the SLUSA stay,
19 expressing concern "that some form of discovery, whether it be a state court order
20 resolving a discovery dispute or a public hearing, will reach Plaintiffs before this
21 Court has decided any dismissal motion." *Id.* at 875.

22 Here, some form of discovery, if allowed in the Bjornson 220 Action or the
23 Derivative Actions, is likely to reach the Federal Plaintiffs before this Court decides
24 any dismissal motions, giving the Federal Plaintiffs the opportunity to artificially
25 resurrect a complaint that should be dismissed. "The result, intentional or not, will
26 be to circumvent the PSLRA's stay provision." *Id.* Accordingly, the first factor
27 favors a stay of discovery in the State Court Actions.

28

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

11

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION TO STAY DISCOVERY IN STATE COURT ACTIONS

**B.   There is Substantial Factual and Legal Overlap Between the State and Federal Actions.**

The second *Dot Hill* factor (594 F. Supp. 2d at 1152), "the extent of factual and legal overlap between the state and federal actions," is present where, as here, the actions "aris[e] out of the same factual scenario." *In re DPL Inc. Secs. Litig.*, 285 F. Supp. 2d 1053, 1054 (S.D. Ohio 2003). In *DPL*, "six consolidated federal securities actions aris[ing] out of the allegedly failed investment strategy of DPL, Inc." were before the district court. *Id.* The court granted a stay of discovery in five state court derivative actions seeking damages for alleged breaches of fiduciary duty by the corporation's officers, directors and accountants "arising out of the same factual scenario." *Id.* This action, and all of the State Court Actions, arise out of the same factual scenario involving alleged misstatements in the Company's SEC filings.

In *Dot Hill*, the district court found that the factual allegations in the state court complaint "parrot those of" a class action complaint in the district court. Based on the similarities in the complaints, the district court found "substantial factual and legal overlap" between the federal and state actions.

In *Cardinal Health*, the district court found that the state court action was "predicated almost entirely on the gravamen of the complaints pending in this Court: securities fraud," and that both actions "involve the same substantive arguments." 365 F. Supp. 2d at 875; *see also In re Crompton Corp. Secs. Litig.*, 2005 U.S. Dist. LEXIS 23001, at *10 (granting stay where "over 100 paragraphs" in a state court derivative complaint were "nearly identical" to allegations in the federal class action complaint); *Schwartz v. TXU Corp.*, 02-CV-2243, 2004 U.S. Dist. LEXIS 14782, at *6 (N.D. Tex. July 30, 2004) (granting stay of discovery in a state court action that involved "the [same] alleged misrepresentations" about the corporation's securities).

The district court in *Cardinal Health* found that, because of the factual overlap among the actions, "the risk of inconsistent rulings would be unreasonably

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

12

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION TO STAY DISCOVERY IN STATE COURT ACTIONS

1 high given the similar subject matter, risking unnecessary tension between the
2 courts." *Id.* at 875-76. The court concluded that a stay "will thus avoid any conflict
3 between this Court and the state court, which would be ruling on a multitude of
4 similar, if not identical, issues." *Id.* at 876.

5       Here, as discussed above in the Statement of Facts, all three complaints in the
6 State Court Actions are based upon precisely the same factual allegations as
7 Plaintiffs' Complaint in this action. The gravamen of all of the complaints is that
8 the Company and its officers and directors allegedly made materially false and
9 misleading statements in the Company's SEC filings concerning the Company's
10 financial results – as purportedly evidenced by allegations in the reports of short
11 sellers and the wave of resignations that followed those reports – and failed to
12 disclose that the Company's acquisitions of the Chongqing Tianrun factory and
13 Shenmu gas station were related-party transactions. Accordingly, the second factor
14 favors a stay of discovery in the State Court Actions.

15       **C.    State Court Discovery Would Impermissibly Burden CBEH.**

16       The third and final *Dot Hill* factor, "the burden of state court discovery on
17 defendants," also favors a stay of discovery in the State Court Actions. *Dot Hill*,
18 594 F. Supp. 2d at 1165. One of the purposes of the PSLRA discovery stay is "to
19 prevent the imposition of any unreasonable burden on a defendant before disposition
20 of a motion to dismiss." *Cardinal Health*, 365 F. Supp. 2d at 876; *see also TXU*
21 *Corp.*, 2004 U.S. Dist. LEXIS 14782, at *3 ("[t]he purpose of the discovery stay is
22 to prevent costly in-depth discovery and disruption of the defendants' normal
23 business activities until a court can determine whether a suit which has been filed is
24 meritorious.") (citing *Newby v. Enron Corp.*, 338 F.3d 467, 471 (5th Cir. 2003)).
25 Prejudice to the state court plaintiff is not a countervailing factor. *See In re*
26 *Crompton Corp. Secs. Litig.*, 2005 U.S. Dist. LEXIS 23001, at *10 ("[w]hile
27 Plaintiff may be inconvenienced by a stay, prejudice is not a consideration under
28 SLUSA").

