ABRAHAM, FRUCHTER
   & TWERSKY, LLP
IAN D. BERG   (Bar No. 263586)
TAKEO A. KELLAR   (Bar No. 234470)
12526 High Bluff Drive, Suite 300
San Diego, CA 92130
Tel:   (858) 792-3448
Fax:   (858) 792-3449
*iberg@aftlaw.com*
*tkellar@aftlaw.com*

*Counsel for Lead Plaintiff Puerto Rico Teachers Retirement System and Lead Counsel for the Class*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| LARRY BROWN, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>CHINA INTEGRATED ENERGY, INC., et al.,<br><br>Defendants. | Case No. CV 11-02559-MMM (PLAx)<br><br>CLASS ACTION<br><br>PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR ORDER TO EFFECT SERVICE ON THE FOREIGN INDIVIDUAL DEFENDANTS BY SERVING THE COMPANY'S COUNSEL OR ITS REGISTERED AGENT;<br><br>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF<br><br>Date:    July 23, 2012<br>Time:   10:00 a.m.<br>Place:   Courtroom 780<br>Judge:  Hon. Margaret M. Morrow |

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................... ii

NOTICE OF MOTION AND MOTION ................................................................. 1

MEMORANDUM OF POINTS AND AUTHORITIES .......................................... 2

I.    INTRODUCTION ........................................................................................ 2

II.    BACKGROUND .......................................................................................... 3

III.   ARGUMENT ................................................................................................ 4

IV.   CONCLUSION ............................................................................................. 9

# TABLE OF AUTHORITIES

Case                                                                                                              Page

*Bank Julius Baer & Co. Ltd. v. Wikileaks*,
   No. C 08-00824, 2008 U.S. Dist. LEXIS 14758
   (N.D. Cal. Feb. 13, 2008) ..............................................................................9

*Cincinnati Ins. Co. v. Belkin Corp.*,
   No. 07-0615, 2008 WL 60402 (S.D. Ala. Jan. 2, 2008).......................................6

*Intercontinental Indus. Corp. v. Qingquan Luo et al.*,
   2011 U.S. Dist. LEXIS 9081 (C. D. Cal. Jan. 20, 2011)..................................5, 6

*In re China Educ. Alliance Inc. Sec. Litig.*,
   2011 U.S. Dist. LEXIS 149588 (C.D. Cal. Dec. 29, 2011) ............................7, 8

*In re China Valves Technology Sec. Litig.*,
   No. 11-cv-00796-LAK, *Slip. Op.* (S.D.N.Y. Sept. 14, 2011) .........................7, 8

*In re LDK Solar Sec. Litig.*,
   2008 U.S. Dist. LEXIS 90702 (N.D. Cal. June 12, 2008) ..................................7

*James Rose v. Deer Consumer Products, Inc.*,
   2011 U.S. Dist. LEXIS 150160 (C.D. Cal. Dec. 29, 2011).............................7, 8

*Rio Properties, Inc. v. Rio Intern. Interlink*,
   284 F.3d 1007 (9th Cir. 2002) ......................................................................4, 5

**STATUTES, RULES & REGULATIONS**

Fed. R. Civ. P. 4(f) ...........................................................................................*passim*

10 Del. C. § 3114 ...................................................................................................8

**NOTICE OF MOTION AND MOTION**

PLEASE TAKE NOTICE that court-appointed Lead Plaintiff Puerto Rico Teachers Retirement System and Plaintiff Bristol Investment Fund, Ltd. (collectively "Plaintiffs") will hereby move, on July 23, 2012, at 10:00 a.m., in Courtroom 780 of the United States Courthouse, 255 East Temple Street, Los Angeles, CA 90012, for an Order, pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 4(f)(3), authorizing Plaintiffs to effectuate alternate service on individual defendants Xincheng Gao, Junrong Guo and Gaihong Li by serving defendant China Integrated Energy, Inc.'s registered agent or its counsel.

