ABRAHAM, FRUCHTER
   & TWERSKY, LLP
IAN D. BERG   (Bar No. 263586)
TAKEO A. KELLAR   (Bar No. 234470)
12526 High Bluff Drive, Suite 300
San Diego, CA 92130
Tel:   (858) 792-3448
Fax:   (858) 792-3449
*iberg@aftlaw.com*
*tkellar@aftlaw.com*

*Counsel for Lead Plaintiff Puerto Rico*
*Teachers Retirement System and Lead*
*Counsel for the Class*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| LARRY BROWN, Individually and on Behalf of All Others Similarly Situated,<br><br>            Plaintiff,<br><br>   v.<br><br>CHINA INTEGRATED ENERGY, INC., et al.,<br><br>            Defendants. | Case No. CV 11-02559-MMM (PLAx)<br><br>CLASS ACTION<br><br>PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR A *NUNC PRO TUNC* ORDER EXTENDING TIME TO SERVE DEFENDANTS ALBERT C. PU AND WENBING CHRISTOPHER WANG WITH THE SUMMONS AND COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF<br><br>Date:      July 23, 2012<br>Time:     10:00 a.m.<br>Place:    Courtroom 780<br>Judge:   Hon. Margaret M. Morrow |

## NOTICE OF MOTION AND MOTION

PLEASE TAKE NOTICE that court-appointed Lead Plaintiff Puerto Rico Teachers Retirement System and Plaintiff Bristol Investment Fund, Ltd. (collectively "Plaintiffs") will hereby move, on July 23, 2012, at 10:00 a.m., in Courtroom 780 of the United States Courthouse, 255 East Temple Street, Los Angeles, CA 90012, for a *nunc pro tunc* order, pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 4(m), extending the time for Plaintiffs to serve the individual defendants Albert C. Pu and Wenbing Christopher Wang (collectively, the "Domestic Individual Defendants") by sixty (60) days from the date of this Court's order granting the motion.

This motion should be granted because there is good cause for Plaintiffs' failure to serve the Domestic Individual Defendants within the 120 days under Fed. R. Civ. P. 4(m); Plaintiffs will suffer undue prejudice if these defendants are dismissed from the action; and defendants will suffer no undue burden if the relief requested is granted.

## MEMORANDUM OF POINTS AND AUTHORITIES

This consolidated securities fraud class action against the China-based company, China Integrated, and certain of its officers and directors, was filed on March 25, 2011. Plaintiffs duly served the summons and complaint on three U.S.-based defendants, including China Integrated, the Company's auditor, Sherb & Co., and former Audit Committee Chairman, Larry Goldman, in accordance with the Federal Rules of Civil Procedure. The other individual defendants who are officers and/or directors of the Chinese company – Xincheng Gao, Junrong Guo, Gaihong Li, Albert C. Pu and Wenbing Christopher Wang – were all believed to be domiciled only in China and have yet to be served as the 120-day time limit for service under Rule 4(m) "does not apply to service in a foreign country under Rule 4(f)." Fed. R. Civ. P. 4(m).

Plaintiffs are concurrently filing a motion requesting alternative service on

the China-based individual defendants pursuant to Rule 4(f)(3) by serving China Integrated's counsel in this District, or in the alternative, the Company's registered agent in Delaware.  Lead Plaintiff only recently discovered that defendants Albert C. Pu and Wenbing Christopher Wang have residences in the United States.  For defendants residing in the United States, Federal Rule of Civil Procedure 4(m) requires a plaintiff to serve a defendant within 120 days after filing the complaint. Thus, the time limit has expired as to defendants Pu and Wang.

Based on this newly discovered information as to the U.S. residences of defendants Pu and Wang, Plaintiffs respectfully request that the Court grant Lead Plaintiff an additional sixty (60) days in which to serve Defendants Pu and Wang in the United States.

Under Rule 4(m), "[d]istrict courts have broad discretion to extend time for service . . ." *Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2007).  Indeed, "Rule 4(m), as amended in 1993, *requires* a district court to grant an extension of time when the plaintiff shows good cause for the delay." *Id.* at 1040 (citation omitted) (original emphasis).  "Additionally, the rule *permits* the district court to grant an extension even in the absence of good cause." *Id.* (citation omitted) (original emphasis).  Good cause is established by the existence of "excusable neglect." *24 Hour Fitness USA, Inc. v. Conlogue*, No. 11-02416-PHX-FJM, 2012 U.S. Dist. LEXIS 48766, at *2 (D. Az. Apr. 6, 2012) (citing *Lemonge v. United States*, 587 F.3d 1188, 1192 (9th Cir. 2009)).  To determine whether excusable neglect is established, courts should consider "at least four factors: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Id.* (quoting *Lemonge*, 587 F.3d at 1192).

Here, there is no prejudice to defendants in granting the requested sixty (60) day extension to serve Defendants Wang and Pu.  Moreover, there will be no impact on these proceedings as a result of the requested extension of time to serve

1    these defendants because discovery has been stayed during the pendency of
2    motions to dismiss the action.  In addition, Defendant Pu was at all relevant times
3    the Chief Financial Officer of China Integrated, and Defendant Wang was a
4    director and member of the Audit Committee, and thus are critical parties to this
5    litigation.

6          Accordingly, Plaintiffs respectfully request that the Court enter an order
7    *nunc pro tunc* to extend the time for serving the summons and complaint on Albert
8    C. Pu and Wenbing Christopher Wang by sixty (60) days from the date of the
9    Court's order granting the requested relief.

10   Dated:  June 4, 2012                    Respectfully submitted,
                                             ABRAHAM, FRUCHTER
11                                              & TWERSKY, LLP

12                                            _____/s/ *Ian D. Berg*_____
13                                               IAN D. BERG

14                                           ABRAHAM, FRUCHTER
                                                & TWERSKY, LLP
15                                           IAN D. BERG   (Bar No. 263586)
                                             TAKEO A. KELLAR   (Bar No. 234470)
16                                           12526 High Bluff Drive, Suite 300
                                             San Diego, CA 92130
17                                           Tel:   (858) 792-3448
                                             Fax:  (858) 792-3449
18                                           *iberg@aftlaw.com*
                                             *tkellar@aftlaw.com*
19
                                                   -and-
20
                                             MITCHELL M.Z. TWERSKY
21                                           ATARA HIRSCH
                                             One Penn Plaza, Suite 2805
22                                           New York, NY 10119
                                             Tel: (212) 279-5050
23                                           Fax: (212) 279-3655
                                             *mtwersky@aftlaw.com*
24                                           *ahirsch@aftlaw.com*

25                                           *Counsel for Lead Plaintiff Puerto Rico*
                                             *Teachers Retirement System*
26

27                                           WILLIAM B. FEDERMAN (*Pro Hac*
                                             *Vice*)
28                                           FEDERMAN & SHERWOOD
                                             10205 North Pennsylvania Avenue
                                             Oklahoma City, OK 73120

Tel:    (405) 235-1560
Fax:    (405 239-2112
*wbf@federmanlaw.com*

*Counsel for Plaintiff Bristol Investment
Fund, Ltd.*