UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY BROWN, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>    v.<br><br>CHINA INTEGRATED ENERGY, INC., et al.,<br><br>        Defendants. | CASE NO. 11-2559 MMM (PLAx)<br><br>ORDER GRANTING PLAINTIFFS' MOTION FOR ORDER TO EFFECT SERVICE ON FOREIGN INDIVIDUAL DEFENDANTS BY SERVING COMPANY COUNSEL OR ITS REGISTERED AGENT |

## I. FACTUAL AND PROCEDURAL BACKGROUND

This is a consolidated securities fraud class action under the Securities Exchange Act of 1934, as amended by the Private Securities Litigation Reform Act of 1995. On August 21, 2011, the court consolidated a number of actions filed by plaintiffs seeking to represent individuals who purchased the common stock of China Integrated Energy, Inc. ("China Integrated").[1] On December 20, 2011, lead plaintiff Puerto Rico Teachers Retirement System ("Puerto Rico TRS") and plaintiff Bristol Investment Fund, Ltd (collectively "plaintiffs") filed a consolidated class action complaint against two corporate defendants, China Integrated and accounting firm Sherb

---

[1] Order Granting Motion of Puerto Rico Teachers Retirement System for Consolidation of Related Cases and For Appointment as Lead Plaintiff and Lead Counsel ("Consolidation Order"), Docket No. 43 (Aug. 29, 2011).

& Co ("Sherb"), and individual defendants Xincheng Gao, Albert C. Pu, Gaihong Li, Larry Goldman, Wenbing Christopher Wang, and Junrong Guo.[2] To date, plaintiffs have effectuated service on only three defendants: China Integrated,[3] Sherb,[4] and Larry Goldman.[5] On July 23, 2012, plaintiffs filed a motion under Rule 4(f)(3) of the Federal Rules of Civil Procedure, asking that the court authorize them to effect service on three of the unserved defendants, Xincheng Gao, Gaihong Li, and Junrong Guo (collectively the "foreign individual defendants") by serving either China Integrated's counsel, Loeb & Loeb LLP, or its registered agent for service of process in Delaware.[6] Presumably because they have not yet been served, the foreign individual defendants did not oppose the motion; China Integrated, however, filed opposition on July 2, 2012.[7]

Plaintiffs allege that the three foreign individual defendants currently reside in the People's

---

[2] Consolidated Class Action Complaint for Violations of the Federal Securities Laws ("Complaint"), Docket No. 59 (Dec. 20, 2011).

[3] Proof of Service Executed by Plaintiff William Corvriendt, Bristol Investment Fund, Ltd, upon Defendant China Integrated Energy, Inc. ("China Integrated Proof of Service"), Docket No. 45 (Sep. 14, 2011).

[4] Proof of Service Executed by Plaintiff William Corvriendt, Bristol Investment Fund, Ltd, upon Defendant Sherb and Co. ("Sherb Proof of Service"), Docket No. 46 (Sep. 14, 2011).

[5] Proof of Service Executed by Plaintiff William Corvriendt, Bristol Investment Fund, Ltd, upon Defendant Larry Goldman ("Goldman Proof of Service"), Docket No. 47 (Sep. 21, 2011).

[6] Motion for Order to Effect Service on the Foreign Individual Defendants by Serving the Company's Counsel or Its Registered Agent ("Motion"), Docket No. 109 (June 4, 2012) at 1, 3, 8. In a separate motion, plaintiffs have separately requested an extension of time to serve the remaining two defendants, Albert Pu and Wenbing Christopher Wang. (Motion for a Nunc Pro Tunc Order Extending Time to Serve Defendants Albert C. Pu and Wenbing Christopher Wang with the Summons and Complaint, Docket No. 110 (June 4, 2012).)

[7] Opposition to Plaintiffs' Motion for Leave to Effect Alternate Service Pursuant to Fed. R. Civ. P. 4(f)(3), ("Opposition"), Docket No. 114 (Jul. 2, 2012).

Republic of China ("PRC"),[8] and that they are officers or directors of China Integrated.[9] Plaintiffs assert that China Integrated's counsel has refused to given them information necessary to effect service on the foreign individual defendants in the PRC, but has not denied having such information in her possession.[10] While plaintiffs have conducted an independent investigation in an effort to locate the foreign individual defendants, their efforts have so far been unsuccessful.[11] Plaintiffs believe the foreign individual defendants are attempting to evade service so that they can avoid being bound by a potentially unfavorable ruling.[12] They contend that obtaining the foreign individual defendants' addresses could cost approximately $15,000 and that even with the addresses in hand, service could take four to six months or be blocked altogether by Chinese authorities.[13] They thus argue that the court should authorize alternative service on China Integrated's counsel or its registered agent.[14]

Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the court finds the matter appropriate for decision without oral argument and vacates the hearing scheduled

---

[8]Motion for Order to Effect Service on the Foreign Individual Defendants by Serving the Company's Counsel or Its Registered Agent ("Motion"), Docket No. 109 (Jun. 4, 2012) at 1.

