UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| LARRY BROWN, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,<br><br>        Plaintiff,<br><br>    v.<br><br>CHINA INTEGRATED ENERGY, INC., et al.,<br><br>        Defendants. | Case No.: CV 11-02559-BRO-(PLAx)<br><br>Hon. Paul L. Abrams<br><br>**PROTECTIVE ORDER** |

**IT IS HEREBY ORDERED that:**

1.       This Protective Order governs information given or received through testimony, depositions and/or discovery in this action, regardless of the origin of such information, that is confidential, proprietary and/or trade secret information. The provisions of this Protective Order shall apply to the parties to this action and any other person producing, receiving, or disclosing material in this action who agrees to be bound by the terms of this Protective Order.

2.       The parties to this Protective Order are: (a) Lead Plaintiff Puerto Rico Teachers Retirement System and Plaintiff Bristol Investment Fund, Ltd., individually and on behalf of all others similarly situated represented by their respective attorneys; and (b) Defendants China Integrated Energy, Inc., Xincheng Gao, Gaihong Li, Junrong Guo, Albert C. Pu, Larry Goldman, Christopher Wenbing Wang, and Sherb and Co., LLP represented by their respective attorneys.  An individual or organization that ceases to be a party to this lawsuit is bound to adhere

to all obligations arising under and all acts taken pursuant to this Protective Order prior to the time he, she, or it ceases to be a party.

3.      This Protective Order shall govern information produced during this action relating to revenues, profits and financials of the parties, information regarding corporate strategy, and other information which the parties in good faith believe contains or constitutes trade secrets or material non-public, competitively sensitive proprietary or confidential information ("Protected Material") in accordance with the processes set forth in this Protective Order. Protected Material under the terms of this Order includes information which has not been made public and which concerns or relates to the processes, operations, or to the production, sales, shipments, purchases, transfers, identification of customers, inventories, amount or source of any income, profits, losses, or expenditures of any persons, firm, partnership, corporation, or other organization, the disclosure of which information may have the effect of causing harm to the competitive position of the person, firm, partnership, corporation, or to the organization from which the information was obtained.  The public disclosure of particular business negotiations or terms of sale and distribution will be detrimental to the future business of Defendants, and the parties seek limited protections from the Court to prevent the disclosure of this confidential information.

4.      Any party or other person who agrees to be bound by the terms of this Protective Order may designate for protection hereunder information that is produced or provided in connection with this case orally during testimony at depositions, in writing through the production of documents, or otherwise during pre-trial proceedings that such party or other person reasonably believes to be confidential or private in nature, and the information so designated shall be subject to the provisions of this Protective Order.

5.      Protected Material may be designated by the party producing it as either: (a) "CONFIDENTIAL" or as (b) "HIGHLY CONFIDENTIAL."

Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited.  Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.  If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

6.     Designation of Protected Material produced through documents or responses to written discovery shall be designated by a notice in writing placed on such Protected Material.  Any party may designate documents or responses to written discovery as Protected Material at any time after production by serving all parties, through their counsel, with notification of such designation.  Documents or responses to written discovery designated as Protected Material after their initial production shall be treated as Protected Material after receipt of notice of that designation.   Failure to designate Protected Material at the time of production shall not be deemed to waive any right to so designate or to preclude any later designation.  Upon receipt of notification of designation, counsel in possession of information or materials to be designated shall mark all such information and materials as directed by the designating party.  Inadvertent production of privileged or Protected Materials shall not be deemed to have waived any privilege, protection,

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

or immunity with respect to such production or to other materials or information referred to in or related to the materials produced.  The Receiving Party shall take reasonable steps to return inadvertently produced privileged documents after they are identified by the producing party as inadvertently produced privileged documents and all copies of inadvertently produced privileged documents, and shall certify in writing that it has done so.

