JEFFREY S. KRAVITZ, SBN 66481
  jskravitz@foxrothschild.com
JACQUELINE LECHTHOLZ-ZEY, SBN 279074
  jlechtholzzey@foxrothschild.com
PETER C. BUCKLEY (*Pro Hac Vice*)
  pbuckley@foxrothschild.com
FOX ROTHSCHILD LLP
1800 Century Park East, Suite 300
Los Angeles, CA 90067-1506
Telephone:   310-598-4150
Facsimile:    310-556-9828

Attorneys for Defendants
LARRY GOLDMAN, ALBERT PU, and
WENBING CHRISTOPHER WANG

[Additional Counsel listed on signature page]

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| LARRY BROWN, Individually and on Behalf of All Others Similarly Situated,<br><br>　　　　　　Plaintiffs,<br><br>　vs.<br><br>CHINA INTEGRATED ENERGY, INC., et al.,<br><br>　　　　　　Defendants. | CASE NO. CV 11-02559-BRO (PLAx)<br><br>CLASS ACTION<br><br>**CHINA INTEGRATED DEFENDANTS' JOINT REPLY IN SUPPORT OF MOTION TO EXCLUDE THE DECLARATIONS AND TESTIMONY OF MICHAEL A. MAREK AND KENNETH W. MCGRAW**<br><br>Date:　　May 27, 2014<br>Time:　　9:00 a.m.<br>Judge:　　Hon. Beverly Reid O'Connell<br>Ctrm:　　14 |

## **TABLE OF CONTENTS**

**Page**

I.    INTRODUCTION ................................................................................................ 1

II.   ARGUMENT ...................................................................................................... 2

    A.    Mr. Marek Is Not Qualified To Opine On Market Efficiency .............. 2

    B.    Mr. McGraw Is Not Qualified To Provide A Market Efficiency Opinion. .................................................................................................. 4

    C.    The Event Studies Of Mr. Marek And Mr. McGraw Are Flawed ........ 6

III.  CONCLUSION ................................................................................................. 9

# **TABLE OF AUTHORITIES**

**Page(s)**

**FEDERAL CASES**

*Billhofer v. Flamel Technologies, S.A.*
  281 F.R.D. 150 (S.D.N.Y. 2012) .................................................................................. 2

*Castillo v. Envoy Corp.*
  206 F.R.D. 464 (M.D. Tenn. 2002) ............................................................................. 3

*City of Pomona v. SQM North America Corp.*
  2014 WL 1724505 (9th Cir. 2014) ............................................................................... 7

*Daubert v. Merrell Dow Pharms., Inc.*
  509 U.S. 579 (1993) ............................................................................................. passim

*Holbrook v. Lykes Bros. S.S. Co.*
  80 F.3d 777 (3d Cir. 1996) ......................................................................................... 3

*In re Countrywide Fin. Corp. Sec. Litig.*
  273 F.R.D. 586 (C.D. Cal. 2009) ............................................................................... 7

*In re Juniper Networks Sec. Litig.*
  264 F.R.D. 584 (N.D. Cal. 2009) ............................................................................... 2

*In re Pozen Sec. Litig.*
  No. 1:04-cv-00505, slip op. at 27-29 (M.D.N.C. Dec. 14, 2006) .............................. 3

*Malletier v. Dooney & Bourke*
  525 F. Supp. 2d 558 (S.D.N.Y. 2007) ........................................................................ 5

*McCullock v. H.B. Fuller & Co.*
  61 F.3d 1038 (2d Cir. 1995) ....................................................................................... 3

*SEC v. Koenig*
  2007 U.S. Dist. LEXIS 26088 (N.D. Ill. Apr. 5, 2007) .......................................... 1, 4

*Tatz v. Nanophase Techs. Corp.*
  2003 WL 21372471 (N.D. Ill. 2003) .......................................................................... 2

# **MEMORANDUM OF POINTS AND AUTHORITIES**

Defendant China Integrated Energy, Inc. ("China Integrated", "CBEH", or the "Company") and the individual defendants (Pu, Goldman, Wang, Gao, Li, and Guo) submit this reply in support of their motion to exclude the declarations and testimony of Michael A. Marek and Kenneth W. McGraw.

## I. **INTRODUCTION**

Defendants submit this reply brief in advance of the hearing on their Motion to Exclude and respond to a number of flawed arguments that plaintiffs have raised in their Opposition.

