JEFFREY S. KRAVITZ, SBN 66481
  jskravitz@foxrothschild.com
JACQUELINE LECHTHOLZ-ZEY, SBN 279074
  jlechtholzzey@foxrothschild.com
PETER C. BUCKLEY (*Pro Hac Vice*)
  pbuckley@foxrothschild.com
FOX ROTHSCHILD LLP
1800 Century Park East, Suite 300
Los Angeles, CA 90067-1506
Telephone:  310-598-4150
Facsimile:   310-556-9828

Attorneys for Defendants
LARRY GOLDMAN, ALBERT PU, and
WENBING CHRISTOPHER WANG

[Additional Counsel listed on signature page]

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| LARRY BROWN, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,<br><br>Plaintiffs,<br><br>v.<br><br>CHINA INTEGRATED ENERGY, INC., et al.,<br><br>Defendants. | Case No.: CV 11-02559-BRO-PLA<br><br>Hon. Beverly Reid O'Connell<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF DEFENDANTS TO PRECLUDE PLAINTIFFS' THIRD EXPERT AND TO DISMISS PLAINTIFFS' CONSOLIDATED CLASS ACTION COMPLAINT**<br><br>Date:    November 24, 2014<br>Time:   1:30 p.m.<br>Judge:  Hon. Beverly Reid O'Connell<br>Ctrm:   14 |

# TABLE OF CONTENTS

I.   INTRODUCTION ................................................................................. 1

II.  FACTS .................................................................................................. 2

III. ARGUMENT ........................................................................................ 4

    A.  Plaintiffs Are Not Entitled To Rely On A Third Market Efficiency Expert Because Plaintiffs Do Not Get A "Do-Over." ......... 4

        1.  Plaintiffs' "Do-Over" would be Unfair and Highly Prejudicial to Defendants. ........................................................... 5

    B.  The Court Should Dismiss The Consolidated Class Action Complaint Because Plaintiffs Cannot Prove Market Efficiency. ......... 7

IV.  CONCLUSION ..................................................................................... 8

i

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF DEFENDANTS TO PRECLUDE PLAINTIFFS' THIRD EXPERT AND TO DISMISS PLAINTIFFS' CONSOLIDATED CLASS ACTION COMPLAINT

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Cammer v. Bloom*,
 711 F. Supp. 1264 (D.N.J. 1989) ................................................................. 4

*Erica P. John Fund, Inc. v. Halliburton Co.*,
 131 S. Ct. 2179 (2011) ............................................................................. 2, 7

*Halliburton v. Erica P. John Fund, Inc.*,
 134 S.Ct. 2398 (2014) .............................................................................. 7, 8

*In re DVI, Inc. Sec. Litig.*,
 639 F.3d 623 (3d Cir. 2011) ....................................................................... 4

*Lippe v. Bairnco Corp.*,
 249 F. Supp. 2d 357 (S.D.N.Y. 2003) (Denny Chin, J.) ................. 1, 5, 6, 7

*Lumen v. Anderson*,
 280 F.R.D. 451 (W.D. Mo. 2012) ............................................................... 4

*Nelson v. Tennessee Gas Pipeline Co.*,
 243 F.3d 244 (6th Cir. 2001) ...................................................................... 5

*Pride v. BIC Corp.*,
 218 F.3d 566 (6th Cir. 2000) ...................................................................... 5

*Smilovits v. First Solar, Inc.*,
 295 F.R.D. 423 (D. Ariz. Oct. 8, 2013) ...................................................... 4

*Weisgram v. Marley Co.*,
 528 U.S. 440 (2000) ............................................................................ 4, 5, 6

**OTHER AUTHORITIES**

FRCP 12(c) ......................................................................................................... 7

Rule 23(b)(3) ...................................................................................................... 2

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendant China Integrated Energy, Inc. ("China Integrated" or "CBEH") and the individual defendants (Xincheng Gao, Gaihong Li, Albert Pu, Larry Goldman, Wenbing Christopher Wang, and Junrong Guo) (collectively, "Defendants") submit this memorandum in support of their motion to (a) declare that Plaintiffs are not entitled to offer a third market efficiency expert and, therefore, (b) dismiss the Consolidated Class Action Complaint with prejudice for failure to plead reliance.

