ABRAHAM, FRUCHTER
　& TWERSKY, LLP
IAN D. BERG   (Bar No. 263586)
355 S. Grand Avenue, Suite 2450
Los Angeles, CA 90071
Tel:　(213) 943-1356
Fax:　(858) 792-3449
*iberg@aftlaw.com*

ABRAHAM, FRUCHTER
　& TWERSKY, LLP
TAKEO A. KELLAR   (Bar No. 234470)
12526 High Bluff Drive, Suite 300
San Diego, CA 92130
Tel:　(858) 792-3448
Fax:　(858) 792-3449
*tkellar@aftlaw.com*

*Counsel for Lead Plaintiff Puerto Rico Teachers Retirement System and Lead Counsel for the Class*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| LARRY BROWN, Individually and on Behalf of All Others Similarly Situated,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>CHINA INTEGRATED ENERGY, INC., et al.,<br><br>　　　　Defendants. | Case No. CV 11-02559-BRO (PLAx)<br><br><u>CLASS ACTION</u><br><br>**MEMORANDUM IN OPPOSITION TO MOTION OF DEFENDANTS TO PRECLUDE PLAINTIFFS' THIRD EXPERT AND TO DISMISS PLAINTIFFS' CONSOLIDATED CLASS ACTION COMPLAINT**<br><br>Date:　　　November 24, 2014<br>Time:　　　1:30 p.m.<br>Place:　　　Courtroom 14<br>Judge:　　　Hon. Beverly Reid O'Connell |

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................... ii

I. INTRODUCTION .......................................................................................1

II. STATEMENT OF FACTS ..........................................................................4

III. ARGUMENT ...............................................................................................4

    A. Defendants Have No Basis For Reconsideration Of The Court's August 6, 2014 Order Denying Plaintiffs' Motion For Class Certification "Without Prejudice" ..........................................................................4

        1. Rule 23 Allows Court To Revisit Class Certification At Any Time Prior To Final Judgment ........................................................................6

        2. Defendants' Motion Is Based On Inapplicable And Inapposite Authority ........................................6

    B. Plaintiffs Can Show Market Efficiency ................................................8

IV. CONCLUSION...........................................................................................10

# **TABLE OF AUTHORITIES**

<u>Case</u>                                                                                                                        Page

*Allen v. County of Lake,*
   2014 U.S. Dist. LEXIS 142135 (N.D. Cal. Oct. 6, 2014) ...................................2

*Andrews Farms v. Calcot, Ltd.,*
   258 F.R.D. 640 (E.D. Cal. 2009) ........................................................................6

*Atchison, Topeka & Santa Fe R.R. v. Hercules Inc.,*
   146 F.3d 1071 (9th Cir. 1998) ............................................................................5

*Basic v. Levinson,*
   485 U.S. 224, 247 (1998) ....................................................................................3

*Cammer v. Bloom,*
   711 F. Supp. 1264 (D.N.J. 1989) ....................................................................3, 8

*Carnegie Mellon Univ. v. Hoffman La Roche Inc.,*
   148 F. Supp. 2d 1004 (N.D. Cal. 2001) ..............................................................8

*City of L.A. v. Santa Monica Baykeeper,*
   254 F.3d 882 (9th Cir. 2001) ..............................................................................5

*In re Countrywide Fin. Corp. Sec. Litig.,*
   273 F.R.D. 586 (C.D. Cal. 2009) ........................................................................9

*In re Diamond Foods, Inc. Sec. Litig.,*
   295 F.R.D. 240 (N.D. Cal. 2013) ...............................................................3, 9, 10

*In re DVI, Inc. Sec. Litig.,*
   639 F.3d 623 (3d Cir. 2011) ..............................................................................10

*In re NetBank, Inc.,*
   259 F.R.D. 656 (N.D. Ga. 2009) ........................................................................9

*In re Retek Sec. Litig.,*
   236 F.R.D. 431 (D. Minn. 2007) ........................................................................9

*Lippe v. Bairnco Corp.,*
   249 F. Supp. 2d 357 (S.D.N.Y. 2003) ............................................................2, 7

*Lumen v. Anderson,*
   280 F.R.D. 451 (W.D. Mo. 2012) ....................................................................10

*Nelson v. Tennessee Gas Pipeline Co.,*
    243 F.3d 244 (6th Cir. 2001) ..................................................................................7

