ABRAHAM, FRUCHTER
    & TWERSKY, LLP
IAN D. BERG   (Bar No. 263586)
355 S. Grand Avenue, Suite 2450
Los Angeles, CA 90071
Tel:   (213) 943-1356
Fax:   (858) 792-3449
*iberg@aftlaw.com*

TAKEO A. KELLAR   (Bar No. 234470)
ABRAHAM, FRUCHTER
    & TWERSKY, LLP
12526 High Bluff Drive, Suite 300
San Diego, CA 92130
Tel:   (858) 792-3448
Fax:   (858) 792-3449
*tkellar@aftlaw.com*

*Counsel for Lead Plaintiff Puerto Rico Teachers Retirement System and Lead Counsel for the Class*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| LARRY BROWN, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>CHINA INTEGRATED ENERGY, INC., et al.,<br><br>Defendants. | Case No. CV 11-02559-BRO (PLAx)<br><br><u>CLASS ACTION</u><br><br>**NOTICE OF APPLICATION AND EX PARTE APPLICATION TO MODIFY THE OCTOBER 14, 2014 ORDER SETTING DEPOSITION DATES (Doc. 296)**<br><br>Judge:    Hon. Paul L. Abrams<br>Place:    Courtroom G, 9th Floor<br><br>Discovery Cut-Off: May 1, 2015 |

Pursuant to Civil Local Rule 7-19 and the Court's October 14, 2014 Order setting Deposition Dates (Dkt. No. 296, the "October 14 Order") requiring "[a]ny changes to [the deposition] schedule must be presented to the Court for its approval," Lead Plaintiff Puerto Rico Teachers Retirement System ("Lead Plaintiffs") respectfully seeks relief to modify the deposition schedule as set forth below.  Lead Plaintiff sought consent from Defendants to modify the schedule to mutually agreeable dates; however, Defendants declined, thus necessitating this Application.

This Application is made only after providing notice to counsel for Defendants, as required by Local Rule 7-19.1.  Defendants intend to oppose this Application.  Pursuant to Local Rule 7-19, the contact information for the counsel for Defendants China Integrated Energy, Inc. ("China Integrated" or the "Company"), Xincheng Gao, Gaihong Li and Junrong Guo is: Eugene Licker, LOEB & LOEB LLP, 345 Park Avenue, New York, NY 10154, email: elicker@loeb.com, Telephone: 212-407-4035; counsel for Defendants Larry Goldman, Albert Pu, and Wenbing Christopher Wang is: Peter C. Buckley, FOX ROTHSCHILD LLP, 2000 Market St., 20th Floor, Philadelphia, PA 19103, email: pbuckley@foxrothschild.com, Telephone: (215) 299-2854.

**APPLICATION TO MODIFY THE DEPOSITION SCHEDULE**

Throughout this litigation, Plaintiffs have sought the production of documents related to an investigation conducted by China Integrated's Audit Committee.  Indeed, these documents have been the subject of two motions to compel.  In light of the Court's Order on November 12, 2014 (Dkt. No. 308), Plaintiffs expect there will now need to be a third motion to compel.  Ultimately, the issue of whether these documents will have to be produced remains, in a word, "uncertain."  Because of the importance of the documents at issue – which include thirty-five memoranda of interviews with China Integrated employees and non-employees, and reports from forensic accountants and other experts on biodiesel

production matters – Plaintiffs would like the opportunity to have the Court resolve the production issues prior to going to Honk Kong to take the depositions of three key witnesses, Xincheng Gao, Gaihong Li and Fei Peng.

Previously, in its October 14, 2014 Order, the Court set the depositions of Defendants Xincheng Gao and Gaihong Li for December 8 and 10, 2014. Indeed, during the telephonic conference in connection with the Court's October 14 Order, Lead Plaintiff's counsel raised the importance and efficiency of seeking resolution to the motion to compel the documents from the Company's Audit Committee investigation prior to the depositions.

Initially, Defendants withheld production of all of the investigation documents on privilege and work product protection grounds, but refused to provide a privilege log. Plaintiffs moved to compel. In its August 15, 2014 Order, the Court ordered Defendants to produce all documents that "memorialize findings, conclusions, or analyses of the Audit Committee's investigation, and/or that were relied on by the Audit Committee in its oral report given to the Board related to the investigation," and to provide "a detailed privilege log" of any document withheld for privilege or pursuant to the work product doctrine "in good faith." (Dkt. No. 279).

Rather than exercise good faith, Defendants asserted blanket privilege and work product protections over all of the investigation documents, and supplied an inadequate privilege log that was not prepared by Defendants' counsel. The sole basis for asserting such privilege and work product protections was that the investigation was being conducted for "litigation purposes." Again, Plaintiffs moved to compel.

