LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 11-02559 BRO (PLAx) | Date | November 21, 2014 |
|---|---|---|---|
| Title | LARRY BROWN V. CHINA INTEGRATED ENERGY, INC. ET AL. | | |

| Present: The Honorable | BEVERLY REID O'CONNELL, United States District Judge | |
|---|---|---|
| Renee A. Fisher | Not Present | N/A |
| Deputy Clerk | Court Reporter | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:**     (IN CHAMBERS)

### ORDER RE: MOTION TO PRECLUDE PLAINTIFFS' THIRD EXPERT AND TO DISMISS COMPLAINT WITH PREJUDICE [298]

## I.     INTRODUCTION

Pending before the Court is Defendants' motion to preclude Plaintiffs from presenting a third expert witness and to dismiss Plaintiffs' consolidated class action complaint with prejudice. (Dkt. No. 298.) After consideration of the papers filed in support of and in opposition to the instant motion, the Court deems this matter appropriate for decision without oral argument of counsel. *See* Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15. For the following reasons, Defendants' motion is **DENIED**.

## II.     BACKGROUND

### A. Factual Background

This is a putative securities fraud class action brought under the Securities Act of 1933 and the Securities Exchange Act of 1934 as amended by the Private Securities Litigation Reform Act of 1995. Plaintiffs assert claims against China Integrated Energy Corporation ("China Integrated Energy"), some of its officers and directors, and its independent auditor, accounting firm Sherb & Co. (*See* Consolidated Class Action Complaint ("Compl.") ¶¶ 28–41.) Collectively, these individuals and entities are referred to as "Defendants."

Plaintiffs seek to represent a class of individuals who purchased or otherwise acquired common stock in China Integrated Energy between March 31, 2010, and April

Case 2:11-cv-02559-BRO-PLA   Document 310   Filed 11/21/14   Page 2 of 8   Page ID #:8437

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 11-02559 BRO (PLAx) | Date | November 21, 2014 |
|---|---|---|---|
| Title | LARRY BROWN V. CHINA INTEGRATED ENERGY, INC. ET AL. | | |

21, 2011.  (Dkt. No. 183; Compl. ¶ 52.)  China Integrated Energy is a Delaware corporation operating in the People's Republic of China.  (Compl. ¶ 2.)  It purports to sell finished oil products, heavy oil products, and biodiesel fuel.  (Compl. ¶ 2.)  It also operates retail gas stations.  (Compl. ¶ 2.)

      According to Plaintiffs, the class period began on March 31, 2010, when China Integrated Energy issued its 2009 financial results.  (Compl. ¶ 52.)  They allege that the report was materially false and misleading because it overstated China Integrated Energy's 2009 revenue and net income.  (Compl. ¶ 55.)  Plaintiffs also assert that Defendants prepared two sets of financial statements: one presumably accurate set that Defendants filed with Chinese regulators, and another false and misleading set that they filed with the Securities and Exchange Commission ("SEC").  (*See* Compl. ¶¶ 55–59.)

      The discrepancy between the financial statements filed in China and those filed with the SEC came to light on March 16, 2011.  (*See* Compl. ¶¶ 58, 130.)  On that day, Sinclair Upton Research published a report alleging that China Integrated Energy's SEC filings overstated revenues as compared with revenues reported in the Chinese filings.  (Compl. ¶¶ 58, 130.)  The report also asserted that China Integrated Energy had been funneling money to corporations owned by the son of Defendant Xincheng Gao.  (Compl. ¶ 130.)  In response to this report, China Integrated Energy's share price fell from $5.95 to a closing price of $5.00, nearly a 16% drop.  (Compl. ¶ 130.)

      The next day, analysts at Roth Capital Partners downgraded China Integrated Energy's shares from a "BUY" status to a "NEUTRAL" status.  (Compl. ¶ 132.)  They also reported that they had independently obtained the Chinese filings referenced in Sinclair Upton Research's report, and confirmed the prior report's accuracy.  (Compl. ¶¶ 58, 132.)  China Integrated Energy's share price fell again, this time from $5.00 to $3.52, a 24.6% drop.  (Compl. ¶ 133.)

