W. ALLAN EDMISTON (SBN 228246)
aedmiston@loeb.com
AMANDA J. SHERMAN (SBN 276138)
asherman@loeb.com
10100 Santa Monica Blvd., Suite 2200
Los Angeles, CA 90067
Telephone: 310.282.2000
Facsimile: 310.282.2200

EUGENE R. LICKER (*admitted pro hac vice*)
elicker@loeb.com
LOEB & LOEB LLP
345 Park Avenue
New York, NY 10154-1895
Telephone: 212407-4000
Facsimile: 212-407-4990

Attorneys for CHINA INTEGRATED ENERGY, INC., GAO XINCHENG, ALBERT C. PU, and LI GAIHONG

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| LARRY BROWN, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,<br><br>Plaintiff,<br><br>v.<br><br>CHINA INTEGRATED ENERGY, INC., GAO XINCHENG, ALBERT C. PU, and LI GAIHONG,<br><br>Defendants. | Case No.: 2:11-CV-02559-BRO (PLAx)<br><br>**OPPOSITION TO EX PARTE APPLICATION TO MODIFY THE OCTOBER 14, 2014 ORDER SETTING DEPOSITION DATES (DOC. 296)**<br><br>Judge:   Hon. Paul L. Abrams<br>Time:   10:00 a.m.<br>Place:   Courtroom G, 9th Floor<br><br>Discovery Cut-off:   May 1, 2015<br>Pre-Trial Conference:   September 14, 2015<br>Trial Date:   October 13, 2015 |

LA2399116.1
211818-10011

OPPOSITION TO APPLICATION

**OPPOSITION TO EX PARTE APPLICATION TO MODIFY THE OCTOBER 14, 2014 ORDER SETTING DEPOSITION DATES**

Lead Plaintiff decided yesterday, November 20, 2014, that it wanted to delay the depositions of China Integrated's CEO and CFO that had been ordered by this Court to be held on December 8, 2014 and December 10, 2014. Lead Plaintiff's counsel asked China Integrated and the witnesses for their consent. Because changing the schedule would upset many previously made plans, and render useless preparation that had previously been conducted at great expense, they could not so consent. Without supplying any oral notice (or any prior notice at all), Lead Plaintiff sought this *ex parte* relief. For the reasons stated below, defendants China Integrated, Goa, and Li respectfully request that the relief be denied.

Lead Plaintiff's only basis for seeking to delay the depositions is its new-found belief that it cannot conduct the depositions without discovery of the materials (the "Investigation Materials") created in the course of the Independent Investigation conducted by the audit committee into the allegations made by certain short sellers and repeated in the complaint filed by Lead Plaintiff. The claim is strikingly lacking in credibility and logic.

On or about August 2, 2012, Lead Plaintiff served a Rule 34 request on China Integrated that included requests that Lead Plaintiff has urged this Court sought discovery of the Investigation Materials. *See* Declaration of Ian Berg dated July 9, 2014 ("Berg 7/9 Dec."), ¶3 (Docket No. 261). On or about January 14, 2013, China Integrated responded to the Rule 34 Request and asserted, among other objections, the attorney client privilege and work product protection in response to the requests that Lead Plaintiff later characterized as seeking Investigation Materials. *Id*. ¶ 4, Ex. 1. On or about April 29, 2013, plaintiffs served a subpoena on the law firms Pillsbury Winthrop Shaw Pittman LLP and King & Wood. *Id.*¶ 6. Those firms were the initial legal advisers to the audit committee in connection with the Investigation. China Integrated asserted the attorney client privilege and work

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

LA2399116.1
211818-10011

2

OPPOSITION TO APPLICATION

product protection with regard to the Investigation Materials and supplied a detailed privilege log. *See* Declaration of Eugene Licker dated November 21, 2014 ("Licker 11/21 Dec.").

Lead Plaintiff did not seek a ruling on China Integrated's assertion of the privilege and work product protection until July 9, 2014, when it filed a joint stipulation and sought a hearing for August 19, 2014. (Docket No. 261). On August 15, 2014, this Court ruled on the motion, finding that the discovery requests that were served two years earlier did not in fact seek Investigation Materials but re-formulating them into requests that did seek those materials and ordering China Integrated to provide the documents, or a privilege log, by September 12, 2014. (Docket No. 279). China Integrated had consistently taken the position that the Investigation Materials are privileged and/or protected (*see* Lead Plaintiff's Application to Modify the Deposition Schedule ("App.") at 1, lines 20–24), and thus it had to be clear to all concerned that China Integrated would continue to maintain that position.

