UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| LARRY BROWN, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>CHINA INTEGRATED ENERGY, INC., et al.,<br><br>Defendants. | Case No. CV 11-02559-BRO (PLAx)<br><br><u>CLASS ACTION</u><br><br>**ORDER PRELIMINARILY APPROVING SETTLEMENT WITH DEFENDANT SHERB & CO. LLP AND PROVIDING FOR NOTICE**<br><br>Courtroom 14<br>Hon. Beverly Reid O'Connell |

WHEREAS, a class action is pending before the Court entitled *Larry Brown v. China Integrated Energy, Inc., et al.,* No. 2:11-cv-02559-BRO-PLA (the "Action");

WHEREAS, the Court has received the Stipulation of Settlement, dated as of October 1, 2014 (the "Stipulation"), that has been entered into by Lead Plaintiff Puerto Rico Teachers Retirement System ("Lead Plaintiff") and Plaintiff Bristol Investment Fund, Ltd. (collectively, "Plaintiffs") and Defendant Sherb & Co., LLP ("Sherb") and Sherb's insurance carrier, Lexington Insurance Company ("Lexington"), and the Court has reviewed the Stipulation and its attached Exhibits;

WHEREAS, Lead Plaintiff having made a motion to the Court, pursuant to Federal Rule of Civil Procedure 23(e), for an order preliminarily approving the settlement of this Action against Defendant Sherb, in accordance with the Stipulation which, together with the Exhibits annexed thereto, sets forth the terms and conditions for a proposed Settlement of the Action against Defendant Sherb and for dismissal of the Action against Defendant Sherb with prejudice upon the terms and conditions set forth therein; and the Court having read and considered the Stipulation and the Exhibits annexed thereto; and

WHEREAS, all capitalized terms contained herein shall have the same meanings as set forth in the Stipulation;

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. The Court does hereby preliminarily approve the Stipulation and the Settlement set forth therein, and preliminarily finds that the Settlement is fair, reasonable, and adequate, subject to further consideration at the Final Approval Hearing described below.

2. A hearing (the "Final Approval Hearing") shall be held before this Court on July 13, 2015, at 1:30 p.m., at the United States District Court for the Central District of California, Court Room 14, 312 North Spring Street, Los

Angeles, CA 90012, to determine whether the proposed Settlement of the Action against Defendant Sherb on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Settlement Class and should be approved by the Court; whether a Judgment as provided in the Stipulation should be entered herein; whether the proposed Plan of Allocation should be approved; and to determine the amount of fees and expenses that should be awarded to Lead Counsel.  All papers in support of the Settlement, the Plan of Allocation, and the application for attorneys' fees or expenses shall be filed and served (no later than 28 days prior to the Final Approval Hearing) July 13, 2015.  As set forth below in ¶13, any objections must be served (no later than 21 days prior to the Final Approval Hearing) June 22, 2015.  Any reply papers in response to objections shall be filed and served on or before (no later than 14 days prior to the Final Approval Hearing) June 29, 2015.  The Court may adjourn or reschedule the Final Approval Hearing without further notice to Members of the Settlement Class.

       3.    Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court preliminarily certifies, for purposes of effectuating this Settlement, a Settlement Class of all persons and entities who purchased or otherwise acquired the common stock of China Integrated between March 31, 2010 through April 21, 2011, including persons or entities that purchased common stock pursuant and/or traceable to the Company's Registration Statement, effective May 19, 2010, and the Prospectuses issued in connection with the Company's Secondary Offerings on or about December 28, 2010 through January 7, 2011, and who were damaged thereby.  Excluded from the Settlement Class are Defendants; any entity in which any Defendant has or had a controlling interest or that is a parent or subsidiary or is controlled by any Defendant; Defendants' officers and directors, including any person who was an officer or director during the Settlement Class Period; Defendants' affiliates, legal representatives, heirs, predecessors, successors or assigns; and members of the Individual Defendants' immediate families.  Also

excluded from the Settlement Class are those Persons who timely and validly request exclusion from the Settlement Class pursuant to the Notice of Proposed Settlement of Class Action.

