| | |
|---|---|
| 1 | |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |
| 7 | |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| LARRY BROWN, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>CHINA INTEGRATED ENERGY, INC., et al.,<br><br>Defendants. | Case No. CV 11-02559-BRO (PLAx)<br><br><u>CLASS ACTION</u><br><br>**FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE AS TO DEFENDANT SHERB & CO. LLP**<br><br>Courtroom 14<br>Hon. Beverly Reid O'Connell |

This matter came before the Court for hearing pursuant to the Order Preliminarily Approving Settlement With Sherb & Co., LLP ("Sherb") and Providing for Notice ("Preliminary Approval Order") dated February 17, 2015, on the application of the parties for approval of the settlement set forth in the Stipulation of Settlement dated as of October 1, 2014 (the "Stipulation"). Due and adequate notice having been given to the Settlement Class as required in said Order, and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed in the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. This Judgment incorporates by reference the definitions in the Stipulation, and all terms used herein shall have the same meanings as set forth in the Stipulation.

2. This Court has jurisdiction over the subject matter of the Action and over all Parties to the Action, including Members of the Settlement Class.

3. Pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, the Court hereby certifies, for purposes of effectuating this Settlement, a Settlement Class defined as all persons and entities, other than Defendants and their Related Parties, who purchased or otherwise acquired the common stock of China Integrated between March 31, 2010 through April 21, 2011, including persons or entities that purchased common stock pursuant and/or traceable to the Company's Registration Statement, effective May 19, 2010, and the Prospectuses issued in connection with the Company's Secondary Offerings on or about December 28, 2010 through January 7, 2011, and who were damaged thereby. Also excluded from the Settlement Class are those Persons who validly and timely requested exclusion from the Settlement Class in the manner and by the deadline specified in the Notice provided to Settlement Class Members and in the Court's Preliminary Approval Order.

4. With respect to the Settlement Class, this Court finds for purposes of

effectuating this settlement only that (a) the Members of the Settlement Class are so numerous that joinder of all Settlement Class Members in the Action is impracticable; (b) there are questions of law and fact common to the Settlement Class which predominate over any individual questions; (c) the claims of the Plaintiffs are typical of the claims of the Settlement Class; (d) Lead Plaintiff and Lead Counsel have fairly and adequately represented and protected the interests of all of the Settlement Class Members; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering: (i) the interests of the Members of the Settlement Class in individually controlling the prosecution of the separate actions; (ii) the extent and nature of any litigation concerning the controversy already commenced by Members of the Settlement Class; (iii) the desirability or undesirability of continuing the Action of these claims in this particular forum; and (iv) the difficulties likely to be encountered in the management of the Action.

5. Pursuant to Federal Rule of Civil Procedure 23, the Court hereby approves the Settlement set forth in the Stipulation as fair, reasonable, and adequate to all Settlement Class Members.  The Court further finds that the Settlement is the result of arm's-length negotiations between experienced counsel representing the interests of the Settling Parties.  Accordingly, the Court authorizes and directs implementation and performance of all the terms and provisions of the Stipulation, as well as the terms and provisions hereof.

6. The Action against Sherb and all Released Claims are hereby DISMISSED in their entirety WITH PREJUDICE.

7. The Settling Parties shall bear their own costs, except as and to the extent provided in the Stipulation and herein.

8. Upon the Effective Date, Plaintiffs, and each and every Settlement Class Member and any Person claiming through or on behalf of any of them shall be deemed to have, and by operation of this Final Order and Judgment shall have,

fully, finally, and forever waived, released, relinquished, discharged, and dismissed each and every one of the Released Claims against each and every one of the Released Persons, whether or not such Settlement Class Member executes and delivers the Proof of Claim and Release form, and whether or not such Settlement Class Member shares in the Settlement Fund.

9. Upon the Effective Date, each and every Settlement Class Member and any Person claiming through or on behalf of any of them, will be forever barred and enjoined from commencing, instituting, maintaining, prosecuting or continuing to prosecute, either directly or in any other capacity, any action or other proceeding asserting any of the Released Claims against any of the Released Persons.

10. Upon the Effective Date, each of the Released Persons shall be deemed to have, and by operation of this Final Order shall have, fully, finally, and forever released, relinquished, and discharged Plaintiffs, each and all of the Settlement Class Members and Plaintiffs' counsel, from all claims (including Unknown Claims), arising out of, relating to, or in connection with the institution, prosecution, assertion, settlement or resolution of the Action against Sherb or the Released Claims.

11. The form and manner of the Notice of Proposed Settlement of Class Action given to the Settlement Class are hereby determined to have: (a) constituted the best practicable notice under the circumstances, including individual notice to all Members of the Settlement Class who could be identified through reasonable effort, (b) constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency and nature of the Action, of the effect of the Stipulation, including the releases provided for therein, of their right to object to the proposed Settlement, of their right to exclude themselves from the Settlement Class, and of their right to appear at the Settlement Hearing, and (c) fully satisfied all applicable requirements of the Federal Rules of

Civil Procedure, the United States Constitution (including the Due Process Clause), Section 21D(a)(7) of the Private Securities Litigation Reform Act of 1995, the Rules of the Court, and any other applicable law.

12. Every Settlement Class Member who did not validly exclude himself, herself or itself from the Settlement as provided in the Preliminary Approval Order and Stipulation are bound by the Judgment herein.

13. Any Plan of Allocation submitted by Lead Counsel or any order entered regarding any attorneys' Fee and Expense Application shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment.

14. Neither the Stipulation nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Sherb or its Related Parties, or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of Sherb or its Related Parties, or (c) is or may be deemed to be or may be used as an admission or evidence that any claims asserted by Plaintiffs were not valid in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal.  Defendant Sherb may file the Stipulation and/or this Judgment in any other action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

15. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction: (a) implementation of this Settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund or Net Settlement Fund; (c) hearing and

1  determining applications for attorneys' fees, interest, and expenses in the Action;
2  and (d) all Parties hereto for the purpose of construing, enforcing, and
3  administering the Stipulation.

4      16.    The Court finds that during the course of the Action against Sherb, the
5  Settling Parties and their respective counsel at all times complied with the
6  requirements of Federal Rule of Civil Procedure 11.

7      17.    In the event that the Settlement does not become effective in
8  accordance with the terms of the Stipulation, or the Effective Date does not occur,
9  or in the event that the Settlement Fund, or any portion thereof, is returned to the
10  Defendants or their insurers, then this Final Order (including its certification of the
11  Settlement Class) shall be rendered null and void to the extent provided by and in
12  accordance with the Stipulation and shall be vacated and, in such event, all orders
13  entered and releases delivered in connection herewith shall be null and void to the
14  extent provided by and in accordance with the Stipulation.

15      18.    Without further order of the Court, the Settling Parties may agree to
16  reasonable extensions of time to carry out any of the provisions of the Stipulation.

17  IT IS SO ORDERED.

19  Dated: August 31, 2015

20      Honorable Beverly Reid O'Connell
21      United States District Court Judge