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

13

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION TO STAY DISCOVERY IN STATE COURT ACTIONS

In *Cardinal Health*, the district court found that discovery in the state action, if allowed, would be "duplicative and burdensome" and that denial of the stay "would waste substantial judicial resources" because discovery proceedings "promise to be rife with disputes and litigating them in both the state and federal courts would be cumbersome and inefficient." *Id.* at 876.

Here, inspection of the Company's books and records would be duplicative and burdensome on CBEH. In the 220 Action, Bjornson seeks inspection of a wide range of CBEH's books and records and has served numerous pre-trial discovery requests on CBEH. The burden will be compounded by the fact that CBEH's operations are in China and virtually all of its business is conducted in Chinese. The inevitable disputes, if they would be litigated in both state and federal courts, would be cumbersome and inefficient and would waste scarce judicial resources.

Indeed, because of the substantial overlap with this action, any discovery in the State Court Actions while the PSLRA stay is pending in this action will unduly burden CBEH. In *Dot Hill*, the district court stayed discovery because the "factual overlap" between the actions presented a "very real possibility" that the defendants would be forced to provide discovery "on matters relating directly to the claims of the plaintiffs in this case while the PSLRA discovery stay is still in effect." *Id.* at 1178 (quoting *TXU Corp.*, 2004 U.S. Dist. LEXIS 14782, at *6). The same is true is here: allowing discovery in any of the State Court Actions will force CBEH to provide discovery on matters relating directly to Plaintiffs' claims in this action while the PSLRA stay is in effect.

**D.   A Stay of Discovery is Necessary to Enforce this Court's Jurisdiction.**

As shown above, all three of the *Dot Hill* factors in this case support a proper showing for entry of a stay under SLUSA. The statute provides that, where a proper showing is made, this Court may stay discovery in state court actions if a stay is

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

14

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION TO STAY DISCOVERY IN STATE COURT ACTIONS

1 "necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 15
2 U.S.C. § 78u-4(b)(3)(D).  In *TXU Corp.*, the district court found:

> Simply stated, if the Court does not stay discovery in [the state action], its jurisdiction to rule upon the motion to dismiss the plaintiffs' federal securities claims filed in this case, before any discovery has been conducted, will have been circumvented by discovery in the state court actions and, therefore, compromised.

2004 U.S. Dist. LEXIS 14782, at *6.  *See also Dot Hill*, 594 F. Supp. 2d at 1166 (ordering a stay of discovery "to aid the Court's jurisdiction under the PSLRA to determine the legal sufficiency of plaintiffs' complaint prior to discovery relevant to the allegations of that complaint.").

Here, this Court has jurisdiction to determine the legal sufficiency of Plaintiffs' Complaint before discovery relevant to its allegations is taken.  To aid in that jurisdiction, discovery should be stayed in the State Court Actions.  Moreover, because the State Court Actions are based on the same factual scenario as this action, the risk of inconsistent rulings and unnecessary tension between the courts is unreasonably high.  *See Cardinal Health*, 365 F. Supp. 2d at 875-76.

If discovery is not stayed in the State Court Actions, the Court of Chancery will be ruling on a multitude of similar or identical issues.  Moreover, the Federal Plaintiffs and the plaintiffs in the State Court Actions will have circumvented the stay of discovery currently in effect in this Court under the PSLRA.  A stay of discovery in the State Court Actions under SLUSA will preserve the stay in this Court and prevent any conflict between the courts.  *See id.* at 876; *see also In re Adelphia Commc'ns Corp.*, 283 B.R. 337, 355 (Bankr. S.D.N.Y. 2003)(granting stay where plaintiffs took "measures in the state court to achieve expedited results that materially impinge on the federal requirements of the PSLRA, and on orders in the federal courts with stayed '34 Act claims").  Accordingly, CBEH respectfully submits that a stay of discovery in the State Court Actions should be entered

pursuant to SLUSA, 15 U.S.C. §§ 77z-1(b)(1) and 78u-4(b)(3)(D), to aid in this Court's jurisdiction and to protect or effectuate its judgments.

## CONCLUSION

For all of the foregoing reasons, Defendant China Integrated Energy, Inc. respectfully requests that the Court enter an order in the form filed herewith staying discovery in the State Court Actions.

Dated:  January 25, 2012

LOEB & LOEB LLP
W. ALLAN EDMISTON

LOEB & LOEB LLP
EUGENE R. LICKER
LAURA M. VASEY

By:  /s/
LAURA M. VASEY

*Attorneys for Defendant
China Integrated Energy, Inc.*

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

16

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION TO STAY DISCOVERY IN STATE COURT ACTIONS