This motion should be granted because Plaintiffs will otherwise suffer undue expenses, prejudice and burden if the motion is not granted; and defendants will suffer no undue burden if the motion is granted. This motion is made following the conference of counsel pursuant to L.R. 7-3 on February 7th and 9th, 2012.

This Motion is based on this Notice of Motion and Motion, the supporting Memorandum of Points and Authorities, the Declarations of Ian D. Berg and Wei Chen, the pleadings, papers and other records on file in this action, and on such additional evidence, argument, or other matters that the Court may deem necessary or proper.

## MEMORANDUM OF POINTS AND AUTHORITIES

Lead Plaintiff Puerto Rico Teachers Retirement System[1] and Plaintiff Bristol Investment Fund, Ltd. (collectively "Plaintiffs") respectfully submit this memorandum of law in support of their motion for an order permitting them to serve individual defendants Xincheng Gao, Junrong Guo and Gaihong Li (collectively, the "Foreign Individual Defendants") through Defendant China Integrated Energy, Inc.'s ("China Integrated" or the "Company") counsel located in this District, as permitted by Rule 4(f)(3) of the Federal Rules of Civil Procedure. Alternatively, Plaintiffs propose that the Court authorize service on the Foreign Individual Defendants through China Integrated's registered agent, National Registered Agents, Inc. of Dover, Delaware.

## I. INTRODUCTION

This case is brought against China Integrated, a Chinese-based company incorporated in Delaware. In 2007, China Integrated chose to list itself on the NASDAQ exchange via a reverse merger in order to access the U.S. capital markets. In doing so, the Company and its officers and directors voluntarily subjected themselves to the provisions of the U.S. securities laws.

The Foreign Individual Defendants, Xincheng Gao, Junrong Guo and Gaihong Li,[2] who are current officers and/or directors of the Company, have not yet been served with process. These individuals are believed to reside in the People's Republic of China ("PRC" or "China"). As current officers and/or

---

[1] Puerto Rico Teachers Retirement System was appointed Lead Plaintiff by Order dated August 29, 2011. (Docket No. 43).

[2] Plaintiffs have duly served the Company (Docket No. 45) and defendant Sherb & Co. (Docket No. 46), as well as U.S. based defendant Larry Goldman (Docket No. 47). Plaintiffs herein concurrently file a motion to extend time to effectuate service on U.S. based individual defendants Wenbing Christopher Wang and Junrong Guo.

directors of the Company, they undoubtedly have actual knowledge of this litigation, yet have refused to allow counsel for the Company, Loeb & Loeb LLP, to accept service on their behalf. Ignoring the mandate of the Federal Rules of Civil Procedure that they attempt in good faith to minimize the cost of service, the Foreign Individual Defendants, apparently want to avoid service entirely or, at the least, to make service unreasonably difficult, expensive, and protracted. At a minimum, the Foreign Individual Defendants' tactics will complicate and unduly delay these proceedings—any Defendants served after the Court rules on China Integrated's anticipated motion to dismiss are likely to argue that they are not bound by the Court's ruling since the Court did not have jurisdiction over them when it made its decision.

When a court is faced with such a situation, the Federal Rules of Civil Procedure allow it to approve reasonable alternatives to the costly, time consuming, and possibly fruitless procedure of attempting service outside the country through the cumbersome procedures of the Hague Convention on Service Abroad. Consequently, to expedite this litigation, to reduce the costs associated with it, and to ensure that no wrongdoer escapes liability, Plaintiffs respectfully move the Court to permit that the Foreign Individual Defendants be served through China Integrated's counsel, Loeb & Loeb LLP, on the reasonable premise that counsel will transmit the relevant documents to the Foreign Individual Defendants, each of whom is a director and/or senior officer of China Integrated – and each of whom is directing Loeb & Loeb LLP as counsel for the Company in this same action. Alternatively, because China Integrated has a registered agent in Delaware, service on that agent would also be valid and proper.

## II. BACKGROUND

China Integrated is a publically traded company incorporated in the state of Delaware, but apparently conducts operations only through entities it controls in

the PRC. The Foreign Individual Defendants all reside in and are citizens of the PRC.