[9]Motion at 2. Plaintiffs allege that Gao is President and CEO of China Integrated, and that he owns 64.9 percent of the company's common stock. Li is purportedly China Integrated's Financial Controller and Executive Vice President, while Guo is a director of China Integrated and a member of the company's audit committee. (Complaint, ¶¶ 29, 31, 38.) Plaintiffs state that their investigation of China Integrated's SEC filings has confirmed that all three defendants "are current officers and/or directors of the Company." (Declaration of Wei Chen in Support of Motion ("Chen Decl.") ¶ 3.)

[10]Declaration of Ian D. Berg ("Berg Decl.") ¶ 3; see also Motion at 4. In China Integrated's opposition, it does not deny that its attorney has ready access to the information necessary to effect service on the foreign individual defendants in China. (Opposition at 1-4.)

[11]Motion at 5-6.

[12]*Id*. at 3.

[13]*Id*. at 6.

[14]*Id*. at 8-9.

3

for July 23, 2012.

## II.  DISCUSSION

### A.  Legal Standard Governing Motions For Alternative Service Under Rule 4(f)(3)

Rule 4(f) of the Federal Rules of Civil Procedure provide the means by which a plaintiff may serve an individual located outside of the United States. See FED.R.CIV.PROC. 4(f). Under Rule 4(f)(3), the court can authorize service on a foreign individual "by other means not prohibited by international agreement." FED.R.CIV.PROC. 4(f)(3). Other than the requirement that the method of service not be proscribed by international agreement, the rule imposes no limitation on the court's authority to authorize alternative means of service. See *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1014 (9th Cir. 2002) ("As obvious from its plain language, service under Rule 4(f)(3) must be (1) directed by the court; and (2) not prohibited by international agreement. No other limitations are evident from the text. In fact, as long as court-directed and not prohibited by an international agreement, service of process ordered under Rule 4(f)(3) may be accomplished in contravention of the laws of the foreign country"). A plaintiff need not pursue other methods of service before requesting that the court authorize an alternative method under Rule 4(f)(3). See *id*. at 1015 ("Rule 4(f)(3) is neither a 'last resort' nor 'extraordinary relief.' It is merely one means among several which enables service of process on an international defendant"). Any method of service authorized by the court, however, must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Id*. at 1016 (quoting *Mullane v. Central Hannover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)).

China Integrated advances two primary arguments as to why the court should deny plaintiffs' request for alternative service. It asserts first that the form of service plaintiffs request is prohibited by the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters (the "Hague Convention" or the "Convention"), *opened for*

4

*signature* Nov. 15, 1965, 20 U.S.T. 361, 658 U.N.T.S. 163.[15] Second, it contends that plaintiffs have not demonstrated that serving the foreign individual defendants in the PRC would be impossible or unduly burdensome.[16] The court addresses each argument in turn.

### B. Whether the Hague Convention Provides the Exclusive and Mandatory Means by Which Plaintiffs May Serve the Foreign Individual Defendants

China Integrated contends that the only way plaintiffs can serve the foreign individual defendants is through the procedures set forth in the Hague Convention.[17] China Integrated asserts that, since the PRC is a signatory to the Hague Convention, "the use of the convention service mechanisms is 'mandatory.'"[18] Under the terms of the Convention, service in a foreign country must usually be performed by a receiving country's "Central Authority," which is provided with the documents and effects service in the member country. See *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004) ("The primary means by which service is accomplished under the [Hague] Convention is through a receiving country's "Central Authority. . . . If the documents comply with applicable requirements, the Convention affirmatively requires the Central Authority to effect service in its country"); see also Hague Convention, Art. 4 ("The authority or judicial officer competent under the law of the State in which the documents originate shall forward to the Central Authority of the State addressed a request conforming to the model annexed to the present Convention").

As China Integrated notes, plaintiffs in other cases have, in conformity with the Convention's procedures, successfully effected service on defendants in China through the Chinese Central Authority. See *Herman Miller, Inc. V. Alphaville Design, Inc.*, No. C 08-3437 WHA, 2009 WL 3429739, *2 (N.D. Cal. Oct. 22, 2009). As a result, it contends, plaintiffs should be required to effect service through the Chinese Central Authority in compliance with the Hague

---

[15]Opposition at 2.

[16]*Id*. at 3.

[17]*Id*. at 2.