7.     This Protective Order applies to documents, responses to written discovery, including interrogatories, requests for admission and subpoenas, expert reports, and deposition testimony and exhibits thereto ("Discovery Materials"). The term "Documents" is defined as every means of recording any form of communication or representation upon any tangible thing, including letters, words, pictures, sounds, or symbols, or combinations thereof, whether recorded by handwriting, printing, photostatic, or photographic means, magnetic impulse, tape, computer disk, CD-ROM or any other form of data storage, data compilation, or mechanical or electronic recording, and all other tangible things, including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations stored in any medium from which information can be obtained, which come within the meaning of "writing" contained in Rule 1001 of the Federal Rules of Evidence, or within the meaning of "document" or "tangible" contained in Rule 32 of the Federal Rules of Civil Procedure.

8.     A party or other person bound by this Protective Order ("Designating Party") may designate Discovery Materials, including those produced by non-parties, as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" by:

a. Stamping or inscribing on each page of the pertinent Discovery Materials the words "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," as the case may be for documents that have distinct pages.  As to Protected Materials that are preserved in a media without distinct pages, such as, for example, magnetic

impulse, tape, computer disk, CD-ROM, DVD or any other form of data storage, data compilation, or mechanical or electronic recording, and all other tangible things, it shall be sufficient that the media is inscribed as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," as the case may be, or, if produced by an e-mail, the transmitting e-mail calls out that the materials are "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

b. Designating portions of a deposition or deposition exhibits either during the deposition or by written notice to the court reporter and all counsel of record within fifteen (15) business days after the reporter sends the transcript or written notice that the transcript is available for review.  The court reporter shall be instructed to bind the confidential portion separately from the non-confidential portions and to mark the caption page of such portion "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," as the case may be.  All depositions will be presumptively treated as "HIGHLY CONFIDENTIAL" until fifteen (15) business days after the reporter sends the transcript or written notice that the transcript is available for review.

c. Notifying all counsel in this case in writing of designation of any third-party Discovery Materials as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," as the case may be, within thirty (30) days from the date the Designating Party receives such Discovery Materials.

9.     Information and materials designated "CONFIDENTIAL" may only be disclosed to the following individuals and, in turn, to no other individuals not designated herein:

a. The named parties in this case, which, for purposes of this Stipulated Protective Order, do not include putative or actual class members who are not named as Plaintiff or Defendant;

b. Outside counsel representing the parties in this Action, and paraprofessional and secretarial employees of any of the above in this subsection;

c. The Court and Court personnel;

d. Independent consultants or experts retained by any party in this case who are expected to testify at trial or employed by counsel in order to assist in preparation for trial or for deposition;

e. Court reporters at trial or depositions in this Action;

f. Deposition witnesses, during the course of their depositions where examining counsel has a good faith basis for believing that the witness or deponent has information or testimony pertinent to the Protected Material, and who have executed the Agreement referred to in paragraph 12 below; and

g. Insurers for the Defendants, including the insurer's personnel who have responsibility for this action.

Copies may be made by or for the foregoing persons to whom Protected Material may be disclosed, provided that all copies are appropriately marked.

10. The designation "HIGHLY CONFIDENTIAL" may be applied to Discovery Materials that include non-public product design and testing information or extremely sensitive, highly confidential, non-public information consisting either of trade secrets or proprietary or other highly confidential business, financial, regulatory or strategic information (including information regarding business plans, technical data, and non-public designs), or information relating to third parties, the disclosure of which would create a substantial risk of competitive or business injury to the Producing Party, or which would create a substantial risk of injury to third

parties.  Certain Protected Material may compel alternative or additional protections beyond those afforded Highly Confidential Material, in which event parties shall meet and confer in good faith, and, if unsuccessful, shall move the Court for appropriate relief.  Information and materials designated "HIGHLY CONFIDENTIAL" may only be disclosed to the following individuals and, in turn, to no other individuals not designated herein:

a. Outside counsel representing the parties in this Action, and paraprofessional and secretarial employees of any of the above in this subsection;

b. The Court and Court personnel;

c. Independent consultants or experts retained by any party in this case who are expected to testify at trial or employed by counsel in order to assist in preparation for trial or for deposition;

d. Court reporters at trial or depositions in this Action;

e. Deposition witnesses, during the course of their depositions where examining counsel has a good faith basis for believing that the witness or deponent has information or testimony pertinent to the Protected Material, and who have executed the Agreement referred to in paragraph 12 below; provided, however, that under no circumstances shall Protected Materials be shown to a deposition witness who is a foreign national or a U.S. national residing in a foreign country.