**First**, plaintiffs argue that the Court should admit the opinions of Mr. Marek and Mr. McGraw because other courts have done so. Plaintiffs are attempting to skate by on the issue of whether Mr. Marek and Mr. McGraw are qualified to test for market efficiency using an event study, which is critical to plaintiffs' motion for class certification. As demonstrated by *IBEW*, Mr. Marek is only an expert at being an expert. Mr. McGraw's only other relevant experience came in the Waste Management Litigation where Mr. Marek prepared the first draft of his report and several exhibits. Other than their prior work as experts, plaintiffs have not pointed to any practical experience, education or training that would make Mr. Marek or Mr. McGraw qualified in this case. The Court should conduct an independent inquiry into their qualifications and find that they are not qualified to test for market efficiency using an event study.

**Second**, plaintiffs have missed the point of defendants' arguments with respect to the flawed methodologies of Mr. Marek and Mr. McGraw. Mr. Marek and Mr. McGraw use an entirely subjective event-selection criteria that is impossible to apply objectively. They selected events that they believed would change CBEH's stock price based on their extensive experience performing event studies. When the test shows that less than the majority of events results in a change in the stock price, Mr. Marek and Mr. McGraw still claim that the results show that the market is efficient.

Plaintiffs provide no explanation for their subjective event-selection criteria. Plaintiffs simply argue that "the proof is in the results … not in the beginning when pre-selecting potential event dates". The event studies of Mr. Marek and Mr. McGraw cannot be replicated because they have subjectively identified events.

Plaintiffs also ignore *Daubert* when they claim that Mr. Marek and Mr. McGraw are not required to have a pre-specified threshold and known rejection rate under *Cammer*. The absence of a hypothesis gives the event studies of Mr. Marek and Mr. McGraw no power to differentiate between a market that is efficient and one that is not.

Mr. Marek and Mr. McGraw fail to meet the admissibility standards under *Daubert* because they are not qualified to test for market efficiency using an event study and their event studies are flawed and unreliable.

## II. ARGUMENT

### A. Mr. Marek Is Not Qualified To Opine On Market Efficiency

Plaintiffs' contention that Mr. Marek is qualified to test for market efficiency using an event study is without support.

**First,** plaintiffs' argument that other courts have accepted Mr. Marek's opinions, so this Court should too, is not grounded in fact or in law. *See* Opposition to Motion to Exclude at p. 9. None of the cases cited by plaintiffs address the issue of Mr. Marek's qualifications:

- *Billhofer v. Flamel Technologies, S.A.*, 281 F.R.D. 150, 160 (S.D.N.Y. 2012) (noting only that "Defendants challenge the statistical analysis performed by Plaintiff's expert, Michael Marek");
- *In re Juniper Networks Sec. Litig.*, 264 F.R.D. 584, 591-92 (N.D. Cal. 2009) (making no reference to any challenge to Mr. Marek's qualifications);
- *Tatz v. Nanophase Techs. Corp.*, 2003 WL 21372471, *7 (N.D. Ill. 2003) (same);

- *Castillo v. Envoy Corp.*, 206 F.R.D. 464, 469 (M.D. Tenn. 2002) (same);
- *In re Pozen Sec. Litig.*, No. 1:04-cv-00505, slip op. at 27-29 (M.D.N.C. Dec. 14, 2006) (same).

No party sought to exclude Mr. Marek based on his qualifications in these cases.[1] The cases are irrelevant because as the court in *IBEW Local 90Pension Fund v. Deutsche Bank AG* noted, "a court should not simply accept a proffered expert—even if he has been accepted as such before; the law requires an inquiry into whether an expert is an expert". 2013 WL 5815472, *12 (S.D.N.Y. 2013) (citing *Daubert*, 509 U.S. at 589).

**Second,** plaintiffs have not pointed to any experience, education or training that qualifies Mr. Marek to test for market efficiency using an event study. Plaintiffs have the burden of demonstrating by a preponderance of the evidence that Mr. Marek is qualified. *See IBEW*, 2013 WL 5815472, *12. Plaintiffs have failed to meet their burden because they only rely on Mr. Marek's prior testimony as an expert, which is not enough. *See IBEW*, 2013 WL 5815472, *14 ("One cannot become an expert simply by deeming himself as such.").