## I. INTRODUCTION

More than three years ago, Lead Plaintiff Puerto Rico TRS asked this Court to name it lead plaintiff, pledging to represent the putative class diligently. Since that time, Plaintiffs, having notice of the standards that their market efficiency expert must meet under *Daubert,* have relied on two individuals, Marek and McGraw, to prove market efficiency, the "lynchpin" of their class certification motion. Accordingly, Defendants have dedicated over 300 attorney-working hours to responding to Marek and McGraw, incurring over $650,000 in related fees and expenses.[1] After extensive expert discovery, briefing, and live testimony, the Court excluded Marek as unreliable and McGraw as unqualified and denied class certification. Now, Plaintiffs want to refile for class certification relying on a third market efficiency expert. As Hon. Denny Chin aptly stated, "This is not the way the Federal Rules of Civil Procedure work. Plaintiffs do not get a 'do-over.'" *Lippe v. Bairnco Corp.*, 249 F. Supp. 2d 357, 385 (S.D.N.Y. 2003) (Denny Chin, J.). Allowing Plaintiffs a "do-over" would require Defendants to study another expert report, re-engage their own expert, take another round of depositions, prepare another *Daubert* motion, and appear at another evidentiary hearing. The Court should not allow Plaintiffs to impose such a burden

---

[1] Defendants calculated their best estimate of time spent and fees incurred by, for example, searching through counsel's time entries for "Marek", "McGraw" and "Roper". Defendants incurred additional fees defending Plaintiffs' class certification motion, generally. If the Court permits Plaintiffs to refile for class certification relying on a third market efficiency expert, Defendants again will be forced to incur not only fees related to a third expert, but also fees related to class certification.

on Defendants.

Given the Court's ruling, Plaintiffs cannot invoke the "fraud-on-the-market" theory of reliance. In their Consolidated Class Action Complaint, however, Plaintiffs rely solely on the "fraud-on-the-market" theory and have not pled direct reliance. The Court, therefore, should (a) declare that Plaintiffs are not entitled to offer a third market efficiency expert and, therefore, (b) dismiss the Consolidated Class Action Complaint with prejudice for failure to plead reliance.

## II. FACTS

After the parties engaged in extensive discovery and briefing, and after the Court heard live testimony, the Court found Marek unreliable and McGraw unqualified to offer an opinion on market efficiency and granted Defendants' *Daubert* motion. (Dkt. No. 271 (the "Order")). The Court noted that without proof of market efficiency Plaintiffs were not entitled to invoke the "fraud-on-the-market" theory of reliance. *Id.* at p. 15. Absent a "fraud-on-the-market," the Court noted that Plaintiffs would need to prove direct reliance for each member of the class. *Id.* at p. 6, citing *Erica P. John Fund, Inc. v. Halliburton Co.*, 131 S. Ct. 2179, 2184 (2011)[2]. Individual issues, therefore, would predominate over common ones, defeating class certification under Rule 23(b)(3). *Id.* As a result, the Court also denied Plaintiffs' class certification motion. *Id.* at p. 15.

As the Court recognized, and the case law makes clear, proof of market efficiency is a "lynchpin" necessary to obtain class certification. As has been obvious from the beginning of this case, Plaintiffs need expert testimony to prove market efficiency. If somehow that were not obvious, this Court made it clear through its twin rulings, striking Plaintiffs' experts and, in the absence of expert testimony, denying class certification. The Court is well aware of the time and resources that the parties have dedicated to Marek and McGraw. The following is a brief overview:

---

[2] The Court noted that proof of direct reliance for each member of the class would be "difficult (if not entirely impossible)." *See* Order at p. 6.

2

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF DEFENDANTS TO PRECLUDE PLAINTIFFS' THIRD EXPERT AND TO DISMISS PLAINTIFFS' CONSOLIDATED CLASS ACTION COMPLAINT

- On August 15, 2013, Plaintiffs filed their class certification motion relying on Marek's 89-page report.

- Defendants hired Andrew H. Roper. Ph.D. to review and analyze Marek's report and prepare for Marek's deposition.

- On October 8, 2013, Defendants conducted a seven-hour deposition of Marek focusing largely on his subjective event-selection criteria.