*Nguyen v. Radient Pharms. Corp.,*
    287 F.R.D. 563 (C.D. Cal. 2012).....................................................................9, 10

*Pride v. BIC Corp.,*
    218 F.3d 566 (6th Cir. 2000) ..................................................................................7

*Primus Automotive Fin. Servs. Inc. v. Batarse,*
    115 F.3d 644 (9th Cir. 1997) ..............................................................................1, 4

*Smilovits v. First Solar, Inc.,*
    295 F.R.D. 423 (D. Ariz. Oct. 8, 2013) ...........................................................9, 10

*Weisgram v. Marley Co.,*
    528 U.S. 440 (2000)..................................................................................... 2, 6, 7

**STATUTES, RULES AND REGULATIONS**

C.D. Cal. L.R. 7-18 ........................................................................................... 1, 5

Fed. R. Civ. P. 23 .......................................................................................*passim*

Lead Plaintiff Puerto Rico Teachers Retirement System ("Lead Plaintiff") and Plaintiff Bristol Investment Fund, Ltd. (collectively, "Plaintiffs") respectfully submit this memorandum in opposition to the Motion of Defendants to Preclude Plaintiffs' Third Expert and to Dismiss Plaintiffs' Consolidated Class Action Complaint filed on October 27, 2014 (Docket No. 298; the "Motion").

## I.  INTRODUCTION

On August 4, 2014, the Court Ordered Plaintiffs' motion for class certification denied "without prejudice."  Now, Defendants are asking the Court to reconsider its Order – albeit under a different guise, in order to hide the fact that they don't meet the standard for reconsideration.  While this Court has the inherent authority to reconsider its interlocutory orders, the Central District of California has set limits to that authority.

In this District, a motion for reconsideration of an interlocutory order must be founded on one of three bases:  (a) a material difference in fact or law from that initially presented to the Court, which the party could not have known by exercising reasonable diligence prior to the Court's order; (b) "the emergence of new material facts or a change of law occurring after the time" of the Court's order; or (c) "a manifest showing of a failure to consider material facts presented to the Court before such decision."  C.D. Cal. L.R. 7-18.  Here, Defendants do not, because they cannot, present any such showing to satisfy any of the requirements for reconsideration of the Court's decision to allow Plaintiffs to resubmit their motion for class certification.  Defendants' styling of their untimely motion as one to "preclude" does not change what the motion really is: a motion for reconsideration of the "without prejudice" aspect of the Court's Order; nor does it change the exacting standards for reconsideration, which Defendants fail to satisfy.

It is beyond dispute that courts control their own dockets and orders in their cases, and this Court has the inherent authority to dismiss or deny a motion *without prejudice to resubmitting*.  *Primus Automotive Fin. Servs. Inc. v. Batarse*, 115 F.3d

644, 648 (9th Cir. 1997) (A federal district court possesses inherent authority, which includes powers that are incidental and necessary to performing its judicial duties); *see e.g., Allen v. County of Lake*, No. 14-cv-03934-TEH, 2014 U.S. Dist. LEXIS 142135, at *6 (N.D. Cal. Oct. 6, 2014) ("the Court exercises the authority to control its docket by denying Plaintiffs' motion without prejudice"). Defendants offer no authority to preclude the Court from exercising its authority and discretion to deny a motion "without prejudice" and allowing the motion to be resubmitted, particularly with respect to a motion for class certification under Rule 23.

Indeed, Rule 23 of the Federal Rules of Civil Procedures states that class certification may be revisited by the Court any time before final judgment. Fed. R. Civ. P. 23(c)(1)(C) ("an order that grants or denies class certification may be altered or amended before final judgment"). The Court's August 4 Order found that "class certification is [] improper at this time" and denied the motion "without prejudice" – which is consistent with Rule 23, and which undoubtedly enables Plaintiffs to renew their motion for class certification at this time. Moreover, as explained further below, Defendants' entire Motion is based on inapposite and inapplicable authority – none of which represents a "new law," or a "change" in the law that would warrant reconsideration. Furthermore, Defendants' two main cases, *Weisgram* and *Lippe*, were decided under the much different procedural context of summary judgment and trial long after the close of discovery, rather than a Rule 23 class certification motion.[1] More important, while those are cases where the courts exercised their discretion not to allow additional experts, there is nothing to suggest that those courts – or this Court – were precluded from exercising their discretion to allow new experts.