On November 12, 2014, the Court entered its Order finding that Defendants' "current assertion of the attorney-client privilege and work product doctrine inadequate to justify withholding of documents and materials;" however, the Court permitted Defendants' a third chance to produce documents and/or provide a

detailed privilege log by November 26, 2014.  (Dkt. No. 308).  Further, the Court stated that Plaintiff may "renew its Motion at that time" if issues concerning the production remain.

In light of the uncertainty surrounding Defendants' anticipate production on November 26, 2014 – either of documents, a detailed privilege log, or both – Lead Plaintiff's Counsel emailed Defendants' Counsel, Eugene Licker, about the possibility of postponing the December Hong Kong depositions until February, to give the parties and the Court time to resolve the production issues.  (*See* e-mail chain attached as Ex. A to the Declaration of Ian D. Berg ("Berg Decl."), filed herewith).  On November 20, 2014, Mr. Licker responded that Defendants would not consent to moving the deposition dates, thereby necessitating this Application.  (*Id.*).  In Mr. Licker's view, "the judge has ruled on [Plaintiffs'] motion, and denied it," and thus no uncertainty remains.  (*Id.*).

Notwithstanding Mr. Licker's position, it is now certain that the Court will need to further address and resolve the issue.  Although the Court appeared to agree that the Company could not assert blanket protections based on the fact that the investigation was conducted for so-called "litigation purposes," Defendants have affirmed via email on November 21, 2014 that they will continue to assert such blanket protections, which Plaintiffs intend to challenge.  (*Id.*).  Under Local Rules, there is no way for Plaintiffs to have this issue resolved by the Court prior to the December Hong Kong depositions.

In opposing a schedule modification, Defendants are once again imposing a time-squeeze on Plaintiffs, seeking to ensure that key witnesses are deposed before Plaintiffs have an opportunity to challenge and resolve Defendants' anticipated claims of privilege and work product protections.  Judicial economy – and the costs and burdens of having to conduct depositions in Hong Kong – makes patience the better order of discretion.

There is no doubt that having access to the investigation documents would aid Plaintiffs in the depositions of Mr. Gao (the CEO) and Ms. Li (the CFO), who are two key defendants – and who are distinguished from other defendants in that they were executive officers during the investigation at issue. Further, Plaintiffs have identified and requested the availability of another employee in China, Fei Peng, for his deposition in Hong Kong to coincide with the other Hong Kong depositions, which would also be benefitted by the production of these documents and materials.

Lead Plaintiff's Counsel raised these issues and concerns with Defendants. Defendants will not agree to a modification of the schedule. (Berg Decl., Ex. A). Indeed, Defendants would not even discuss alternative dates or ascertain availability in the event that the Court does agree to modify the schedule. (*Id.*). As such, Lead Plaintiff respectfully requests that the Court grant the following deposition schedule:

- Xincheng Gao -    February 9, 2015 (Hong Kong);
- Fei Peng -    February 11, 2015 (Hong Kong);
- Gaihong Li -    February 12, 2015 (Hong Kong).

Dated:  November 21, 2014         Respectfully submitted,

ABRAHAM, FRUCHTER
    & TWERSKY, LLP

    /s/ *Ian D. Berg*

ABRAHAM, FRUCHTER
    & TWERSKY, LLP
IAN D. BERG   (Bar No. 263586)
355 S. Grand Avenue, Suite 2450
Los Angeles, CA 90071
Tel:   (213) 943-1356
Fax:   (858) 792-3449
*iberg@aftlaw.com*

ABRAHAM, FRUCHTER
    & TWERSKY, LLP
TAKEO A. KELLAR   (Bar No. 234470)
12526 High Bluff Drive, Suite 300

```
 1                          San Diego, CA 92130
                            Tel:   (858) 792-3448
 2                          Fax:   (858) 792-3449
                            tkellar@aftlaw.com
 3
                            ABRAHAM, FRUCHTER
 4                             & TWERSKY, LLP
                            MITCHELL M.Z. TWERSKY (phv)
 5                          MARK S. HAMILL  (phv)
                            LAWRENCE D. LEVIT  (phv)
 6                          One Penn Plaza, Suite 2805
                            New York, NY 10119
 7                          Tel:   (212) 279-5050
                            Fax:   (212) 279-3655
 8                          mtwersky@aftlaw.com
                            mhamill@aftlaw.com
 9                          llevit@aftlaw.com

10                          Counsel for Lead Plaintiff Puerto Rico
                            Teachers Retirement System
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
```