      One week later, on March 23, 2011, China Integrated Energy issued a letter to shareholders, apparently in an attempt to rebut the reports' allegations.  (Compl. ¶ 134.)  It vigorously denied that it had made any misstatements in its financial statements and SEC filings, and denied all other accusations in the Sinclair Upton Research report.  (Compl. ¶¶ 134–38.)  Notwithstanding this rebuttal attempt, China Integrated Energy's share prices continued to fall.  (*See* Compl. ¶ 140.)

Case 2:11-cv-02559-BRO-PLA   Document 310   Filed 11/21/14   Page 3 of 8   Page ID #:8438

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 11-02559 BRO (PLAx) | Date | November 21, 2014 |
|---|---|---|---|
| Title | LARRY BROWN V. CHINA INTEGRATED ENERGY, INC. ET AL. | | |

On March 28, 2011, additional damaging information surfaced when another analyst firm, Alfred Little, issued a detailed report reviewing China Integrated Energy's Chinese filings and audited financial statements and calling the company a "complete hoax." (Compl. ¶ 141.) This report caused a 29% drop in share price, from $3.76 to $2.66, on March 28, 2011. (Compl. ¶ 143.)

In response to the accusations and resultant drop in share price, China Integrated Energy hired law firms and auditors to conduct an internal investigation. (*See* Compl. ¶ 151.) Ultimately, these firms and auditors resigned, citing management's refusal to cooperate in the investigation. (*See* Compl. ¶¶ 152–55.) On April 26, 2011, the company's outside auditor, KPMG, resigned and cautioned investors that the SEC filings it assisted in preparing should no longer be relied upon. (Compl. ¶¶ 156–57.)

On April 20, 2011, NASDAQ halted trading in China Integrated Energy's shares. (Compl. ¶ 145.) On November 21, 2011, NASDAQ decided to remove the company's shares from listing. (Compl. ¶ 150.)

### B. Procedural History

Between March 25, 2011 and May 25, 2011, various plaintiffs filed five separate lawsuits, which were ultimately consolidated into one. (*See* Dkt. Nos. 43–44.) On December 20, 2011, these plaintiffs filed a consolidated class action complaint. (Dkt. No. 59.) In their consolidated complaint, Plaintiffs allege four causes of action: (1) violations of section 10(b) of the Securities Exchange Act of 1934 and related Rule 10b-5, (Compl. ¶¶ 176–84); (2) violations of section 20(a) of the Securities Exchange Act of 1934 (against company officers only), (Compl. ¶¶ 185–98); (3) violations of section 11 of the Securities Act of 1933, (Compl. ¶¶ 199–209); and (4) violations of section 15 of the Securities Act of 1933 (against company officers only), (Compl. ¶¶ 210–13).

On August 15, 2013, Plaintiffs filed a motion to certify their putative class, naming Puerto Rico Teachers Retirement System and Bristol Investment Fund Ltd. as the lead plaintiffs. (Dkt. No. 183.) In support of their motion, Plaintiffs offered the declarations of their two market-efficiency experts, Michael Marek and Kenneth McGraw. (Dkt. Nos. 185-3, 205). On April 14, 2014, Defendants filed a motion to exclude the declarations of Marek and McGraw. (Dkt. No. 226.) On August 4, 2014, the Court granted Defendants'

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 11-02559 BRO (PLAx) | Date | November 21, 2014 |
|---|---|---|---|
| Title | LARRY BROWN V. CHINA INTEGRATED ENERGY, INC. ET AL. | | |

motion to exclude the declarations of Marek and McGraw and denied Plaintiffs' motion for class certification without prejudice, finding that McGraw was not qualified to testify and that Marek's methodology was unreliable.  (Dkt. No. 271.)