Lead Plaintiff served notice of the depositions of Gao and Li on August 20, 2014, setting the deposition for October 14th and 16th. Licker 11/21 Dec., Ex. A. It chose those dates, and sought to compel the depositions to take place on those dates in New York, even though it was clear that litigation over the Investigation Materials would not be resolved by those dates. In short, when it originally noticed the depositions, Lead Plaintiff knew, and apparently did not care, that it would not have the Investigation Materials.[1]

China Integrated supplied a privilege log by the September 12 deadline set by this Court. On October 14, 2014, this Court ordered the depositions of Goa and Li to proceed in Hong Kong on December 8 and 10. (Docket No. 296). Although this

---

[1] Of course, the unspoken premise of Lead Plaintiff's Application here is that it will obtain discovery of the Investigation Materials. As Lead Plaintiff admits, however, the prospects of such a ruling are "uncertain" (App. at 1, lines 24–26) at best.

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

LA2399116.1
211818-10011

3

OPPOSITION TO APPLICATION

Court invited input from counsel, counsel for Lead Plaintiff made no comment about needing discovery of the Investigation Materials in order to conduct the depositions or interposed any objection to the scheduled dates. At the time, there was no motion practice extant with regard to the Investigation Materials. In short, at the time this Court ordered that the depositions take place in December in Hong Kong, Lead Plaintiff voiced no concern about its failure to have the Investigation Materials.

A week later, however, on October 21, 2014, Lead Plaintiff made a motion to compel production of the Investigation Materials and set the hearing date for November 18, 2014. (Docket No. 298). On November 12, 2014, this Court denied the motion to compel without prejudice to renewal and ordered China Integrated to produce a detailed privilege log by November 26, 2014, identifying any of the Investigation Materials it was withholding. (Docket No. 308). China Integrated has been working diligently on the log and will provide it by the date indicated. It was not until November 20, 2014, however, that Lead Plaintiff claimed that it needed to delay the depositions so that it could first obtain the Investigation Materials.

Lead Plaintiff claims that its depositions of the CEO and CFO will be benefitted by access to the Investigation Materials given "the importance of the documents at issue – which include thirty-five memoranda of interviews with China Integrated employees and nonemployees, and reports from forensic accountants and other experts on biodiesel production matters . . . ." App. at 1-2. Lead Plaintiff claims that these documents are particularly important because these two witnesses[2] "are two key defendants – and who are distinguished from other defendants in that they were executive officers during the investigation at issue." *Id*. at 4. What Lead

---

[2] Lead Plaintiff apparently seeks to depose another witness, Peng Fei, although no notice has been served and, contrary to the statement in the App. (at 4), Lead Plaintiff has not inquired about Mr. Peng's availability. Rather, Lead Plaintiff asked whether Mr. Peng is still employed by China Integrated (he is) and proposed a date in February for his deposition (along with Mr. Gao and Ms. Li).

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

LA2399116.1
211818-10011

4

OPPOSITION TO APPLICATION

Plaintiff does not offer, or explain, is how it managed to conduct its New York depositions of the Company itself, covering a total of 112 separately numbered topics, *see* Licker 11/21 Dec., Ex. B, without that discovery. Needless to say, there is significant overlap, as there had to be, between the topics covered by the Investigation Materials and the 112 topic covered by the Rule 30(b)(6) notice.[3] Although the point needs no emphasis, it is remarkable that Lead Plaintiff was sanguine about deposing China Integrated on 5 separately numbered topics regarding the Investigation itself[4] without the Investigation Materials and on 30 separate topics regarding biodiesel production without the benefits of thinking of the audit committee's expert on biodiesel or the interviews of biodiesel personnel at China Integrated.

It is also telling that Lead Plaintiff had no discomfort deposing three members of the audit committee who conducted the investigation without benefit of discovery of the Investigation Materials. Lead Plaintiff has deposed Larry Goldman and Chris Wang, who were the original audit committee members and Liren Wei, the current audit committee chair, was one of the Company's Rule 30(b)(6) witnesses. It simply strains credulity that Lead Plaintiff would have no problem taking the depositions of the people who conducted the investigation without benefit of the Investigation Materials but would claim not to be able to depose management without it.

Of course, the reason Lead Plaintiff could conduct depositions without access to the Investigation Materials is because there really is no necessity that they have

---

[3] Although Lead Plaintiff identified 112 topics (growing to well over 200 topics when subparagraphs are included), it inquired about only a small fraction of the topics. Thus, China Integrated spent countless hours, and dollars, preparing its witnesses to cover all of the topics, including in depth research in order to address the panoply of topics, for no reason whatsoever. Clearly, this was a tactic employed by Lead Plaintiff to turn discovery into an offensive weapon.

[4] The first of the 5 (the 104th request overall) sought testimony regarding "all steps taken by the Company concerning the allegations set forth in the Alfred Little, Roth Capital Partners or Sinclair Upton reports." Licker 11/21 Dec., Ex. B. In short, topic number 104 sought testimony regarding all aspects of the Investigation.