4. Regarding the Settlement Class, this Court preliminarily finds for purposes of effectuating this Settlement that (a) the Members of the Settlement Class are so numerous that joinder of all Settlement Class Members in the Action is impracticable; (b) there are questions of law and fact common to the Settlement Class which predominate over any individual questions; (c) the claims of the Plaintiffs are typical of the claims of the Settlement Class; (d) the Plaintiffs and Lead Counsel have fairly and adequately represented and protected the interests of all of the Settlement Class Members; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering: (i) the interests of the Members of the Settlement Class in individually controlling the prosecution of the separate actions; (ii) the extent and nature of any litigation concerning the controversy already commenced by Members of the Settlement Class; (iii) the desirability or undesirability of continuing the litigation of these claims in this particular forum; and (iv) the difficulties likely to be encountered in the management of the class action.

5. The Court approves, as to form and content, the Notice of Proposed Settlement of Class Action (the "Settlement Notice"), the Proof of Claim and Release form (the "Proof of Claim") and Summary Notice ("Summary Notice") attached as Exhibits 2, 3, and 4, respectively, to the Stipulation, and finds that the mailing and distribution of the Notice and publishing of the Summary Notice substantially in the manner and form set forth in ¶6 of this Order meet the requirements of Federal Rule of Civil Procedure 23, the Private Securities Litigation Reform Act of 1995 ("PSLRA") and due process, and is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all Persons entitled thereto.

6. The firm Angeion Group ("Claims Administrator") is hereby appointed to supervise and administer the notice procedure as well as the processing of claims as more fully set forth below and in the Stipulation:

(a) The Claims Administrator shall make reasonable efforts to identify all Persons who are Members of the Settlement Class and not later than <u>20 business days following entry of this Order</u> (the "Notice Date"), the Claims Administrator shall cause a copy of the Settlement Notice and the Proof of Claim, substantially in the forms attached as Exhibits 2 and 3 to the Stipulation, to be mailed by First-Class Mail to all Settlement Class Members who can be identified with reasonable effort; and

(b) <u>Not later than five business days after the Notice Date</u>, the Claims Administrator shall cause the Summary Notice, substantially in the form attached as Exhibit 4 to the Stipulation, to be published once in the *Investor's Business Daily* and once via *PR Newswire*.

7. Nominees who hold or held China Integrated common stock purchased between March 31, 2010 and April 21, 2011, inclusive, for the beneficial ownership of another Person who may be a Settlement Class Member, shall send the Settlement Notice and the Proof of Claim to such beneficial owners of such China Integrated common stock within ten (10) days after receipt thereof, or send a list of the names and addresses of such beneficial owners to the Claims Administrator within ten (10) days of receipt thereof, in which event the Claims Administrator shall promptly mail the Notice and the Proof of Claim to such beneficial owners.  The Claims Administrator shall, if requested, and upon submission of appropriate documentation, reimburse banks, brokerage houses or other nominees solely for their reasonable out-of-pocket expenses incurred in providing notice to beneficial owners who are Settlement Class Members out of the Settlement Fund, which expenses would not have been incurred except for the sending of such notice, subject to further order of this Court with respect to any

dispute concerning such compensation. Nominees who do not intend to comply with the provisions of this paragraph shall be requested to notify the Claims Administrator of that fact.

8. All Members of the Settlement Class shall be bound by all determinations and judgments in the Action concerning the Settlement, whether favorable or unfavorable to the Settlement Class.

9. Each Settlement Class Member who wishes to participate in the Settlement shall complete and submit a Proof of Claim form in accordance with the instructions contained therein. Unless the Court orders otherwise, all Proof of Claim forms must be postmarked <u>no later than ninety (90) calendar days from the Notice Date</u>. Any Settlement Class Member who does not timely submit a Proof of Claim within the time provided for, shall be barred from sharing in the distribution of the proceeds of the Settlement Fund, unless otherwise ordered by the Court, but will in all other respects be subject to and bound by the provisions of the Settlement and the Final Order and Judgment, including the releases provided for therein. Notwithstanding the foregoing, Lead Counsel may, in their discretion, accept late-submitted claims for processing by the Claims Administrator so long as distribution of the Net Settlement Fund is not materially delayed thereby.