Plaintiffs allege that defendants violated the federal securities laws by knowingly and/or recklessly disseminating false and misleading information about the revenue and net income from its biodiesel fuel production factory in the PRC, which inflated the market price of the Company's common stock during the period beginning March 31, 2010, through and including April 21, 2011 (the "Class Period"). Defendant China Integrated has been served with a copy of the complaint and summons. Plaintiffs' counsel have been in communication with China Integrated's attorneys, Loeb & Loeb LLP. To date, counsel for China Integrated are unwilling to accept service for any of the individual defendants, are unwilling to provide Plaintiffs' counsel with any information about where in China the Foreign Individual Defendants reside, and have advised that they would oppose any motion to seek a partial lifting of the PSLRA's discovery stay so that Plaintiffs can issue specifically tailored interrogatories requesting information necessary to serve the Foreign Individual Defendants. Declaration of Ian D. Berg ("Berg Decl.") ¶3, filed herewith.

## III. ARGUMENT

Service of process outside the United States is governed by Federal Rule of Civil Procedure 4(f), which provides that such service may be made by means that include international agreements such as the Hague Convention or, under subsection 4(f)(3), "by other means not prohibited by international agreement, as the court orders." Additionally, the manner of alternate service "must also comport with constitutional notions of due process." *Rio Properties, Inc. v. Rio Intern. Interlink*, 284 F.3d 1007, 1016 (9th Cir. 2002).

The Ninth Circuit has rejected a defendant's argument that plaintiffs must attempt service under the Hague Convention – which would be fruitless in this case

involving China (*see below*) – or any other particular method of overseas service authorized by Rule 4(f) before asking a court to authorize service by "other means." In *Rio Properties, Inc. v. Rio Intern. Interlink*, 284 F.3d 1007 (9th Cir. 2002), the Court held that:

> We find no support for [the defendant's] position. No such requirement is found in the Rule's text, implied by its structure, or even hinted at in the advisory committee notes.
>
> *By all indications, court-directed service under Rule 4(f)(3) is as favored as service available under Rule 4(f)(1) or Rule 4(f)(2).* Indeed, Rule 4(f)(3) is one of three separately numbered subsections in Rule 4(f), and each subsection is separated from the one previous merely by the simple conjunction "or." Rule 4(f)(3) is not subsumed within or in any way dominated by Rule 4(f)'s other subsections; it stands independently, on equal footing. Moreover, no language in Rules 4(f)(1) or 4(f)(2) indicates their primacy, and certainly Rule 4(f)(3) includes no qualifiers or limitations which indicate its availability only after attempting service of process by other means.

*Id.* at 1015 (footnote and citations omitted) (emphasis added). *See also Intercontinental Indus. Corp. v. Qingquan Luo et al.*, No. CV 10-4174-JST (Ex), 2011 U.S. Dist. LEXIS 9081, at *3 (C.D. Cal. Jan. 20, 2011) (quoting *Rio Properties*, 284 F.3d at 1015). Here, it would not only be permissible for the Court to approve an alternative means of service, but in doing so, the Court would prevent undue delay and an unnecessary waste of resources.

In particular, to effectively serve individuals in China, a plaintiff must be able to provide the Chinese Central Authority with the defendants' current address and typically their government identification number. Due to the PSLRA's stay on discovery, however, counsel for China Integrated has declined to provide such information to Plaintiffs' counsel. *See* Berg Decl. ¶3.

Nonetheless, as detailed in the accompanying Declarations, Plaintiffs have retained an investigator and conducted an independent investigation utilizing both

Chinese-language and U.S based sources in an effort to locate the Foreign Individual Defendants. Declaration of Wei Chen ("Chen Decl."), ¶¶4-5, filed herewith. Notwithstanding these efforts, Plaintiffs were unable to ascertain the current addresses of the Foreign Individual Defendants.[3] Chen Decl. ¶6. Plaintiffs have also contacted a consulting firm in China who has advised that the cost of obtaining a single address for an individual could potentially be $5,000 for a total potential cost of $15,000. Berg Decl. ¶2.