[18]*Id*. (citing *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 699-700 (1988)).

5

Convention, and not be permitted to evade these requirement by being authorized to effect service on China Integrated's counsel or agent in the United States.

It is true that "compliance with the Convention is mandatory in all cases to which it applies." *Volkswagenwerk Aktiengesellschaft*, 486 U.S. at 705m and that "a federal court would [thus] be prohibited from issuing a Rule 4(f)(3) order in contravention of . . . the Hague Convention," *Rio Properties, Inc.,* 284 F.3d at 1015 n. 4. The mere fact that the foreign individual defendants reside in a country that is a signatory to the Convention, however, does not compel the conclusion that the Convention applies to service on those defendants. Article I of the Convention states that it "shall apply in all cases, in civil or commercial matters, *where there is occasion to transmit a judicial or extrajudicial document for service abroad*." Hague Convention, Art. 1 (emphasis added). If valid service occurs in the United States, therefore, the Convention is not implicated regardless of the location of the party. See *Volkswagenwerk Aktiengesellschaft*, 486 U.S. at 707 ("Where service on a domestic agent is valid and complete under both state law and the Due Process Clause, our inquiry ends and the Convention has no further implications. Whatever internal, private communications take place between the agent and a foreign principal are beyond the concerns of this case"); *Hatami v. Kia Motors America, Inc.*, No. SA CV 08-226 DOC (MLGx), 2008 WL 4748233, *3 (C.D. Cal. Oct. 29, 2008) ("[T]he Hague Convention only applies when service must be effectuated abroad").

Plaintiffs request that the court authorize a method of service that can be effectuated in the United States – i.e., service on China Integrated's American lawyer, or on its registered agent for service of process in Delaware.[19] Therefore, that method of service need not conform to the requirements of the Hague Convention. See *Khachatryan v. Toyota Motor Sales, U.S.A., Inc.*, 578 F.Supp.2d 1224, 1228 (C.D. Cal. 2008) ("Since Khachatryan served Toyota Japan under California law in a manner which did not require the 'transmittal of documents abroad, the Hague Convention does not apply in this instance'")

Courts in similar cases have rejected arguments virtually identical to that raised by China

---

[19]Motion at 9.

6

Integrated here. Plaintiffs cite recent securities fraud cases in which courts have authorized alternative service on individual defendants located in China through their companies, their companies' agents, or their companies' attorneys.[20]  See *Rose v. Deer Consumer Prods., Inc.*, No. CV 11-03701 DMG (MRWx), 2011 WL 6951969, *3 (C.D. Cal. Dec. 29, 2011); *In re China Educ. Alliance Inc. Sec. Litig.*, No. CV 10-9239-CAS (JCx), 2011 WL 6846214, *3 (C.D. Cal. Dec. 29, 2011); *In re LDK Solar Sec. Litig.*, No. C 07-05182 (WHA), 2008 WL 2415186, *3 (N.D. Cal. June 12, 2008) ("Here, plaintiffs do not request to effect service in China via mail; rather, they request to serve the remaining six unserved defendants through LDK's California office"). These courts rejected contentions similar to those made by China Integrated, i.e., that the Hague Convention provided the only means to effect service on a defendant residing in China. See, e.g., *In re LDK Solar Sec. Litig.*, 2008 WL 2415186 at *3 ("Plaintiffs are . . . correct that nothing in the Convention bars the requested means of service"); see also *Rose*, 2011 WL 6951969 at *2 (finding the Convention inapplicable to service effected on individual defendants via service on a Chinese corporation's registered agent in Nevada). This argument by China Integrated therefore fails. The Hague Convention does not prohibit authorizing plaintiffs to serve the foreign individual defendants by serving them through China Integrated's agent for service of process or its attorneys in the United States.

### C. Whether Plaintiffs Are Precluded from Pursuing Alternative Service Because They Have Not Attempted to Effect Service Through More Traditional Means

China Integrated contends that the method of service plaintiffs request is unwarranted because they "have failed to . . . state, or even suggest, that this particular case presents case-specific circumstances that warrant the extraordinary relief they seek."[21] It asserts that plaintiffs have not "even tr[ied] to serve the Individual Defendants properly in the People's Republic of China,"[22] and that, as a consequence, plaintiffs cannot articulate "any basis for this Court to direct

---

[20]*Id*. at 7.

[21]Opposition at 2.

[22]*Id*. at 1.