Copies may be made by or for the foregoing persons to whom Protected Material may be disclosed, provided that all copies are appropriately marked.

11. Notwithstanding anything to the contrary in Paragraphs 9(f) and 10(e), Protected Material may be disclosed to deposition witnesses to the extent that the Protected Material is addressed to or indicates it was created by that witness, or the

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

[PROPOSED ] PROTECTIVE ORDER

examining party has a good faith basis to believe that the witness may have previously had access to the Protected Material in the regular course of business.

12.     Prior to and as a condition of any information or materials designated CONFIDENTIAL or HIGHLY CONFIDENTIAL being disclosed to any independent consultants, experts or non-party deposition witnesses as allowed in Paragraphs 9 and 10 of this Protective Order, such person or entity shall read this Order and sign the Agreement which is attached hereto as Exhibit "A."  The Parties shall attempt to secure each non-party deposition witness's execution of the Agreement annexed hereto as Exhibit "A" as long before deposition as is practicable but in any event sufficiently in advance of the deposition testimony to allow for the procedures set forth in paragraph 13 below.

13.     If a witness is among those categories of persons to whom Protected Material may not be disclosed pursuant to Paragraphs 9(f) and 10(e), or if the Parties cannot secure a witness's executed Agreement required by Paragraph 12, a Party intending to question that witness (a "Questioning Party") shall provide to a Designating Party all Protected Material that has been designated by the Designating Party as Protected Material and that may be the subject of the Questioning Party's examination.  Within ten (10) days after such Protected Materials are provided to the Designating Party, the Designating Party shall provide to the Questioning Party a list of such Protected Material that the Questioning Party may use to question the witness notwithstanding its designation as Protected Material.  Any remaining disputes regarding the designation of any other Protected Material shall be resolved in accordance with Paragraph 18.

14.     In the event that a Party believes that a noticed deposition witness is a person to whom Protected Material may not be shown under any circumstance, as set forth in Paragraph 10(e) above, the Party with such belief shall, by the later of (i) forty-five (45) days prior to the deposition at issue, or (ii) ten (10) days after service of the notice of the deposition of the subject person, notify the other Parties of such

belief.  Any disputes regarding the designation of any such witnesses shall be resolved in accordance with Paragraph 18.

15.    The Protective Order shall not be construed to waive, preclude or prejudice any party in connection with an attempt by such a party to seek relief from or modification of the terms herein after notice to the other party, including, without limitation, Paragraphs 9(f), 10(e), 12, 13 and 14.  This Protective Order shall not be construed to waive, preclude or prejudice any party in connection with an attempt by such party to seek additional protective orders by any means whatsoever or to seek any additional relief, including, without limitation, with respect to sections 9(f), 10(e), 12, 13 and 14.

16.    Protected Materials disclosed pursuant to this Protective Order shall be used for purposes of this Action only and shall not be used for any business or other purpose whatsoever.

17.    Within thirty (30) days of the conclusion of all proceedings involved in this litigation, all documents, deposition transcripts and other materials designated as Protected Materials shall be returned, destroyed or placed in sealed containers that shall not be opened except upon notice given to counsel by the party designating the Protected Materials, such notice to include a statement showing good cause for the opening of such sealed containers.  In the event that the materials are destroyed, the party destroying such materials shall also provide to the other party within the thirty (30) day period a sworn statement attesting to such destruction.  In the event that the materials are placed in sealed containers, the party placing such materials in sealed containers shall also provide to the other party within the thirty (30) day period a sworn statement attesting to such placement in sealed containers, including the materials placed and the location where such containers shall be stored.  Notwithstanding the above provision, outside counsel of record representing the parties in this action may retain one copy of the Protected

1    Materials for so long as counsel retains litigation files in the normal course of

2    business.