Moreover, plaintiffs' reliance on *McCullock v. H.B. Fuller & Co.*, 61 F.3d 1038 (2d Cir. 1995) and *Holbrook v. Lykes Bros. S.S. Co.*, 80 F.3d 777, 782 (3d Cir. 1996) for the proposition that the problems with Mr. Marek's qualifications go to the weight of his testimony is misplaced. Unlike the experts in *Holbrook* and *McCullock*, Mr. Marek has no practical experience that might overcome his lack of education or training in testing for market efficiency using an event study. With the exception of the year he spent working as a research analyst, Mr. Marek's only practical experience is that of an expert. Plaintiffs have not pointed to any experience, education or training that qualifies Mr. Marek here.

---

[1] The one exception is *In re Pozen Sec. Litig.*, the docket of which is not available online and defendants could not obtain the pleadings through the archives in the period required to file this reply brief.

**Third,** plaintiffs' contention that defendants cited cases in which the courts rejected Mr. Marek's opinions, but that none of those cases questioned Mr. Marek's qualifications misses the point. Defendants cite these cases to demonstrate that Mr. Marek has made a number of elementary mistakes in prior cases that a qualified expert should not have made. As the court in *IBEW* did, this Court should conduct an independent review of Mr. Marek's qualifications, including a consideration of the flaws in Mr. Marek's methodology, and find that he is not qualified to provide a market efficiency opinion.

### B. Mr. McGraw Is Not Qualified To Provide A Market Efficiency Opinion.

Plaintiffs' contention that Mr. McGraw is qualified to test for market efficiency using an event study is also flawed for three reasons.

**First,** as with Mr. Marek, plaintiffs erroneously argue that the Court should accept Mr. McGraw's opinion because other courts have done so. *See* Opposition to Motion to Exclude at p. 16. To be clear, Mr. McGraw has only offered a market efficiency opinion once in *SEC v. Koenig*, 2007 U.S. Dist. LEXIS 26088 (N.D. Ill. Apr. 5, 2007) (the "Waste Management Litigation") where Mr. Marek wrote the first draft of his report. Plaintiffs tout the Waste Management court's compliment to all the experts as "preeminent, articulate witnesses presented by both sides." But the opinion has no authority here because the SEC did not challenge Mr. McGraw's qualifications.

**Second,** plaintiffs have not pointed to any practical experience, education or training that qualifies Mr. McGraw to test for market efficiency using an event study. Plaintiffs contend, "market efficiency was germane to McGraw's expert analysis" in a prior case. But plaintiffs never address the fact that Mr. McGraw's only other experience came in the Waste Management Litigation, where Mr. Marek played a key role in drafting the report.

Plaintiffs make light of defendants' connection of Mr. McGraw to Mr. Marek. *See* Opposition to Motion to Exclude at p. 18. Defendants emphasized the connection because Mr. McGraw relied heavily on Mr. Marek in offering his only other market efficiency opinion and relies heavily on Cynthia Jones, Mr. Marek's colleague, on this assignment. Mr. McGraw's ties to Mr. Marek and Ms. Jones demonstrate that he cannot stand on his own two feet to test for market efficiency using an event study.

**Third,** plaintiffs fail to resolve the issues raised by defendants regarding Mr. McGraw's parroting of Ms. Jones' opinion. Plaintiffs do not dispute that Ms. Jones conducted the regression analysis for Mr. McGraw. Plaintiffs simply respond, "[d]efendants do not challenge the regression analysis itself." *See* Opposition to Motion to Exclude at p. 19. This is not the point. Mr. McGraw's reliance on Ms. Jones' regression analysis is problematic because it is the crux of his event study. By using Ms. Jones' regression analysis to form his opinion, Mr. McGraw's opinion is "nothing more than conduit testimony from an expert on a matter outside his field of expertise". *Malletier v. Dooney & Bourke*, 525 F. Supp. 2d 558, 666 (S.D.N.Y. 2007).

Plaintiffs also contend that Mr. McGraw made "core determinations about the event study, including the selection of the 12 event days." *See* Opposition to Motion to Exclude at p. 19, citing McGraw Decl. at ¶31. Mr. McGraw's declaration, however, is inconsistent with his deposition testimony where he testified that he worked jointly with Ms. Jones to, among other tasks, select the events. *See* McGraw Dep. at 22:4-23, 39:23-40:14, 41:18-22. The fact that Mr. McGraw did not discuss with Ms. Jones whether she should sign the report is irrelevant. Mr. McGraw is parroting the opinion of another purported expert by relying on Ms. Jones for the regression analysis, the selection of events and the drafting of his report. Therefore, the Court should exclude Mr. McGraw's market efficiency opinion.