- Three weeks after Marek's deposition, the *IBEW* court disqualified Marek as an expert in that case.

- On November 21, 2013, anticipating the issues with Marek, Plaintiffs sought leave to submit a "supplemental expert declaration" contending that it would **"reduce the need for future supplemental submissions and briefing on the issue"** (Dkt. No. 199, p. 4). This Court granted that motion. (Dkt. No. 204).

- On January 17, 2014, Plaintiffs submitted McGraw's 82-page report.

- Dr. Roper reviewed and analyzed McGraw's report and helped Defendants prepare for his deposition.

- On February 24, 2014, Defendants conducted a seven-hour deposition of McGraw focusing largely on McGraw's qualifications to opine on market efficiency.

- On March 31, 2014, Defendants filed their opposition to class certification relying on the 165-page report of Dr. Roper. (Dkt. No. 215).

- On April 14, 2014, Defendants filed a *Daubert* motion. (Dkt. No. 226).

- Plaintiffs conducted a seven-hour deposition of Dr. Roper.

- On June 23, 2014, the parties presented the live testimony of Marek, McGraw, and Dr. Roper to the Court.

Defendants prepared their opposition to Plaintiffs' class certification motion with an understanding that Marek and McGraw were Plaintiffs' market efficiency experts. Over the better part of a year, Defendants dedicated over 300 attorney-working hours to responding to the contentions raised by Marek and McGraw,

incurring over $650,000 in related fees and expenses, including fees paid to Dr. Roper. Now, Plaintiffs intend to force Defendants to repeat the process with a third market efficiency expert while at the same time suggesting that they may not need an expert after all.[3] In the meantime, the parties moved on from class certification and began percipient discovery in advance of the May 2015 discovery deadline. In less than a week, the parties will travel to Hong Kong to conduct depositions, with a return trip planned for December. Plaintiffs' plan to refile for class certification with a third market efficiency expert is unfair and highly prejudicial to Defendants. The Court should not allow Plaintiffs to impose such a burden on Defendants.

## III. ARGUMENT

### A. Plaintiffs Are Not Entitled To Rely On A Third Market Efficiency Expert Because Plaintiffs Do Not Get A "Do-Over."

"It is implausible to suggest, post-*Daubert*, that [Plaintiffs would] initially present less than their best expert evidence in the expectation of a second chance should their first try fail." *Weisgram v. Marley Co.*, 528 U.S. 440, 455 (2000). From the outset, Plaintiffs "have had notice of the exacting standards of reliability" that their expert must meet to prove market efficiency—the "lynchpin" to Plaintiffs' class certification motion. *See id.* at 455. Plaintiffs obviously were concerned with Marek's ability to pass the test when they sought leave to rely on McGraw. The Court granted Plaintiffs' request giving them a full and fair opportunity to present a reliable, qualified market efficiency expert. Plaintiffs could have selected any expert, but they

---

[3] Plaintiffs contend that the listing of CBEH stock on NASDAQ is enough to support market efficiency. (Dkt. No. 294-1, n. 8). As *Cammer* recognized, "[i]t would be illogical to apply a presumption of reliance merely because a security is traded within a certain 'whole market' without considering the trading characteristics of the individual stock itself." *Cammer v. Bloom*, 711 F. Supp. 1264, 1281 (D.N.J. 1989). The cases to which Plaintiffs cite merely observed that the listing of a stock on NASDAQ <u>weighs</u> in favor of finding market efficiency. *See Smilovits v. First Solar, Inc.*, 295 F.R.D. 423, 431 (D. Ariz. Oct. 8, 2013) (trading on NASDAQ only weighs in favor of finding market efficiency); *In re DVI, Inc. Sec. Litig.*, 639 F.3d 623, 634 (3d Cir. 2011) (same); *Lumen v. Anderson*, 280 F.R.D. 451, 459 (W.D. Mo. 2012) (same). In any event, that CBEH was listed on NASDAQ was before this Court when the Court denied Plaintiffs' first motion for class certification.

chose McGraw, who had only provided one other market efficiency opinion, the first draft of which was written by Marek.