Since the August 4 Order was entered, Plaintiffs have repeatedly advised Defendants of their intention to resubmit their motion for class certification on or

---

[1] *Weisgram v. Marley Co.*, 528 U.S. 440 (2000); *Lippe v. Bairnco Corp.*, 249 F. Supp. 2d 357 (S.D.N.Y. 2003).

OPPOSITION TO MOTION TO PRECLUDE
-2-   Case No. 11-02559-BRO (PLAx)

about this date, and that the motion would be supported by an expert report. Now, at this late hour and after Plaintiffs have expended considerable resources, Defendants claim they would be prejudiced by having to defend a renewed motion for class certification because, at least according to them, Plaintiffs cannot show that China Integrated traded in an efficient market, as a matter of law. Without making this motion a proxy to resolve the issue, it is clear from Plaintiffs' renewed motion for class certification (filed concurrently with this Opposition) that Plaintiffs are able to show that China Integrated stock traded in an efficient market, thereby affording them a presumption of reliance under *Basic v. Levinson*, 485 U.S. 224, 247 (1998); and, that class certification should otherwise be granted, even without an expert report on market efficiency.

As evidence to rebut Defendants' assertion that Plaintiffs cannot show that China Integrated stock traded in an efficient market, Plaintiffs submit herewith the expert report of Dr. Jay Hartzell, whose qualifications and expertise to opine on market efficiency are beyond reproach. Indeed, Dr. Hartzell's same methodologies and market efficiency opinion were approved by the Honorable William Alsup when certifying the class in the *Diamond Foods* case. *In re Diamond Foods, Inc. Sec. Litig.*, 295 F.R.D. 240, 247-250 (N.D. Cal. 2013). Further, Plaintiffs submit independently obtained objective facts satisfying each of the five factors that support a finding of efficiency set forth in *Cammer v. Bloom*, 711 F. Supp. 1264 (D.N.J. 1989) and its progeny. Any opposition to these objective facts, or any efforts to challenge Dr. Hartzell's experience, expertise, or findings, would be without merit, and thus any prejudice caused by such efforts would be at Defendants' own making.[2]

---

[2] In opposition to Defendants' assertion that Plaintiffs cannot prove market efficiency and to preserve the record for any potential appeal in the event that the Court grants Defendants' Motion, Plaintiffs incorporate herein the Report of Dr. Jay Hartzell and the Declaration of Lead Counsel, Ian D. Berg, both filed with this Opposition; Plaintiffs' renewed Motion for Class Certification and the supporting

## II. STATEMENT OF FACTS

On August 4, 2014, the Court entered its Order denying Plaintiffs' motion for class certification without prejudice. Since the entry of the Order, Plaintiffs have informed Defendants of their intention to resubmit the motion for class certification supported by a new expert report. Further, in moving for Preliminary Approval of the Settlement with Defendant Sherb & Co. LLP, Plaintiffs advised the Court that Plaintiffs intended to renew its motion for class certification on or about October 31, 2014. *See* Memorandum of Points and Authorities in Support of Motion for Preliminary Approval of Class Action Settlement with Defendant Sherb & Co. LLP, Docket No. 294-1 at 19 n.8.

Despite Defendants' efforts to delay the progression of this case with this Motion, and to preserve their own rights, Plaintiffs have filed their Motion for Class Certification concurrently herewith, pursuant to the Court's August 4 Order. As noted in the Motion for Class Certification, Plaintiffs have noticed the hearing on class certification for February 2, 2015, which should provide sufficient time for the parties to establish a reasonable briefing schedule and allow time for Defendants to oppose the motion should they choose (including time for proper discovery by each side).