Defendants filed this instant motion on October 27, 2014, in which they seek to preclude Plaintiffs from offering a third market-efficiency expert and ask the Court to dismiss Plaintiff's consolidated complaint with prejudice.  (Dkt. No. 298.)  Plaintiffs opposed this motion on November 3, 2014, (Dkt. No. 300), and Defendants replied on November 10, 2014, (Dkt. No. 306).  Because the Court denied Plaintiffs' motion for class certification without prejudice, and Defendants now request the Court to dismiss Plaintiffs' complaint with prejudice, the Court will construe Defendants' motion as a motion for reconsideration.

### III.    LEGAL STANDARD

A party may move for reconsideration pursuant to the Local Rules.  Under Local Rule 7-18, a motion for reconsideration must be founded upon one of three bases: (1) "a material difference in fact or law from that initially presented to the Court" of which the party could not have learned by exercising reasonable diligence prior to the Court's order; (2) "the emergence of new material facts or a change of law occurring after the time" of the Court's order; or (3) "a manifest showing of a failure to consider material facts presented to the Court before such decision."  C.D. Cal. L.R. 7-18.  A court's local rules have the force and effect of law, so long as they are not inconsistent with statute or the Federal Rules.  *See Atchison, Topeka & Santa Fe R.R. v. Hercules Inc.*, 146 F.3d 1071, 1074 (9th Cir. 1998).  A court should not depart from its local rules unless the effect on the substantial rights of the parties would be "so slight and unimportant that the sensible treatment is to overlook [it]."  *Prof'l Programs Grp. v. Dep't of Commerce*, 29 F.3d 1349, 1353 (9th Cir. 1994) (internal quotation marks omitted).

### IV.    DISCUSSION

Defendants' motion makes one primary argument in favor of precluding Plaintiffs from designating a third market-efficiency expert and dismissing Plaintiffs' consolidated complaint with prejudice.  Specifically, Defendants assert that Plaintiffs are not entitled to another chance to find an expert witness to support their fraud-on-the-market theory.

Case 2:11-cv-02559-BRO-PLA   Document 310   Filed 11/21/14   Page 5 of 8   Page ID #:8440

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 11-02559 BRO (PLAx) | Date | November 21, 2014 |
|---|---|---|---|
| Title | LARRY BROWN V. CHINA INTEGRATED ENERGY, INC. ET AL. | | |

As discussed below, the Court agrees; Plaintiffs are not so entitled. Nevertheless, Defendants have not pointed the Court to any authority—and the Court is not aware of any—that precludes the Court from permitting Plaintiffs the chance to secure another expert in appropriate circumstances. Because the Court finds that the circumstances here warrant providing Plaintiffs with the opportunity to secure a new expert witness, the Court denies Defendants' motion.

### A. *Weisgram* and Its Progeny

Defendants rest their argument on the Supreme Court case of *Weisgram v. Marley Co.*, 528 U.S. 440 (2000), and its progeny. In *Weisgram*, the Supreme Court upheld the Eighth Circuit's decision to direct entry of judgment in favor of the defendant, after finding the plaintiff's expert witness testimony to be inadmissible, without permitting the plaintiff to offer new expert testimony. *Id.* at 455–56. The Court reasoned:

> Since [*Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993)], . . . parties relying on expert evidence have had notice of the exacting standards of reliability such evidence must meet. It is implausible to suggest, post-*Daubert*, that parties will initially present less than their best expert evidence in the expectation of a second chance should their first try fail. We therefore find unconvincing [Plaintiff]'s fears that allowing courts of appeals to direct the entry of judgment for defendants will punish plaintiffs who could have shored up their cases by other means had they known their expert testimony would be found inadmissible.