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

LA2399116.1
211818-10011

5

OPPOSITION TO APPLICATION

those materials in order to conduct the depositions.  As this Court has previously been informed (and the fact has never been doubted or challenged by Lead Plaintiff), all of the underlying documents have been provided to Lead Plaintiff.  What is at issue with regard to the Investigation Materials is discovery of the thought processes and mental impressions of the professionals who assisted the audit committee and the work they did in gathering facts.[5]  While anyone would like to have the benefit of others' work product as they ply their trade, Lead Plaintiff cannot honestly claim to require these materials in order to conduct depositions.  As they did in connection with the Goldman, Pu, Wang, Zhao, and Wei depositions, Lead Plaintiff's counsel can prepare for and conduct the depositions by doing their own preparation.

On the other hand, China Integrated and Gao and Li will suffer prejudice should Lead Plaintiff's eleventh hour request be granted.  In its Application, Lead Plaintiff portrays China Integrated's response to its request to adjourn the depositions again as a somewhat callous and perhaps disingenuous single remark: "the judge has ruled on [Plaintiffs'] motion, and denied it . . . ."  App. at 3.  Of course, that was not the burden of China Integrated's position.  As set forth in the e-mail communication from the undersigned counsel to Lead Plaintiff's counsel (Berg 11/ 21 Dec., Ex. A), in addition to pointing out that Lead Plaintiff was comfortable conducting depositions without the Investigation Materials and had previously scheduled the Gao and Li depositions for times when the Investigation Materials would not have been available, counsel pointed out that "Delaying the depositions will prejudice defendants. We have our airplane tickets. We've made our hotel reservations. We've retained a translator who has made all of her arrangements. Mr.

---

[5] One of Lead Plaintiff arguments with regard to the Investigation Materials is that the Court should vitiate the work product protections and give it access to the audit committee's interview memos because it cannot get access to witnesses.  The irony of Lead Plaintiff's application to postpone depositions it has requested – and have therefore been arranged – so it can pursue that argument is clear.

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

LA2399116.1
211818-10011

6

OPPOSITION TO APPLICATION

Gao and Lisa have arranged their schedules. I scheduled preparation time, including preparation time that already occurred, around the Court ordered schedule, and the time I spent when I last was in Asia will be wasted if we accede to your request to delay."[6]

Whether or not all of the moving parts can be rearranged for February, it is certain that the efforts to date to prepare for the depositions – involving the investment of time, money and convenience – will be lost.  As the Court is aware, two depositions were ordered to be held in Hong Kong in the beginning of November.  China Integrated's counsel used that trip to begin the preparation of Mr. Gao and Ms. Li, neither of whom have any familiarity whatsoever with depositions. Just coming to an understanding of what a deposition is requires a great deal of explanation.  While it seems reasonable to expect those building blocks to provide value in early December, it is unlikely that any of that learning will still be of any value in February.

For whatever reason, Lead Plaintiff does not want to go to Hong Kong to conduct depositions at this time.  The record does not support the notion that its stated reason is the real reason.  Had Lead Plaintiff found the Investigation Materials necessary, it would have been more diligent in seeking them, it would not have previously been willing to go forward without them, it would have said something at earlier stages of the litigation, especially at the telephonic conference at which your Honor set the schedule, and it would not have been willing to conduct the depositions it has conducted (primarily in New York) without those very documents. The depositions are scheduled to take place in a little more than two weeks.  Mr. Gao and Ms. Li have arranged their schedules around these depositions, as has

---

[6] Although counsel for Lead Plaintiff claims that the undersigned counsel took the "view" that "no uncertainty remained" regarding whether the Investigation Materials would be ruled discoverable, App. at 3, he failed to point out that in the very next sentence counsel acknowledged that Lead Plaintiff was likely to "try again."

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

LA2399116.1
211818-10011

7

OPPOSITION TO APPLICATION

counsel and the translator hired by counsel to assist in the preparation and the deposition. If discovery of the Investigation Materials really were so important, Lead Plaintiff could have, and should have, surfaced its position much earlier so as to avoid prejudicing defendants. Although it has been clear from past conduct that Lead Plaintiff has always desired avoiding or at least postponing the expense of travelling to Asia, it sat mute when the Court ordered that these depositions take place on December 8 and 10. Lead Plaintiff should not be allowed to prejudice defendants by this eleventh hour delay based on rationale lacking in credibility.

Dated: November 21, 2014

LOEB & LOEB LLP
W. ALLAN EDMISTON
AMANDA J. SHERMAN

LOEB & LOEB LLP
EUGENE R. LICKER
LAURA M. VASEY

By: */s/ Eugene R. Licker*
EUGENE R. LICKER
*Attorneys for Defendant*
*China Integrated Energy, Inc.*

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

LA2399116.1
211818-10011

8

OPPOSITION TO APPLICATION