10. Any Person who desires to request exclusion from the Settlement Class shall do so in the manner described in the Settlement Notice, on or before _____ (no later than 45 calendar days prior to the Final Approval Hearing). Specifically, such Persons must provide their name, address, telephone number, their signature, and the number of shares of China Integrated stock purchased during the Settlement Class Period, the dates of such purchases, the prices paid per share for each purchase, and any sales, to the Claims Administrator.

11. Upon receiving any request(s) for exclusion the Claims Administrator shall promptly notify Lead Counsel of such request(s) and provide them copies of such request(s) and the documentation accompanying them by electronic mail.

Lead Counsel shall provide copies of any and all requests for exclusion to Sherb's Counsel within five (5) calendar days of receipt by Lead Counsel.

12. All Persons who submit valid and timely requests for exclusion in the manner set forth in the Settlement Notice shall have no rights under the Stipulation, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Stipulation or the Judgment entered in the Action against Sherb.

13. Any Settlement Class Member may appear at the Final Approval Hearing and show cause if he, she or it has any reason, why the proposed Settlement of the Action against Defendant Sherb should or should not be approved as fair, reasonable, and adequate, why the Judgment should or should not be entered thereon, why the Plan of Allocation should or should not be approved, or why attorneys' fees and expenses should or should not be awarded to Lead Counsel.  However, no Settlement Class Member or any other person shall be heard or entitled to contest the approval of the terms and conditions of the Settlement, the Judgment, terms of the Plan of Allocation, or the application by Lead Counsel for an award of attorneys' fees and reimbursement of litigation expenses, unless that Settlement Class Member or Person has filed said objections, papers, and briefs with the Clerk of the United States District Court for the Central District of California, on or before _____(21 days before the Final Approval Hearing), and served copies of any such papers, such that they are received on or before the same date to Lead Counsel and Sherb's Counsel, as set forth in the Settlement Notice.  Attendance at the Final Settlement Hearing is not necessary but persons wishing to be heard orally in opposition to the Settlement, the Plan of Allocation, and/or the application for Attorneys' Fees and Expenses are required to indicate in their written objection (or in a separate writing that is submitted in accordance with the deadline and after instruction pertinent to the submission of a written objection) that they intend to appear at the Final Settlement

Hearing and identify any witnesses they may call to testify or exhibits they intend to introduce into evidence at the Final Settlement Hearing. Class Members do not need to appear at the Final Settlement Hearing or take any other action to indicate their approval.

14. Any Settlement Class Member who does not make his, her or its objection in the manner provided shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the proposed Settlement as set forth in the Stipulation, to the Plan of Allocation, or to the award of attorneys' fees and expenses to Lead Counsel, unless otherwise ordered by the Court.

15. Any member of the Class may enter an appearance in the Action, at his, her or its own expense, individually or through counsel of his, her or its own choice. If they do not enter an appearance, they will be represented by Lead Counsel.

16. All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

17. Neither Sherb nor its Related Parties shall have any responsibility for, or liability with respect to, the Plan of Allocation or any application for attorneys' fees or expenses submitted by Lead Counsel, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the Settlement.

18. At or after the Final Approval Hearing, the Court shall determine whether the Plan of Allocation proposed by Lead Counsel, and any application for attorneys' fees or expenses shall be approved.

19. All reasonable expenses incurred in identifying and notifying Settlement Class Members, as well as administering the Settlement Fund, shall be paid as set forth in the Stipulation.

20. Neither the Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by Sherb of the truth of any of the allegations in the Action, or of any liability, fault, or wrongdoing of any kind and shall not be construed as, or deemed to be evidence of, or an admission or concession that Plaintiffs or any Settlement Class Members have suffered any damages, harm, or loss.

21. In the event that the Settlement does not become effective in accordance with the terms of the Stipulation or the Effective Date does not occur, or in the event that the Settlement Fund, or any portion thereof, is returned to Sherb, then this Order shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

22. The Court reserves the right to adjourn or reschedule the date of the Final Approval Hearing without further notice to the Members of the Settlement Class, and retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement. The Court may approve the Settlement, with such modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to the Settlement Class.

IT IS SO ORDERED.

Dated: February 17, 2015

Honorable Beverly Reid O'Connell
United States District Court Judge