While service of process in China is theoretically possible pursuant to the Hague Convention, in reality, such attempts would ultimately prove to be fruitless as recent requests for service under the Hague Convention have been rejected by the Chinese Central Authority. *See, e.g., Intercontinental*, No. CV 10-4174-JST (Ex), 2011 U.S. Dist. LEXIS 9081, at *2 and Dkt. No. 6-2) (Chinese Central Authority refused to execute a request for service under the Hague Convention for an individual defendant residing in China on the grounds that it "infringe[d] the sovereignty or security of China."). Even if China agrees to execute service, it will likely take between four and six months. *See Cincinnati Ins. Co. v. Belkin Corp.*, No. 07-0615, 2008 WL 60402, at *1 (S.D. Ala. Jan. 2, 2008) (noting that service of process under the Hague Convention in China will take between four and six months).

For the reasons set forth herein, permitting service of the Foreign Individual Defendants through China Integrated's defense counsel, or its registered agent in Delaware, is appropriate in this case. Since China Integrated is actively

---

[3] Indeed, it was through this investigation that Plaintiffs learned that two of the individual defendants reside in the U.S. – information that was known to China Integrated's counsel, Loeb & Loeb LLP, but which Loeb & Loeb LLP failed to disclose during the meet and confer process despite realizing Lead Counsel's misunderstanding.

participating in its defense of this lawsuit there can be no reasonable doubt that the Foreign Individual Defendants – each a current officer and/or director of China Integrated – are aware of the action.  In addition, a defendant, including a defendant outside the United States, "has a duty to avoid unnecessary expenses of serving the summons," Fed. R. Civ. P. 4(d)(1).  These Defendants – officers and/or directors of the Company – in an apparent effort to evade service, have declined to permit counsel for China Integrated to accept service on their behalf.  Berg Decl. ¶3.  Moreover, China Integrated has refused to provide Plaintiffs with the Foreign Individual Defendants' addresses and Government Identification Numbers, while at the same time, the Company has not disputed that the requested information is readily in its possession.  *Id.*

Under similar circumstances, courts in this District have recently granted such relief in securities fraud cases involving China-based companies.  *See, e.g.*, *James Rose v. Deer Consumer Products, Inc.*, No.  CV 11-03701 DMG (MRWx), 2011 U.S. Dist. LEXIS 150160 (C.D. Cal. Dec. 29, 2011) (Gee, J.); *In re China Educ. Alliance Inc. Sec. Litig.*, No. CV 10-9239-CAS (JCx), 2011 U.S. Dist. LEXIS 149588 (C.D. Cal. Dec. 29, 2011) (Snyder, J.).[4]  For example, in *Deer,* Judge Gee authorized service of both current and former officers located in China through the Chinese company's registered agent in Nevada, finding that such service "comports with constitutional notions of due process and is appropriate under these circumstances." 2011 U.S. Dist. LEXIS 150160, at *8.

As in *Deer* and *China Educ. Alliance*, each of the Foreign Individual Defendants is a current officer and/or director of the Company, the Company is

---

[4] *See also In re LDK Solar Sec. Litig.*, No. C 07-05182 (WHA), 2008 U.S. Dist. LEXIS 90702, at *5 (N.D. Cal. June 12, 2008); *In re China Valves Technology Sec. Litig.*, No. 11-cv-00796-LAK (S.D.N.Y. Sept. 14, 2011) (attached as Ex. A to the Berg Decl.).

actively participating in this action, and the Company's counsel of record has not disputed that it has communicated with the Foreign Individual Defendants in the course of its representation of China Integrated in this matter. *Id. See also* Berg Decl. ¶3.  Notably, Delaware law specifically authorizes the service of nonresident officers and directors of a Delaware corporation through a company's registered agent in a Delaware action.  *See* 10 Del. C. § 3114.[5]  Therefore, service of the Foreign Individual Defendants through the Company's registered agent is appropriate under Rule 4(f)(3) and satisfies due process requirements because it is reasonably calculated to reach the Foreign Individual Defendants.  *See Deer*, 2011 U.S. Dist. LEXIS 150160, at *8; *China Educ. Alliance*, 2011 U.S. Dist. LEXIS 149588, at *6.