7

alternative service pursuant to Rule 4(f)(3) of the Federal Rules of Civil Procedure."[23]

The Ninth Circuit has rejected the contention that Rule 4(f)(3) can only be utilized if other methods of service have failed or been shown to be unduly burdensome. See *Rio Properties, Inc.*, 284 F.3d at 1016 ("[W]e disapprove of the statements in *Graval* [*v. P.T. Bakrie & Bros.*, 986 F.Supp. 1326 (C.D. Cal. 1996),] which would require attempted service by all feasible alternatives before service under Rule 4(f)(3) is allowed. Instead, we hold that Rule 4(f)(3) is an equal means of effecting service of process under the Federal Rules of Civil Procedure"). Rather, it has held that service under the Hague Convention, pursuant to Rule 4(f)(1), is not necessarily preferable to the manners of service permitted by Rule 4(f)(3). See *id*. ("By all indications, court-directed service under Rule 4(f)(3) is as favored as service available under Rule 4(f)(1) or Rule 4(f)(2)"). Therefore, the court cannot accept China Integrated's argument that plaintiffs' requested method of service is improper because they have failed to demonstrate the impracticability of other methods. Plaintiffs are not required to make such a showing.

### D. Whether the Requested Method of Service Is "Reasonably Calculated" to Provide Actual Notice to the Foreign Individual Defendants

Having concluded that the form of service plaintiffs request is not prohibited by international agreement, the court must determine whether it is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane*, 339 U.S. at 314; see *Rio Properties*, 284 F.3d at 1016 ("Even if facially permitted by Rule 4(f)(3), a method of service of process must also comport with constitutional notions of due process"). China Integrated argues that service through Loeb & Loeb or China Integrated's authorized agent for service of process would be improper because plaintiffs have not shown that either has represented the foreign individual defendants or that those defendants have authorized either to accept service on their behalf.[24]

These arguments are unavailing. Due process does not require that the individuals served

---

[23]*Id*. at 2.

[24]*Id*. at 3.

8

on behalf of foreign defendants have represented them or been authorized to accept service on their behalf. Instead, "[t]he reasonableness and hence the constitutional validity of any chosen method may be defended on the ground that it is in itself reasonably certain to inform those affected." *Mullane*, 339 U.S. at 315. Plaintiffs argue that the foreign individual defendants are current officers of China Integrated, and thus that they "are directing counsel for the Company, Loeb & Loeb LLP, and have likely discussed with or received information regarding this action from China Integrated's counsel."[25] Even if the individual defendants are not actively involved in directing the litigation, their close connection to China Integrated makes it all but certain that when Gao, Li, and Guo are served through the company's counsel or its agent, they will receive notice of the suit. See *Rose*, 2011 WL 6951969 at *2 ("Plaintiffs assert, and Deer Consumer does not dispute, that each of the Individual Defendants is a current or former officer or director of the Company, that the Company is actively participating in this action, and that the Company's counsel of record has had, and continues to have, face-to-face communications with the Individual Defendants. Deer Consumer also fails to present any basis for the Court to find that Plaintiffs' proposed service on Deer Consumer's registered agent for service process is not 'reasonably calculated' to provide notice of this action to the Individual Defendants. As such, the Court finds that service of the Individual Defendants by service on Deer['s] . . . registered agent for service of process comports with constitutional notions of due process and is appropriate under these circumstances" (internal citations omitted)); *In re China Educ. Alliance, Inc. Secs. Litig.*, 2011 WL 6846214 at *3 ("CEU trades on the New York Stock Exchange, it maintains a registered domestic agent for service of process, and L. Zhang and Zhang are directors of CEU. Thus, authorizing service on L. Zhang and Zhang via CEU pursuant to Rule 4(f)(3) is 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections,'" quoting *Rio Properties*, 284 F.3d at 1016); *In re LDK Solar Secs. Litig.*, 2008 WL 2415186 at *4 ("Serving the remaining six

---

[25] Reply Memorandum in Further Support of Plaintiffs' Motion to Effect Service on the Foreign Individual Defendants by Serving the Company's Counsel or its Registered Agent ("Reply"), Docket No. 115 (July 9, 2012) at 5.

9

defendants through the California office is reasonably calculated, under these circumstances, to apprise them of the pendency of the July 12, 2012 action and afford them with the opportunity to respond. After all, LDK trades on the New York Stock Exchange, its subsidiary is located in California, and the remaining defendants are all sophisticated officers, directors, or the Chinese subsidiary of LDK").

### III. CONCLUSION

For the reasons stated, the court grants plaintiffs' motion to effect alternative service. Plaintiffs must serve defendants Xincheng Gao, Gaihong Li, and Junrong Guo by serving China Integrated's authorized agent for service of process in Delaware or its counsel, Loeb & Loeb, LLP, within twenty days of the date of this order.

DATED: July 17, 2012

_____
MARGARET M. MORROW
UNITED STATES DISTRICT JUDGE