3         18.    Protected Materials shall be so designated only on the basis of a

4    reasonable, good faith belief that such materials are or should be so designated as

5    containing private information or confidential, proprietary or commercial

6    information.  If the Receiving Party wishes to challenge a Designating Party's

7    designation of Discovery Materials as CONFIDENTIAL or HIGHLY

8    CONFIDENTIAL, the Receiving Party shall give written notice to the Designating

9    Party that it requests a re-designation or release of confidentiality, stating the basis

10   for its request.  If the Designating Party fails to communicate in writing its refusal to

11   release confidentiality within fifteen (15) days, the Designating Party shall be

12   deemed to have refused and the parties shall meet and confer and attempt to resolve

13   the matter.  Similarly, if a refusal is made or deemed made, the parties shall make a

14   good faith effort to resolve the matter.  If a refusal is made and not resolved by the

15   parties, the Receiving Party shall file a motion and joint stipulation with the

16   Court in support of its request for re-designation or release of confidentiality, in

17   accordance with Local Rules 37-1, et seq.  Discovery Materials designated

18   CONFIDENTIAL or HIGHLY CONFIDENTIAL shall be given the

19   CONFIDENTIAL or HIGHLY CONFIDENTIAL treatment provided for in this

20   Protective Order until the parties resolve the matter, the refusal to release

21   confidentiality is withdrawn, or the Court orders re-designation of the Discovery

22   Materials.  A failure to dispute a designation at the time information is produced or

23   thereafter designated will not be deemed a waiver or preclude a party's right to

24   designate or contest a designation at a later time.

25        19.    Any party seeking to file information or materials designated

26   CONFIDENTIAL or HIGHLY CONFIDENTIAL with the Court shall lodge such

27   material, in accordance with the requirements of the United States District Court,

28   Central District of California Local Rule 79-5, in a sealed envelope or other

container bearing the words HIGHLY CONFIDENTIAL to be kept in a safe and secure place and not in files open to public inspection, along with an application setting forth good cause for the under seal filing.  The envelope or other container shall bear the title of the action and a statement substantially in the following form:

> "This envelope contains documents and/or information which are subject to a Protective Order. This envelope is not to be opened except by the Court."

20.    The restrictions of this Protective Order shall not apply to information or materials that:

    a.  Became or become public not in violation of this Protective Order;

    b.  Are acquired, other than through the course of discovery or testimony in this action, by a party from a third party having the right to disclose such information or materials; or

    c.  Are lawfully possessed by a party prior to disclosure by the producing party.

21.    Neither the taking of any action in accordance with the provisions of this Protective Order, nor the failure to object thereto, shall be construed as a waiver of any claim or defense in this action.  The entry of this Protective Order shall not be construed as a waiver of any right to object to the furnishing of information in response to discovery or to object to a requested inspection of documents or things, and, except as expressly provided, shall not relieve any party of the obligation of producing information in the course of discovery.

22.    Nothing in this Protective Order shall be construed to limit a producing party's use of its Protected Material in any manner.

23.    This Protective Order shall continue in force until amended or superseded by express order of the Court, and shall survive any final judgment or settlement in this action.

24.     The Court will retain jurisdiction over all persons subject to this Protective Order to the extent necessary to enforce any obligation hereunder or to impose sanctions for any contempt thereof.

**IT IS SO ORDERED.**

Dated:   September 27, 2013

_____
Hon. Paul L. Abrams
United States Magistrate Judge

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT "A"

## NON-DISCLOSURE CERTIFICATE

I hereby certify my understanding that Protected Materials are being provided to me pursuant to the terms and restrictions of the Protective Order dated _____, in the action entitled *Larry Brown v. China Integrated Energy, Inc.*, in the United States District Court for the Central District of California Case CV 11-02559-BRO-PLA.  I have been given a copy of that order and have read it.

I agree to be bound by all the terms and conditions of that Protective Order.  I will not reveal the Confidential or Highly Confidential Information to anyone, except as the Protective Order allows.  I will maintain all such Confidential or Highly Confidential Information in a secure manner to prevent unauthorized access to it.  No later than thirty (30) days after my receipt of notification of the conclusion of this action, I will return the Confidential or Highly Confidential Information to the counsel who provided me with the Confidential or Highly Confidential Information.  I hereby consent to the jurisdiction of the Unites States District Court, Central District of California, for the purpose of enforcing the Protective Order.

Dated: _____

Signature Print _____

Name Address _____

City/State/Zip _____

Telephone Number _____