## C. The Event Studies Of Mr. Marek And Mr. McGraw Are Flawed

Plaintiffs fail in their attempt to rehabilitate the methodologies of Mr. Marek and McGraw for three reasons: (1) their event-selection criteria is entirely subjective and impossible to apply objectively; (2) plaintiffs ignore *Daubert* when they claim that Mr. Marek and Mr. McGraw are not required to have a pre-specified threshold and known rejection rate under *Cammer*; and (3) plaintiffs' contention that randomness can explain every event day on which the price of CBEH stock changed serves no purpose other than to confuse the issues, particularly where Mr. Marek and Mr. McGraw did not randomly select events.

**First**, plaintiffs' contention that some subjectivity in selecting events is appropriate and that Mr. Marek and Mr. McGraw applied an objectively predefined protocol based on their experience performing event studies is incorrect. The event-selection criteria of Mr. Marek and Mr. McGraw is entirely subjective and impossible to apply objectively. As Dr. Roper opined, to reduce the potential for bias, a researcher "should follow an objectively defined protocol", such as the study of <u>all</u> earnings surprise announcements. Declaration of Andrew H. Roper. Ph.D. at ¶46 ("Dr. Roper. Dec."). When a researcher subjectively selects only one of three negative earnings surprises, an event study becomes biased because it has failed to consider the market's response to the missing two events. *Id.* at ¶47. This is precisely why the event studies of Mr. Marek and Mr. McGraw are flawed.

Mr. Marek and Mr. McGraw subjectively selected events that they believed would change CBEH's stock price. *Id.* at ¶64. Plaintiffs contend that they attempted to "isolate the influence of new material news on the price of China Integrated stock". *See* Opposition to Motion to Exclude at p. 5 (ECF No. 230). But Mr. Marek failed to identify the Ben Axler Report or the Barron's Article as an event, both of which contained new, material allegations of fraud. *Id.* at ¶24-26. Mr. Marek's failure to include these events, while including the Sinclair Upton Report, published three months later and containing similar allegations shows that (1) the event criteria was

6
DEFENDANT'S JOINT REPLY MEMORANDUM IN SUPPORT OF MOTION TO EXCLUDE

entirely subjective and (2) their implementation of the criteria was biased and not objective. *Id.* at ¶84. Likewise, Mr. McGraw had no objective criteria; he simply reviewed the news and later decided what he would classify as an event. *Id.* at ¶86; *see also* McGraw Dep. at 114:12-13. The fact that Mr. Marek and Mr. McGraw disagree on about 50% of their event selections demonstrates the subjectivity of their criteria. *See* Dr. Roper Dec. at ¶96.

Plaintiffs support their position that some subjectivity is proper by quoting a portion of *In re Countrywide Fin. Corp. Sec. Litig.*, 273 F.R.D. 586, 618 (C.D. Cal. 2009) that "many decision points in designing an event study require subjectivity". But plaintiffs have failed to include the text of the opinion before and after the quote, which provides:

> It should be obvious, even to those without a background in statistics or econometrics, that the <u>events for study should be selected using criteria that are as objective as possible</u>. . . . Relatedly, unless the expert uses articulable objective criteria, it is difficult to evaluate the probative value of expert evidence without evaluating also the expert's own credibility. Of course, many decision points in designing an event study require some subjectivity … <u>But such subjectivity should be minimized.</u>

273 F.R.D. at 618 (emphasis added); *see also* Dr. Roper Dec. at ¶64 ("[p]roperly conducted event studies rely on predefined objective protocols for selecting events such that other researchers can examine the results, determine whether proper methods have been followed, and replicate the results"). Mr. Marek and Mr. McGraw have not minimized subjectivity in their event studies because they fail to identify events using an objectively defined replicable research protocol. *See* Dr. Roper Dec. at ¶35. Therefore, their opinions are inadmissible under *Daubert*. *Id.* at ¶¶70-74; *see also Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 589 (1993); *City of Pomona v. SQM North America Corp.*, 2014 WL 1724505, *6 (9th Cir. 2014) ("Under Daubert's

testability factor, the primary requirement is that '[s]omeone else using the same data and methods ... be able to replicate the result[s].'").