Plaintiffs' seek to employ the same strategy that the United States Supreme Court rejected under similar facts in *Weisgram*. There, the Eight Circuit entered judgment notwithstanding the verdict, holding that the district court should have excluded plaintiff's experts under *Daubert*. *Id.* at 440. The experts' testimony was the "sole evidence supporting [plaintiff's] product defect charge." *Id.* In affirming the Eight Circuit's decision, the Court noted that "[s]ince *Daubert*, . . . parties relying on expert evidence have had notice of the exacting standards of reliability" that expert testimony must meet. *Id.* at 455. The Court found unconvincing plaintiff's argument that the decision would punish parties who "could have shored up their cases by other means" had they known the court would strike their expert. *Id.* at 455. The Court noted that plaintiff was on notice that defendants would challenge his experts and "made no attempt to add or substitute other evidence." *Id.*

The situation here is even more compelling than that facing the Supreme Court in *Weisgram*, and thus there is an even more compelling reason to preclude Plaintiffs from relying on a third market efficiency expert. Unlike the plaintiff in *Weisgram*, this Court has already given plaintiffs a "second chance" to "shore up their case," yet Plaintiffs still failed. The Court should not give Plaintiffs a third chance to present a reliable, qualified market efficiency expert.

### 1. Plaintiffs' "Do-Over" would be Unfair and Highly Prejudicial to Defendants.

The federal courts have relied on *Weisgram* to preclude parties from repeating the *Daubert* process repeatedly until they succeed. *See Nelson v. Tennessee Gas Pipeline Co.*, 243 F.3d 244 (6th Cir. 2001) (precluding plaintiffs from submitting a second expert to remedy issues with the first); *Pride v. BIC Corp.,* 218 F.3d 566, 579 (6th Cir. 2000) (plaintiff's attempt to submit additional experts after the court struck the first was a "transparent attempt to reopen the *Daubert* hearing"); *Lippe v. Bairnco*

5

*Corp.*, 249 F. Supp. 2d 357, 385 (S.D.N.Y. 2003) (Denny Chin, J., since elevated to the Second Circuit).

*Lippe* is very similar to this case and the result here likewise should be the same. Plaintiffs there sought to void transfers of certain businesses on, among other theories, a constructive fraud fraudulent conveyance theory. Plaintiffs offered an expert opinion to support of their argument that the transferee provided less than adequate consideration, but the expert valued three of the six businesses at such low values as to emasculate the claim. Plaintiffs sought and received leave to substitute two other experts. Seventeen months passed during which the case proceeded, as here, focused on those two experts. According to Judge Chin, "[i]t was obvious from their [the two experts'] deposition testimony that their analyses and conclusions were flawed and, as I later held, wholly unreliable." *Lippe, supra,* 249 F. Supp. 2d at 385. Defendants filed a *Daubert* motion and a related summary judgment motion. Two days before the summary judgment motion was scheduled to be heard, Plaintiffs sought to add yet another expert and to offer a "supplemental" report from their initial, abandoned expert. *Id.*

Judge Chin denied Plaintiffs a third bite of the apple, citing *Weisgram* and stating "This is not the way the Federal Rules of Civil Procedure work. Plaintiffs do not get a 'do-over.'" *Id.* at 386. He made the very points Defendants here raise above—that plaintiffs knew of the weaknesses of their experts but nonetheless committed to them through the extensive pre-motion process—but Judge Chin explicitly made an additional point, which is also relevant here. He stated:

> But it is more than just delay and additional work and expense. Rather, it would be fundamentally unfair to require defendants to go through the process again, to delay the final resolution of this very difficult and burdensome case, solely because plaintiffs made some ill-advised tactical choices and **refused to adjust when it was apparent that they should. When a party loses at trial or when it loses a summary judgment motion, it does not get to do it again.** It does not get a chance to come up with more evidence or to try to make a more persuasive presentation or to try to write a more coherent brief. That is not the way our system of justice works. The party's recourse is to appeal, and only if it prevails on appeal will it get another chance. **A *Daubert* motion is no different.**

*Id.* (emphasis added).

Defendants prepared their opposition to class certification over the better part of a year based on the understanding that Marek and McGraw were Plaintiffs' market efficiency experts. The weaknesses of Marek's methodology, and the shortcomings of McGraw's qualifications, were crystal clear from the start and certainly made apparent by Defendants' opposition to Plaintiffs' motion for class certification. Plaintiffs' motion for class certification was denied, and Defendants' *Daubert* motion was granted. It is now too late (and under *Lippe* it would have been too late even if Plaintiffs sought to augment their roster of experts shortly before the motions were heard) to add new experts. In order to avoid any uncertainty, Defendants respectfully request that this Court rule that any such efforts on the part of Plaintiffs to add experts now would be futile.