## III. ARGUMENT

### A. Defendants Have No Basis For Reconsideration Of The Court's August 6, 2014 Order Denying Plaintiffs' Motion For Class Certification "Without Prejudice"

A federal district court possesses inherent authority, which includes powers that are incidental and necessary to performing its judicial duties. *Primus Automotive*, 115 F.3d at 648. Included in that inherent authority is the power to

---

memorandum, declarations and exhibits, which are being filed concurrently herewith; the Court's August 4, 2014 Order; and Plaintiffs' initial motion for class certification, inclusive of supporting memoranda, declarations, expert declarations, and exhibits, which was denied without prejudice by the Court's August 4 Order.

reconsider the court's interlocutory orders. *City of L.A. v. Santa Monica Baykeeper*, 254 F.3d 882, 887 (9th Cir. 2001). This authority is not without limits, however, as set by the Court itself and notions of due process. *See* C.D. Cal. L.R. 7-18. In the Central District of California, a motion for reconsideration of an interlocutory order must be founded on any of three bases: (a) a material difference in fact or law from that initially presented to the Court, which the party could not have known by exercising reasonable diligence prior to the Court's order; (b) "the emergence of new material facts or a change of law occurring after the time" of the Court's order; or (c) "a manifest showing of a failure to consider material facts presented to the Court before such decision." *Id*. A court's local rules have the force and effect of law, so long as they are not inconsistent with the statute or the Federal Rules. *See Atchison, Topeka & Santa Fe R.R. v. Hercules Inc.*, 146 F.3d 1071, 1074 (9th Cir. 1998).

Here, Defendants purposefully do not label their Motion as one for reconsideration, or even reference Local Rule 7-18, because they do not meet this standard for reconsideration. Defendants do not submit any new facts, and all of the cases cited were decided long before the Court's August 4 Order or the parties' briefing on class certification. Nor do Defendants identify any clear error on the part of the Court in issuing the August 4 Order "without prejudice."

Rather, Defendants fashion their Motion as one to preclude Plaintiffs' from submitting a motion for class certification pursuant to their distorted interpretation of the Court's August 4 Order. Regardless of what Defendants label their Motion, they are seeking to have the Court reconsider its decision to deny Plaintiffs' motion for class certification "without prejudice" to renewing the motion. As Defendants fail to meet the exacting standard for reconsideration, and also fail to show any other basis for the relief sought in this context of class certification, Defendants' motion should be denied.

### 1. Rule 23 Allows Court To Revisit Class Certification At Any Time Prior To Final Judgment

Notwithstanding the Court's inherent authority to control its own docket and issue orders denying a motion "without prejudice," Rule 23 allows the Court to revisit class certification any time prior to entry of final judgment in an action. Fed. R. Civ. P. 23(c)(1)(C) ("an order that grants or denies class certification may be altered or amended before final judgment."). Indeed, district courts in the Ninth Circuit have previously certified a class on renewed motions following a prior denial "without prejudice." *See e.g., Andrews Farms v. Calcot, Ltd.*, 258 F.R.D. 640, 645, 657 (E.D. Cal. 2009) (previous motion to certify class was denied without prejudice). Accordingly, the Court's August 4 Order that "class certification is [] improper <u>at this time</u>" (emphasis added) and denying the motion "without prejudice" is consistent with the decision being revisited and altered as permitted under Rule 23.

### 2. Defendants' Motion Is Based On Inapplicable And Inapposite Authority

Tellingly, Defendants do not cite any case that precludes a court from denying a motion for class certification "without prejudice" to refile with additional expert testimony. Instead, Defendants' Motion is premised on cases that denied the plaintiffs' requests to supplement the record with additional experts regarding the underlying merits of the claims after the close of discovery and after rulings on summary judgment and trial.

Defendants' reliance on the Supreme Court's decision in *Weisgram* is inapposite and fails to support Defendants' motion. First, *Weisgram* is distinguishable as addressing what happens when the Court of Appeals excludes an expert report, after the expert was permitted to testify at trial and the proponent of the expert (the plaintiff) gained a jury verdict. 528 U.S. at 443. The Supreme Court found that the Court of Appeals could exclude the expert and instruct entry

of judgment for defendant – and was not required to remand to the district court with instruction to either enter judgment or conduct a new trial (at the discretion of the district court). *Id*. at 457.

In *Weisgram*, the plaintiff was on notice in the trial court of a potential defect with the expert's testimony (later found to be a defect by the Court of Appeals), but proceeded to trial and jury verdict with the challenged expert. *Id*. at 456. Here, Plaintiffs, acknowledging the Court's August 4 Order excluding its previous experts' testimony, submits Dr. Jay Hartzell's report, long before the close of discovery or trial – exactly what the Supreme Court expected of the plaintiff in *Weisgram*, but which that plaintiff failed to do. Moreover, **<u>nothing in the *Weisgram* decision implies that either the Appellate Court (or the trial court) would have been in error had it allowed the plaintiff to timely submit an additional expert report, in its discretion</u>**.