*Id.* (citations omitted). The Court also noted that, "although [Plaintiff] was on notice every step of the way that [Defendant] was challenging his experts, he made no attempt to add or substitute other evidence." *Id.*

A number of courts have applied *Weisgram* to justify denying plaintiffs' requests to secure a new expert witness or to provide new expert testimony to support their claims. In *Nelson v. Tennessee Gas Pipeline Co.*, 243 F.3d 244, 250 (6th Cir. 2001), for example, the Sixth Circuit invoked *Weisgram* to find that "fairness does not require that a plaintiff, whose expert witness testimony has been found inadmissible under *Daubert*, be afforded a second chance to marshal other expert opinions and shore up his case before the court

Case 2:11-cv-02559-BRO-PLA Document 310 Filed 11/21/14 Page 6 of 8 Page ID #:8441

LINK:

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 11-02559 BRO (PLAx) | Date | November 21, 2014 |
|---|---|---|---|
| Title | LARRY BROWN V. CHINA INTEGRATED ENERGY, INC. ET AL. | | |

may consider a defendant's motion for summary judgment." Similarly, in *Lippe v. Bairnco Corp.*, 249 F. Supp. 2d 357, 385–86 (S.D.N.Y. 2003), the Southern District of New York cited *Weisgram* and *Nelson* to reject plaintiffs' request to secure a different expert witness. Stating that plaintiffs "do not get a 'do-over,'" the court in *Lippe* emphasized that plaintiffs had "had more than a full and fair opportunity to find proper valuation experts," and that "it would be fundamentally unfair to require defendants to go through the process again, to delay the final resolution of this very difficult and burdensome case, solely because plaintiffs made some ill-advised tactical choices and refused to adjust when it was apparent that they should." *Id.* at 486. Indeed, the court elaborated that a party's only recourse as a matter of right when its expert witness is excluded is to appeal: "When a party loses at trial or when it loses a summary judgment motion, it does not get to do it again. . . . The party's recourse is to appeal, and only if it prevails on appeal will it get another chance. A *Daubert* motion is no different." *Id.*

Defendants properly cite these cases for the proposition that Plaintiffs are not entitled to a "do-over" after their expert witness is disqualified, and the Court is aware of various other cases that echo this sentiment. *See, e.g.*, *Rimbert v. Eli Lilly & Co.*, 647 F.3d 1247, 1256 (10th Cir. 2011) ("In the normal course of events, district courts are well within permissible discretion to deny the opportunity to name a new expert after discovery has closed and a party receives an unfavorable *Daubert* ruling."); *Pride v. BIC Corp.*, 218 F.3d 566, 578–79 (6th Cir. 2000) (upholding district court's denial of leave to add a new expert as a "transparent attempt to reopen the *Daubert* hearing now that the weaknesses in [the plaintiff's] expert testimony have been pointed out"); *Jackson v. United States*, No. C 05-3006MHP, 2007 WL 4532223, at *5 (N.D. Cal. Dec. 19, 2007) ("Here, plaintiff has had not one, not two, but three chances to locate an expert whose testimony would be sufficient to satisfy the *Daubert* standards. The court need not allow plaintiff a fourth chance to cure deficiencies in his expert testimony."); *Dunhem v. SunTrust Banks, Inc.*, No. CIV.A. AW-04-1016, 2006 WL 8074648, at *4 (D. Md. Aug. 22, 2006) ("Although Plaintiffs may suffer some prejudice from this decision, a plaintiff should not be given a second opportunity to 'marshal other expert opinions and shore up his case' following a *Daubert* ruling that his expert witness's testimony is inadmissible." (quoting *Nelson*, 243 F.3d at 250)); *Nisus Corp. v. Perma-Chink Sys., Inc.*, 327 F. Supp. 2d 844, 854 (E.D. Tenn. 2003) (upholding a magistrate judge's denial of a request to file a supplemental expert report pursuant to *Weisgram*, *Pride*, and *Nelson*). It is thus clear

Case 2:11-cv-02559-BRO-PLA Document 310 Filed 11/21/14 Page 7 of 8 Page ID #:8442

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 11-02559 BRO (PLAx) | Date | November 21, 2014 |
|---|---|---|---|
| Title | LARRY BROWN V. CHINA INTEGRATED ENERGY, INC. ET AL. | | |

that, as Defendants contend, Plaintiffs may not as a matter of course secure a new expert witness to support their fraud-on-the-market theory.