Similarly, where, as here, the individuals who retained counsel to represent the Company appear to be evading service, alternative service on the Company's counsel is appropriate and satisfies due process.  *In re China Valves Technology Sec. Litig.*, No. 11-cv-00796-LAK (S.D.N.Y. Sept. 14, 2011) (permitting service on the individual defendants by serving the corporate defendant's defense counsel pursuant to Rule 4(f)(3)) (attached as Ex. A to the Berg Decl.).  The Company's

---

[5] Section 3114 of the Delaware Code states: "Every nonresident of this State who after January 1, 2004, accepts election or appointment as an officer of a corporation organized under the laws of this State, or who after such date serves in such capacity, and every resident of this State who so accepts election or appointment or serves in such capacity and thereafter removes residence from this State shall, by such acceptance or by such service, be deemed thereby to have consented to the appointment of the registered agent of such corporation (or, if there is none, the Secretary of State) as an agent upon whom service of process may be made in all civil actions or proceedings brought in this State, by or on behalf of, or against such corporation, in which such officer is a necessary or proper party, or in any action or proceeding against such officer for violation of a duty in such capacity, whether or not the person continues to serve as such officer at the time suit is commenced."

counsel can easily transmit the summons and complaint to each of the Foreign Individual Defendants based on their contact with those individuals as part of their representation of China Integrated in this matter.[6]

## IV. CONCLUSION

For the reasons set forth above, Plaintiffs respectfully request that the Court authorize the alternate service requested upon the Foreign Individual Defendants through China Integrated's counsel, Loeb & Loeb LLP, or through China Integrated's registered agent in the United States.

Dated: June 4, 2012

Respectfully submitted,
ABRAHAM, FRUCHTER
  & TWERSKY, LLP

/s/ *Ian D. Berg*
IAN D. BERG

ABRAHAM, FRUCHTER
  & TWERSKY, LLP
IAN D. BERG   (Bar No. 263586)
TAKEO A. KELLAR   (Bar No. 234470)
12526 High Bluff Drive, Suite 300
San Diego, CA 92130
Tel:   (858) 792-3448
Fax:   (858) 792-3449
*iberg@aftlaw.com*
*tkellar@aftlaw.com*

-and-

MITCHELL M.Z. TWERSKY
ATARA HIRSCH
One Penn Plaza, Suite 2805
New York, NY 10119
Tel: (212) 279-5050
Fax: (212) 279-3655
*mtwersky@aftlaw.com*
*ahirsch@aftlaw.com*

---

[6] In fact, service on counsel is far more likely to reach the Foreign Individual Defendants than is service through sometimes unreliable e-mail—a means of service that courts have routinely permitted. *See, e.g., Bank Julius Baer & Co. Ltd. v. Wikileaks*, No. C 08-00824, 2008 U.S. Dist. LEXIS 14758, at *5 (N.D. Cal. Feb. 13, 2008) (authorizing service by e-mail pursuant to Rule 4(f)(3)).

*Counsel for Lead Plaintiff Puerto Rico Teachers Retirement System*

WILLIAM B. FEDERMAN (*Pro Hac Vice*)
FEDERMAN & SHERWOOD
10205 North Pennsylvania Avenue
Oklahoma City, OK 73120
Tel:   (405) 235-1560
Fax:   (405 239-2112
*wbf@federmanlaw.com*

*Counsel for Plaintiff Bristol Investment Fund, Ltd.*

MOTION TO EFFECT SERVICE ON THE FOREIGN INDIVIDUAL DEFENDANTS   - 10-
Case No. 11-02559-MMM (PLAx)