**Second,** plaintiffs ignore *Daubert* when they claim that Mr. Marek and Mr. McGraw are not required to have a pre-specified threshold and known rejection rate under *Cammer*. Plaintiffs' argument ignores a key requirement of *Daubert*—that an expert must derive his opinion from the scientific method. *Daubert*, 509 U.S. at 590; *see also id.* at 593 ("Scientific methodology … is based on <u>generating hypothesis and testing them to see if they can be falsified</u>") (emphasis added). It is the hypothesis and the ability to replicate it that distinguishes science from junk science. *Id.* Moreover, in considering whether expert testimony is admissible, "the court ordinarily should consider the known or potential rate of error". *Id.* at 594. The event studies of Mr. Marek and Mr. McGraw have no power to differentiate between a market that is efficient and one that is not because they lack a prespecified threshold and known rejection rate. *See* Dr. Roper Dec. at ¶9. The absence of a hypothesis here deems the conclusions of Mr. Marek and Mr. McGraw pure speculation. *Id.*

**Third**, plaintiffs' contention that randomness can explain every event day on which the price of CBEH stock changed serves no purpose other than to confuse the issues. Mr. Marek and Mr. McGraw did not randomly select events and therefore, plaintiffs' entire discussion on this point is not relevent.

Plaintiffs presented a similar analogy to Dr. Roper at his deposition. As Dr. Roper testified:

> A fundamental difference in those analogies … is that Marek and Marek hand-selected subjectively their events. That is to say, their events are not random. But the analogies, that were discussed earlier today in my deposition, all related to events which are purely random by chance.
>
> ***
>
> [Mr. Marek and Mr. McGraw] hand-selected events not randomly, but  specifically, events that they believe

> would change the market price of the security in question. Given that selection and the criterion, however it was performed, they hand-selected events that aren't random in terms of whether the stock would go up or down. They hand-selected events in which they believed the stock would move. They failed to find evidence consistent with that original selection of criterion. In the majority of events, they failed to find evidence that the stock price moved when they themselves identified events that they believed it should move to.

Deposition Transcript of Dr. Roper, 219:1-220:3. Mr. Marek and Mr. McGraw hand selected events that they believed would change the price of CBEH stock and failed to explain why the price did not change in response to the majority (58% to 63%) of news events that they selected. *See* Dr. Roper Dec. at ¶133. Their opinions are unreliable, seriously flawed, and inconsistent with plaintiffs' assertions of market efficiency. *Id.*

## III. CONCLUSION

Mr. Marek and Mr. McGraw should be excluded because they fail to meet the admissibility standards under *Daubert* and therefore the Court should deny plaintiffs' motion for class certification.

Dated: May 13, 2014

Respectfully submitted,

FOX ROTHSCHILD LLP

*/s/ Peter C. Buckley*
PETER C. BUCKLEY
JOSHUA HORN
CHRISTINE SOARES
2000 Market St.
20th Floor
Philadelphia, PA 19103-3222
Tel: (215) 299-2854
Fax: (215) 299-2150
*pbuckley@foxrothschild.com*
*jhorn@foxrothschild.com*
*csoares@foxrothschild.com*

-and-

JEFFREY S. KRAVITZ
JACQUELINE LECHTHOLZ-ZEY
1800 Century Park East, Suite 300
Los Angeles, CA 90067-1506
Tel: (310) 598-4150
Fax: (310) 556-9828
*jskravitz@foxrothchild.com*
*jlechtholzzey@foxrothschild.com*

*Attorneys for Defendants Larry Goldman, Albert Pu, and Wenbing Christopher Wang*

LOEB & LOEB LLP

*/s/ Eugene R. Licker*
EUGENE R. LICKER
JOHN A. PISKORA
345 Park Avenue
New York, NY 10154
Tel:   (212) 407-4000
Fax:   (212) 407-4990
*elicker@loeb.com*
*jpiskora@loeb.com*

-and-

W. ALLAN EDMISTON
AMANDA J. SHERMAN
10100 Santa Monica Blvd., Suite 2200
Los Angeles, CA 90067
Tel:   (310) 282-2000
Fax:   (310) 282-2200
*aedmiston@loeb.com*
*asherman@loeb.com*

*Attorneys for Defendants China Integrated Energy, Inc., Xincheng Gao, Gaihong Li, and  Junrong Guoz*