### B. The Court Should Dismiss The Consolidated Class Action Complaint Because Plaintiffs Cannot Prove Market Efficiency.

On the record before it, this Court has ruled that Plaintiffs have failed to show market efficiency. As a result, Plaintiffs cannot invoke the "fraud-on-the-market" theory of reliance and thus must allege direct reliance for each member of the class, which not only is "nearly impossible" but also defeats class certification because individual issues would predominate over common ones. *See* Order at p. 6, citing *Erica P. John Fund, Inc. v. Halliburton Co.*, 131 S. Ct. 2179, 2184 (2011).

Given these events, the Consolidated Class Action complaint clearly does not state a cause of action, since the averments regarding "fraud-on-the-market" reliance are unavailing. The class action complaint should thus be dismissed pursuant to FRCP 12(c), and that dismissal should be with prejudice. Should either of the Plaintiffs wish to re-file a complaint on a single-plaintiff basis, should such a complaint be timely, it will have to allege facts to show it actually relied on misrepresentations alleged in the complaint. *See Halliburton v. Erica P. John Fund, Inc.*, 134 S.Ct. 2398, 2407 (2014) (plaintiff has to show how he or she would have

7

acted if the misrepresentation had not been made). Plaintiffs thus must show that they were "aware of [China Integrated's] statement and engaged in a relevant transaction—e.g., purchasing common stock—based on that specific misrepresentation." *Id.*

## IV. CONCLUSION

For the reasons stated above, Defendants respectfully request this Court to (a) declare that Plaintiffs are not entitled to offer a third market efficiency expert and, therefore, (b) dismiss the Consolidated Class Action Complaint with prejudice for failure to plead reliance.

Dated: October 27, 2014

Respectfully submitted,

FOX ROTHSCHILD LLP

*/s/ Peter C. Buckley*
PETER C. BUCKLEY
JOSHUA HORN
CHRISTINE SOARES
2000 Market St.
20th Floor
Philadelphia, PA 19103-3222
Tel: (215) 299-2854
Fax: (215) 299-2150
*pbuckley@foxrothschild.com*
*jhorn@foxrothschild.com*
*csoares@foxrothschild.com*

-and-

JEFFREY S. KRAVITZ
JACQUELINE LECHTHOLZ-ZEY
1800 Century Park East, Suite 300
Los Angeles, CA 90067-1506
Tel: (310) 598-4150
Fax: (310) 556-9828
*jskravitz@foxrothchild.com*
*jlechtholzzey@foxrothschild.com*

*Attorneys for Defendants Larry Goldman, Albert Pu, and Wenbing Christopher Wang*

|   |   |
|---|---|
| 1 | |
| 2 | LOEB & LOEB LLP |
| 3 | */s/ Eugene R. Licker* |
| 4 | EUGENE R. LICKER<br>JOHN A. PISKORA |
| 5 | 345 Park Avenue |
| 6 | New York, NY 10154 |
| 7 | Tel:  (212) 407-4000<br>Fax:  (212) 407-4990 |
| 8 | *elicker@loeb.com*<br>*jpiskora@loeb.com* |
| 9 | |
| 10 | -and- |
| 11 | W. ALLAN EDMISTON |
| 12 | AMANDA J. SHERMAN |
| 13 | 10100 Santa Monica Blvd., Suite 2200<br>Los Angeles, CA 90067 |
| 14 | Tel:  (310) 282-2000<br>Fax:  (310) 282-2200 |
| 15 | *aedmiston@loeb.com* |
| 16 | *asherman@loeb.com* |
| 17 | *Attorneys for Defendants China Integrated* |
| 18 | *Energy, Inc., Xincheng Gao, Gaihong Li, and  Junrong* |

9

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF DEFENDANTS TO PRECLUDE PLAINTIFFS' THIRD EXPERT AND TO DISMISS PLAINTIFFS' CONSOLIDATED CLASS ACTION COMPLAINT