Defendants' reliance on *Lippe* is equally misplaced. On the eve of trial and at summary judgment, Judge Chen denied the plaintiffs' motions for leave to substitute new "valuation experts" 18 months after expert designation, and 10 months after the close of discovery in litigation that had been pending for seven years. 249 F. Supp. 2d at 385. Judge Chen found that reopening the record long after the close of discovery and after submission of motions for summary judgment – when plaintiffs had "years" to submit new testimony prior to the close of discovery – would be prejudicial to defendants. *Id*. at 361, 386-87. That is not the circumstance here. Likewise, Defendants' citation to *Pride* and *Nelson* cases (Motion at 5) are distinguishable as they pertain to denying plaintiffs' request for expert supplementation *at summary judgment*. *See Nelson v. Tennessee Gas Pipeline*, 243 F.3d 244, 249 (6th Cir. 2001); *Pride v. BIC Corp*., 218 F.3d 566, 580 (6th Cir. 2000).

Accordingly, Defendants' authorities set forth a very different procedural situation than in this case where class certification was denied and the court

exercised its discretion to make the denial "without prejudice." Moreover, Plaintiffs are submitting a new expert report and motion for class certification long before the close of discovery, long before summary judgment, and long before trial. Moreover, notwithstanding these extreme cases cited by Defendants, there is no doubt that Courts *do have* discretion to allow for additional expert reports, even at the summary judgment stage of litigation – and that district courts in the Ninth Circuit have exercised their discretion to allow renewed motions at summary judgment **with, *and based on*, the submission of *new* expert declarations**. *See e.g.*, *Carnegie Mellon Univ. v. Hoffman La Roche Inc.*, 148 F. Supp. 2d 1004, 1007-08, 1010, n.4 (N.D. Cal. 2001) (renewed motion for summary judgment allowed due to new expert declaration).

### B. Plaintiffs Can Show Market Efficiency

While it is clear that the Court has discretion to allow Plaintiffs to renew their motion for class certification, with the support of an expert, Defendants are ultimately asking the Court not to exercise that discretion based on Defendants' assertion that Plaintiffs cannot show market efficiency and thus any motion for class certification "would be futile." Motion at 7. Although this Motion should not become a proxy for resolving that issue, Defendants' assertion is wrong. As demonstrated in the renewed Motion for Class Certification filed concurrently with this opposition, Plaintiffs' can demonstrate market efficiency based on independently gathered facts satisfying each of the *Cammer* factors, as well as through the expert Report of Dr. Jay Hartzell, submitted herewith.[3]

Dr. Hartzell is the Trammell Crow Regents Professor of Business and the Senior Associate Dean for Academic Affairs at the McCombs School of Business at The University of Texas at Austin. *See* Dr. Hartzell's Report at ¶ 2 and his C.V. attached as Exhibit 1 to his Report. Dr. Hartzell's research and teaching are in the

---

[3] Dr. Hartzell's Report has also been filed in support of Plaintiffs' Motion for Class Certification, filed concurrently herewith.

areas of corporate finance and real estate finance; and, he teaches or has taught (i) a Ph.D. class on empirical corporate finance, which includes event study methodology among its topics; and (ii) MBA finance classes covering market efficiency. Moreover, his event study methodology and market efficiency opinion were approved by Judge Alsup when certifying the class in the *Diamond Foods* case. 295 F.R.D. at 247-250.

While Dr. Hartzell's expert testimony strongly supports the finding of market efficiency, expert testimony is not required to show market efficiency. *See In re Countrywide Fin. Corp. Sec. Litig.,* 273 F.R.D. 586, 609 n.74 (C.D. Cal. 2009) ("no requirement for expert testimony" to demonstrate market efficiency). Accordingly, as set forth in Plaintiffs' Motion for Class Certification filed concurrently herewith, Lead Counsel independently obtained objective facts for each of the five factors that support a finding of efficiency set forth in *Cammer*, 711 F. Supp. 1264 and its progeny. *See also* Declaration of Ian D. Berg in support of this Opposition, submitted herewith, at ¶¶2-6, Exs. 1-5.