### B. The Court Has Discretion to Permit Plaintiffs to Secure a New Expert

Nevertheless, none of these cases stands for the proposition that the Court cannot permit Plaintiffs to secure a new witness if it deems it appropriate to do so. Indeed, "[c]ourts have discretion to extend deadlines to identify experts," *Hans v. Matrixx Initiatives, Inc.*, No. 3:04-CV-540, 2007 WL 2668594, at *3 (W.D. Ky. Sept. 6, 2007), and district courts generally are afforded "very wide discretion . . . in handling pretrial discovery," *Kyle Eng'g Co. v. Kleppe*, 600 F.2d 226, 231 (9th Cir. 1979).[1] And in some instances, district courts have been found to have abused this discretion by refusing to permit new expert witnesses to testify. In *Rimbert v. Eli Lilly & Co.*, for example, the Tenth Circuit found that the district court's decision to "disallow[] [plaintiff's] request for additional time to name a substitute expert was an abuse of discretion." 647 F.3d at 1256. The court found that the unique circumstances in the case "called for flexibility in the discovery schedule." *Id.* Although the circumstances are different here than in *Rimbert*, it is clear that the Court retains discretion to permit parties to secure additional expert witnesses after their initial witness or witnesses have been disqualified.

Here, the Court deems it appropriate to permit Plaintiffs the opportunity to secure a new market-efficiency witness. Despite Defendants' contention that "[i]t is now too late . . . to add new experts," (Dkt. No. 298-1 at 10), the Court's most recent scheduling order allows Plaintiffs until March 2, 2015 to disclose their experts and until May 1, 2015 to conduct discovery, (Dkt. No. 269 at 2). Of course, Plaintiffs must provide any evidence they wish to include in support of their recently filed motion for class certification before then, but Defendants are incorrect to assert that it is categorically too late for Plaintiffs to add new expert witnesses. Moreover, the cases discussed above are distinguishable on this front. As Plaintiffs note, the courts in *Lippe*,[2] *Nelson*,[3] and *Pride*[4]

---

[1] A district court's decision whether to permit additional expert witnesses is reviewed for abuse of discretion. *See, e.g.*, *Wong v. Regents of Univ. of Cal.*, 410 F.3d 1052, 1062 (9th Cir. 2005) ("The district court did not abuse its discretion here in refusing to permit Wong to supplement his disclosure with the additional expert witnesses and in barring testimony by and relying upon those witnesses.").

[2] 249 F. Supp. 2d at 360–61.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 11-02559 BRO (PLAx) | Date | November 21, 2014 |
|---|---|---|---|
| Title | LARRY BROWN V. CHINA INTEGRATED ENERGY, INC. ET AL. | | |

each involved requests to add a new expert witness at the summary judgment stage, which likely may not occur in this case until June 1, 2015, the last date on which the Court will hear motions. (Dkt. No. 269 at 2.) And in *Weisgram*,[5] the Supreme Court upheld the Eighth Circuit's directed entry of judgment after the party had proceeded to trial (and received a jury verdict) despite being on notice that its expert was not qualified.

Given the early stage of proceedings in this case and the importance of the issue in support of which Plaintiffs are seeking to provide expert testimony, it would thus be appropriate to permit Plaintiffs one more opportunity to secure adequate expert testimony. Moreover, although Defendants claim that they would be prejudiced if Plaintiffs were allowed this opportunity, they do not specify any prejudice other than having to address the arguments of a new expert. (Dkt. No. 298-1 at 10.)

## V. CONCLUSION

For the foregoing reasons, Defendants' motion to preclude Plaintiffs from presenting a third expert witness from testifying and to dismiss Plaintiffs' consolidated class action complaint is **DENIED**.

The hearing set for November 24, 2014 is VACATED.

**IT IS SO ORDERED.**

|  | : |
|---|---|
| Initials of Preparer | rf |

---

[3] 243 F.3d at 249.

[4] 218 F.3d at 579.

[5] 528 U.S. at 456.