Importantly, courts recognize that the "*Cammer* factors are 'an analytical tool, not a checklist' of requirements." *Nguyen v. Radient Pharms. Corp.*, 287 F.R.D. 563, 574 (C.D. Cal. 2012) (citations omitted). Thus, while all five of the *Cammer* factors are satisfied in this case, not all five of the factors need be satisfied in order to find a market efficient. *See, e.g., Smilovits v. First Solar, Inc.*, 295 F.R.D. 423, 437 (D. Ariz. Oct. 8, 2013) (while court found factor five "was too close to call," there was "no difficulty" finding market efficiency based on satisfaction of <u>three</u> other *Cammer* factors); *accord In re NetBank, Inc.*, 259 F.R.D. 656, 674-75 (N.D. Ga. 2009); *In re Retek Sec. Litig.*, 236 F.R.D. 431, 437 (D. Minn. 2007). Moreover, although not dispositive of efficiency in itself, federal courts have repeatedly held that a listing on a major national stock exchange such

as the NASDAQ, as China Integrated stock did throughout the entire Class Period, is a good indicator of market efficiency.[4]

Thus, with or without Dr. Hartzell's expert report, Plaintiffs submit that market efficiency has been demonstrated to satisfy the fraud-on-the-market presumption of reliance.

Given the weight of evidence supporting market efficiency here, any purported "prejudice" to Defendants is by their own making. Indeed, any opposition or challenge to Dr. Hartzell or market efficiency is done in spite of the weight of Dr. Hartzell's experience, expertise, and report, as well as the objective factors that overwhelmingly weigh in favor of a finding of market efficiency for China Integrated stock.

Given that Plaintiffs can show market efficiency to satisfy the presumption of reliance for class certification, and will prove efficiency at trial, Defendants' attempt to dismiss the Complaint on the current record should be rejected.

## IV.   CONCLUSION

For all of the foregoing reasons, Defendants' Motion should be denied in its entirety.

Dated: November 3, 2014                Respectfully submitted,

ABRAHAM, FRUCHTER
& TWERSKY, LLP

 /s/ *Ian D. Berg*
IAN D. BERG

---

[4] *See, e.g.*, *Diamond Foods,* 295 F.R.D. at 250; *First Solar, Inc.*, 295 F.R.D. at 431 ("In keeping with *Basic* . . . the Court concludes that the trading of First Solar stock on NASDAQ -- a major, well-developed stock exchange -- weighs in favor of finding market efficiency."); *Lumen v. Anderson*, 280 F.R.D. 451, 459-60 (W.D. Mo. 2012) ("the NYSE and NASDAQ are at least entitled to a presumption of efficiency"); *Radient Pharms.*, 287 F.R.D. at 573 n.7 ("'federal courts are unanimous in their agreement that a listing on the NASDAQ or a similar national market is a good indicator of efficiency'"); *In re DVI, Inc. Sec. Litig.*, 639 F.3d 623, 634 (3d Cir. 2011) ("the listing of a security on a major exchange such as the NYSE or the NASDAQ weighs in favor of a finding of market efficiency.").

IAN D. BERG   (Bar No. 263586)
355 S. Grand Avenue, Suite 2450
Los Angeles, CA 90071
Tel:   (213) 943-1356
Fax:   (858) 792-3449
*iberg@aftlaw.com*

ABRAHAM, FRUCHTER
   & TWERSKY, LLP
TAKEO A. KELLAR   (Bar No. 234470)
12526 High Bluff Drive, Suite 300
San Diego, CA 92130
Tel:   (858) 792-3448
Fax:   (858) 792-3449
*tkellar@aftlaw.com*

ABRAHAM, FRUCHTER
   & TWERSKY, LLP
MITCHELL M.Z. TWERSKY (*phv*)
MARK S. HAMILL  (*phv*)
LAWRENCE D. LEVIT  (*phv*)
One Penn Plaza, Suite 2805
New York, NY 10119
Tel:   (212) 279-5050
Fax:   (212) 279-3655
*mtwersky@aftlaw.com*
*mhamill@aftlaw.com*
*llevit@aftlaw.com*

*Counsel for Lead Plaintiff Puerto Rico Teachers Retirement System*

WILLIAM B. FEDERMAN (*PHV*)
FEDERMAN & SHERWOOD
10205 North Pennsylvania Avenue
Oklahoma City, OK 73120
Tel:   (405) 235-1560
Fax:   (405 239-2112
*wbf@federmanlaw.com*

*Counsel for Plaintiff Bristol Investment Fund, Ltd.*